RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: RB@LNBYG.COM; KJM@LNBYG.COM; LLS@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>TRX HOLDCO, LLC, a Delaware limited liability company,<br><br>　　　　Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>FITNESS ANYWHERE LLC, a Delaware limited liability company, dba TRX and TRX Training,<br><br>　　　　Debtor and Debtor in Possession.<br>_____<br><br>☒ Affects both Debtors<br><br>☐ Affects TRX Holdco, LLC only<br><br>☐ Affects Fitness Anywhere, LLC only | Lead Case No.: 8:22-bk-10948-SC<br><br>(Jointly administered with:<br>8:22-bk-10949-SC<br><br>Chapter 11 Cases<br><br>**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO HONOR AND/OR PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS, AND VACATION, LEAVE AND OTHER BENEFITS, AND REIMBURSEABLE EXPENSES; AND HONOR AND/OR PAY RELATED PAYROLL TAXES AND WORKERS' COMPENSATION INSURANCE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL ZUERCHER IN SUPPORT THEREOF**<br><br>DATE:　　June 10, 2022<br>TIME:　　10:00 a.m.<br>PLACE:　　*Via ZoomGov<br>　　　　　Courtroom 5C<br>　　　　　411 West Fourth Street<br>　　　　　Santa Ana, CA 92701 |

Fitness Anywhere LLC, dba TRX and TRX Training ("Product Co") and TRX Holdco, LLC ("Hold Co" and together with Product Co, the "Debtors"), debtors in possession in the above-captioned, jointly-administered Chapter 11 bankruptcy cases hereby move, on an emergency basis (the "Motion"), for the entry of an order authorizing the Debtors to pay, in their sole discretion, certain pre-petition claims for, among other items, wages, salaries and commissions, federal and state withholding taxes, payroll taxes, workers' compensation insurance costs, and all other employee benefits that the Debtors pay in the ordinary course of business, as well as reimbursable expenses (all such payments, contributions, and obligations as described herein, the "Wages"), provided that no one individual shall receive in value over $15,150 (the current pre-petition priority cap) on account of his or her pre-petition claims. The relief requested in this Motion does not apply to any insiders of the Debtors.

On June 8, 2022, the Debtors each filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have operated their businesses and managed their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Debtors and their respective subsidiaries (collectively referred to herein as "TRX") comprise a world leading functional fitness company. Since being founded in 2004, TRX has evolved into a digitally-enabled, vertically integrated, omni-channel fitness lifestyle brand with global reach powered by a large community of consumer and trainer enthusiasts.[1] TRX's flagship and patented product - Suspension Trainer™ - is a highly versatile, portable, compact and affordable fitness and training device/workout tool with broad reach across demographic groups and fitness levels, which can be utilized effectively across fitness modalities. TRX offers a full line of functional training tools and accessories to complement the Suspension Trainer™ to serve all types of functional needs, from at-home essentials to complete gym installations. TRX

---

[1] Hold Co holds a preferential and controlling interest in Product Co. Hold Co also wholly owns TRXperience, LLC ("Experience Co"). Experience Co has not filed a bankruptcy case. Product Co wholly owns Fitness Anywhere International LLC (100% by Product Co) and Fitness Anywhere Europe Cooperatief U.A. Netherlands (99% by Product Co and 1% by Fitness Anywhere International LLC), none of which have filed a bankruptcy case.

also launched in 2021 a purpose-built digital subscription-based platform - the TRX Training Club® - that offers a library of on-demand videos and daily live classes.

The Debtors and their subsidiaries collectively employ approximately 37 employees (not including insiders). Payments to such employees are primarily on a salaried basis. The Debtors' employees are primarily paid via a payroll service that Product Co contracts with and utilizes – ADP Total Source Inc. ("ADP") – which provides employee payroll and human resources services to the Debtor. Employees that provide services to Experience Co (a wholly owned subsidiary of Hold Co) are included in Product Co's account with ADP, but Hold Co pays their compensation from Hold Co's bank accounts. Employees that provide services to Product Co are paid their compensation by Product Co. In the normal course of their relationship with ADP, the Debtors transfer to ADP the funds necessary for the payment of Wages by the payroll date and remits all withheld amounts and payroll taxes.

On June 17, 2022, the Debtors will owe Wages to their employees for the period from June 6, 2022 through and including June 17, 2022, only a very small portion of which constitutes a pre-petition obligation. The Debtors estimate that the total Wages due to their non-insider employees on June 17, 2022, including all payroll taxes and insurance obligations will be approximately $183,100, with only a very small portion of that comprising a pre-petition obligation.

ADP requires the Debtors to wire funds sufficient to cover the Wages at least two (2) days prior to disbursements to employees. The Debtors therefore request expedited relief to ensure that they are able to timely fund their payroll obligations to their employees.

By this Motion, the Debtors seek authority to (i) pay and/or honor all pre-petition Wages of the Debtors' employees ; and (ii) honor paid time off and leave benefits in the ordinary course of business, provided that no employee shall receive in value over $15,150 on account of pre-petition claims for Wages.

The source of the funds to be used to pay and/or honor the Wages will be the Debtors' cash, which constitutes the cash collateral of Woodforest National Bank. Concurrently herewith, the Debtors have filed an emergency motion for authority to use cash collateral.

The Debtors have brought this Motion to (i) minimize the personal financial hardship that all of their employees will suffer if the Wages are not immediately paid/honored by the Debtors; (ii) avoid the unnecessary delay in the payment of such priority claims, which delay will negatively impact and interfere with the administration of the Debtors' chapter 11 bankruptcy cases; and (iii) avoid the unfair and unintended consequences to the employees of the timing of the Debtors' bankruptcy filing and to ensure that additional claims do not arise against the Debtors as a result of the Debtors' failure to pay the Wages.

Additionally, the Debtors require the services of the employees to continue to operate, and would like to ensure that their employees remain incentivized and willing to work for the Debtors post-petition.  It is crucial for the Debtors to retain at this time the employees to operate their business, particularly during this crucial beginning phase of the Debtors' bankruptcy cases, where additional administrative and other obligations are imposed upon the Debtors.  If the Debtors do not continue to pay the employees their ordinary and earned Wages and continue to honor employee benefits, the employees will likely quit.  Without the employees, the Debtors' business will be severely impaired, if not eviscerated altogether.  Based on the foregoing, the Debtors respectfully submit that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

## **ADDITIONAL INFORMATION**

This Motion is based upon Local Bankruptcy Rules 2081-1(a)(6) and 9075-1, 11 U.S.C. §§ 105(a), 363(b)(1) and (c)(1), and 507(a)(4), and Rule 6003 of the Federal Rules of Bankruptcy Procedure, the supporting Memorandum of Points and Authorities, the Declaration of Michael Zuercher attached hereto, the arguments and statements of counsel made at the hearing on this Motion, and other admissible evidence properly brought before the Court.

In order to provide maximum notice of this Motion, concurrently with the filing of this Motion with the Court, the Debtors have served this Motion upon the Office of the United States Trustee, their respective twenty largest general unsecured creditors, and their secured creditor via overnight mail.  Additional hard copies or electronic copies of this Motion are

available upon request to proposed counsel for the Debtors, whose contact information is located on the upper-left hand corner of the first page of this Motion.

 **WHEREFORE**, the Debtors respectfully requests that this Court enter an order:

 (1) granting this Motion in its entirety;

 (2) authorizing the Debtors to pay and/or honor all pre-petition Wages of the Debtors' employees;

 (3) authorizing the Debtors to honor paid time off and leave benefits in the ordinary course of business;

 (4) authorizing the Debtors to pay all taxes constituting, related to, or in connection with, the Wages; and

 (5) granting such other and further relief as the Court deems just and proper.

Dated:  June 8, 2022

TRX HOLDCO, LLC
FITNESS ANYWHERE LLC

By: */s/ Krikor J. Meshefejian*
   RON BENDER
   KRIKOR J. MESHEFEJIAN
   LINDSEY L. SMITH
   LEVENE, NEALE, BENDER,
   YOO & GOLUBCHIK L.L.P.
   Proposed Attorneys for Chapter 11 Debtors
   and Debtors in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**PLEASE SEE DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND THE DECLARATIONS OF BRENT LEFFEL, JAMES S. FELTMAN, JOSHUA BENN AND KRIKOR J. MESHEFEJIAN FOR BACKGROUND FACTS AND INFORMATION REGARDING THIS CASE, WHICH THE DEBTORS INCORPORATE HEREIN BY THIS REFERENCE.**

**A.      Payment Of The Debtors' Employees' Wages.**

1.      The Debtors and their subsidiaries collectively employ approximately 37 employees (not including insiders).  Payments to such employees are primarily on a salaried basis.  The Debtors' employees are primarily paid via a payroll service that Product Co contracts with and utilizes – ADP Total Source Inc. ("ADP") – which provides employee payroll and human resources services to the Debtor.  Employees that provide services to Experience Co (a wholly owned subsidiary of Hold Co) are included in Product Co's account with ADP, but Hold Co pays their compensation from Hold Co's bank accounts.  Employees that provide services to Product Co are paid their compensation by Product Co.  In the normal course of their relationship with ADP, the Debtors transfer to ADP the funds necessary for the payment of Wages by the payroll date and remits all withheld amounts and payroll taxes.

2.      On June 17, 2022, the Debtors will owe Wages to their employees for the period from June 6, 2022 through and including June 17, 2022, only a small portion of which (two days) constitutes a pre-petition obligation.  The Debtors estimate that the total Wages due to their non-insider employees on June 17, 2022, including all payroll taxes and insurance obligations will be approximately $183,100, with only a very small portion of that comprising a pre-petition obligation.

3.      ADP requires the Debtors to wire funds sufficient to cover the Wages at least two (2) days prior to disbursements to employees.  The Debtors therefore request expedited relief to ensure that they are able to timely fund their payroll obligations to their employees.

**B.     Relief Requested In This Motion.**

4.     By this Motion, the Debtors seek authority to (i) pay and/or honor certain pre-petition claims for, among other items, wages, salaries and commissions, federal and state withholding taxes, payroll taxes, workers' compensation insurance costs, and all other employee benefits that the Debtors pay in the ordinary course of business, as well as reimbursable expenses (all such payments, contributions, and obligations as described herein, the "Wages") of the Debtors' employees; and (ii) honor paid time off and leave benefits in the ordinary course of business, provided that no employee shall receive in value over $15,150 on account of pre-petition claims for Wages (including vacation and leave benefits).

5.     The source of the funds to be used to pay and/or honor the Wages will be the Debtors' cash, which constitutes the cash collateral of Woodforest National Bank.  Concurrently herewith, the Debtors have filed an emergency motion for authority to use cash collateral.

6.     The Debtors have brought this Motion to (i) minimize the personal financial hardship that all of their employees will suffer if the Wages are not immediately paid/honored by the Debtors; (ii) avoid the unnecessary delay in the payment of such priority claims, which delay will negatively impact and interfere with the administration of the Debtors' chapter 11 bankruptcy cases; and (iii) avoid the unfair and unintended consequences to the employees of the timing of the Debtors' bankruptcy filing and to ensure that additional claims do not arise against the Debtors as a result of the Debtors' failure to pay the Wages.

7.     Additionally, the Debtors require the services of the employees to continue to operate, and would like to ensure that their employees remain incentivized and willing to work for the Debtors post-petition.  It is crucial for the Debtors to retain at this time the employees to operate their business, particularly during this crucial beginning phase of the Debtors' bankruptcy cases, where additional administrative and other obligations are imposed upon the Debtors.  If the Debtors do not continue to pay the employees their ordinary and earned Wages and continue to honor employee benefits, the employees will likely quit.  Without the employees, the Debtors' business will be severely impaired, if not eviscerated altogether.  Based on the

foregoing, the Debtors respectfully submit that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

## II.

## DISCUSSION

Sections 105(a) and 363(b)(1) and (c)(1) and the "necessity of payment" doctrine provide statutory support for the requested relief.  Specifically, § 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to use property of the estate other than in the ordinary course of business after notice and a hearing; and § 363(c)(1) of the Bankruptcy Code authorizes a debtor in possession to enter into transactions in the ordinary course of business without notice and a hearing.  Local Bankruptcy Rule 2081-1(a)(6) also expressly permits a debtor to seek to pay prepetition employee obligations.

Moreover, the obligations that the Debtor requests authority to pay and/or honor are entitled to priority in payment under §§ 507(a)(4), (5) and (8)(D).

**A.**    **The Court Should Authorize The Debtors To Pay/Honor All Of The Pre-Petition Wages To Their Employees.**

Pursuant to Section 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The basic purpose of Section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of their jurisdiction."  2 *Collier on Bankruptcy* ¶ 105.01 at 105-3 (15th ed. rev. 1998).  Essentially, Section 105(a) codifies the bankruptcy court's inherent equitable powers. *See Green v. Drexler (In re Feit & Drexler, Inc.)*, 760 F.2d 406 (2d Cir. 1985).

Where business exigencies require, courts have authorized debtors to pay the pre-petition claims of particular creditors.  *In re Ionosphere Clubs, Inc.*, 98 B.R. l74 (Bankr. S.D.N.Y. l989). The "Necessity of Payment Rule" empowers a court to authorize a debtor to pay pre-petition claims essential to continued operations.  *Id.* at l75-76, *citing Miltenberger v. Logansport, C. & S. W .R. Co.*, 106 U.S. 286 (1882):

> "The 'necessity of payment' doctrine permits immediate payment of claims
> of creditors where those creditors will not supply services or materials
> essential to the conduct of the business until their pre-reorganization claims
> have been paid."

*Ionosphere Clubs*, 98 B.R. at 176, *quoting In re Leigh and New England Railway Company*, 657 F.2d 570, 581 (3rd Cir. 1981). This rule applies in all chapter 11 cases because "the rationale for the necessity of payment rule, i.e., facilitating the continued operation and rehabilitation of the debtor . . . is . . . a paramount goal of chapter 11." *Ionospere Clubs*, 98 B.R. at 176, citing *Dudley v. Mealey*, 147 F.2d 268 (2d Cir. 1945), *cert. den'd*, 325 U.S. 873 (1945). Therefore, where continued operation and rehabilitation of the debtor require payment of pre-petition wages, the Court may authorize such payment under Sections 363 (b) and/or 105(a) of the Bankruptcy Code.

In *Armstrong World Industries, Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 394 (S.D.N.Y. 1983), the district court recognized the "special status" of suppliers holding unstayed lien rights, and authorized the debtor to pay their claims in the ordinary course of its business activities. *See also Dave Noake, Inc. v. Harold's Garage, Inc. (In re Dave Noake, Inc.)*, 45 B.R. 555 (Bankr. D. Vt. 1984) (rejecting a challenge under section 549 to post-petition payments made to creditor holding lien rights under local law). Similarly, one former bankruptcy judge has recognized that when "confronted with special circumstances . . . particularly in the early stages of the case, a court may preserve the potential for rehabilitation." Ordin, *Finality of Order of Bankruptcy Court*, 54 Am. Bankr. L.J. 173 (1980).

In *In re Gulf Air, Inc.,* 112 B.R.152 (Bankr. W.D. La. 1989), the court noted that cases decided both under the Act and the Code have recognized the "necessity of payment" doctrine under which payment of pre-petition employee claims is authorized prior to the time a plan of reorganization is confirmed so long as absent such payment there is a risk that the services of key employees will be lost to the debtor and without such employees, the debtor's going concern value will be impaired. *Id.* at 153.

Moreover, the United States Supreme Court in *Czyzewski v. Jevic Holding Corp.* has recognized that courts "[approve] interim distributions that violate ordinary priority rules," generally when there are "significant Code-related objective that priority-violating distributions serve," including "payment of employees' prepetition wages." 137 S.Ct. 973, 985 (2017).

The Debtors submit that to ensure that their employees remain incentivized to work for the Debtors post-petition, and maintain their morale at this critical time, all of the Wages must be immediately honored/paid by the Debtors.

**B.**  **Sufficient Evidence Has Been Provided, In Compliance With Local Bankruptcy Rule 2081-1(a)(6), To Grant The Relief Requested Herein.**

Local Bankruptcy Rule 2081-1(a)(6) provides that motions to pay pre-petition payroll and to honor pre-petition employment procedures must be supported with evidence that establishes:

(i)      The employees are still employed;

(ii)     The necessity for payment;

(iii)    The benefit of the procedures;

(iv)     The prospect of reorganization;

(v)      Whether the employees are insiders;

(vi)     Whether the employees' claims are within the limits established by 11 U.S.C.
§ 507; and that

(vii)    The payment will not render the estate administratively insolvent.

The foregoing factors are discussed individually below:

1.      The employees are still employed.  As set forth in the attached Declaration of Michael Zuercher, all of the employees are current employees, and are anticipated to continue to work for the Debtors post-petition.

2.      The necessity for payment.  The Debtors believe that the employees will quit and if the employees are not paid their Wages immediately.  The Debtors believe that the retention of their employees is crucial to (i) the Debtors' continued operations without interruptions, (ii)

preserve and maximize the value of the Debtors' assets, and (iii) maximize the recovery for the Debtors' creditors.

3.      The benefit of the procedures.   The benefit of the procedures requirement is not relevant to the request to pay the Wages to the employees.

4.      The prospect of reorganization.   The Debtors believes that they will be able to conduct a successful sale of their assets within an expedited timeframe, but in order to do so and generate the most money possible, the Debtors require the continued services of their employees while the Debtors conduct a sale process.

5.      Whether the employees are insiders.   The Debtors are not requesting authority to pay any pre-petition claims of any insiders.

6.      Whether the employees' claims are within the limits established by 11 U.S.C. § 507.   All of the Wages are within the $15,150 limit established by 11 U.S.C. § 507(a)(4). Notwithstanding the foregoing, the Motion expressly provides that none of the employees shall receive more than the $15,150 statutory limit on account of their pre-petition priority claims. Furthermore, based on the information currently available and analysis to date, the Debtors anticipate that all priority claims will get paid in full in this case such that payment of the Wages to the employees is simply a matter of timing.

7.      The payment will not render the estates administratively insolvent.   Based on the information currently available and analysis to date, the Debtors do not believe that the payment of the Wages will render this bankruptcy estate administratively insolvent.  As indicated in the cash collateral budget addressed in the concurrently filed emergency cash collateral motion, the Debtors have sufficient funds available to them to pay the Wages.

**C.      Applicable Bankruptcy and Non-Bankruptcy Law Requires Payment and Continuation of Certain of the Employer Obligations.**

A portion of the Wages constitutes payroll taxes, which are required to be withheld from earnings and paid to taxing agencies.  If the Debtors do not remit those amounts, the employees may face legal action, and the Debtors may be burdened by inquiries and disputes concerning the Debtors' failure to submit legally required payments and potentially penalties and interest to the

various taxing agencies.  Further, most, if not all, of the unremitted taxes constitute monies held in trust and are not property of the Debtors' bankruptcy estates.  With respect to any such amounts held in trust, the Debtors submit they are both entitled and required to continue directing such funds to the appropriate parties. *See In re Energy Res. Co., Inc.*, 871 F.2d 223, 225 (1st Cir. 1989) (observing that federal law requires employers to hold withheld funds in trust for the United States); *DuCharmes & Co. v. Mich. (In re DuCharmes & Co.)*, 852 F.2d 194, 195-96 (6th Cir. 1988) (noting that "individual officials of an employer who fail to pay over [federal withholding] taxes have been withheld are subject to personal liability").  Accordingly, the Debtors request authority to remit the withheld amounts to the appropriate taxing agencies.

**D.**    **The Relief Requested Herein Is Necessary To Avoid Immediate And Irreparable Harm And Is Therefore Warranted Under Rule 6003 Of The Federal Rules Of Bankruptcy Procedure.**

Rule 6003 of the Federal Rules of Bankruptcy Procedure states, in relevant part:

> "Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 20 days after the filing of the petition, grant relief regarding the following:
>
> [...]
>
> (b)    a motion to use, sell, lease, or otherwise incur an obligation, regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001; [...]."

Fed. R. Bankr. Pro. 6003.

For the reasons noted above, the Debtors' failure to pay the Wages will likely result in severe disruptions to the Debtors' essential operations and may jeopardize the Debtors' ability to preserve and maximize the value of their operations and assets for the benefit of their creditors. Accordingly, the Debtors respectfully submit that the honoring or payment of the Wages is necessary to avoid immediate and irreparable harm, and is therefore warranted under Rule 6003 of the Federal Rules of Bankruptcy Procedure.

### III.

### CONCLUSION

Based upon all of the foregoing, the Debtors respectfully request entry of an order:

(1)    granting this Motion in its entirety;

(2)    authorizing the Debtors to pay and/or honor all pre-petition Wages of the Debtors' employees;

(3)    authorizing the Debtors to honor paid time off and leave benefits in the ordinary course of business;

(4)    authorizing the Debtors to pay all taxes constituting, related to, or in connection with, the Wages; and

(5)    granting such other and further relief as the Court deems just and proper.

Dated:  June 8, 2022                             TRX HOLDCO, LLC
                                                 FITNESS ANYWHERE LLC

                                                 By:____/s/ Krikor J. Meshefejian_____
                                                      RON BENDER
                                                      KRIKOR J. MESHEFEJIAN
                                                      LINDSEY L. SMITH
                                                      LEVENE, NEALE, BENDER,
                                                           YOO & GOLUBCHIK L.L.P.
                                                      Proposed Attorneys for Debtors and
                                                      Debtors in Possession

## DECLARATION OF MICHAEL ZUERCHER

I, Michael Zuercher, Esq., hereby declare under penalty of perjury as follows:

1.        I am the General Counsel and Secretary of TRX Holdco, LLC ("Hold Co") and Fitness Anywhere LLC, dba TRX  and TRX Training ("Product Co" and together with Hold Co, the "Debtors"), and I have held this position since approximately January 2019.  I am responsible for the day-to-day management and oversight of the legal and human resources operations of the Debtors.  My duties include: (i) serving as general counsel on all matters impacting the Debtors, including corporate matters; commercial agreements; labor; intellectual property; management of outside counsel; and other general legal and management matters; and (ii) oversight of human resources functions, including employee relations, recruiting, payroll and compliance.  I have personal knowledge of the facts set forth in this Declaration and if called as a witness, could and would testify competently with respect thereof.  Capitalized terms not otherwise defined have the same meaning provided to such terms in the Motion above.

2.        The Debtors and their subsidiaries collectively employ approximately 37 employees (not including insiders).  Payments to such employees are primarily on a salaried basis.  The Debtors' employees are primarily paid via a payroll service that Product Co contracts with and utilizes ADP – which provides employee payroll and human resources services to the Debtor.  Employees that provide services to Experience Co (a wholly owned subsidiary of Hold Co) are included in Product Co's account with ADP, but Hold Co pays their compensation from Hold Co's bank accounts.  Employees that provide services to Product Co are paid their compensation by Product Co.  In the normal course of their relationship with ADP, the Debtors transfer to ADP the funds necessary for the payment of Wages by the payroll date and remits all withheld amounts and payroll taxes.

3.        On June 17, 2022, the Debtors will owe Wages to their employees for the period from June 6, 2022 through and including June 17, 2022, only a small portion of which constitutes a pre-petition obligation.  The Debtors estimate that the total Wages due to their non-insider employees on June 17, 2022, including all payroll taxes and insurance obligations will be approximately $183,100, with only a very small portion of that comprising a pre-petition

obligation.  Attached as **Exhibit 1** to this Declaration is a representative list of anticipated Wages proposed to be paid to non-insider employees via ADP prior to June 17, 2022.

4.      ADP requires the Debtors to wire funds sufficient to cover the Wages at least two (2) days prior to disbursements to employees.  The Debtors therefore request expedited relief to ensure that they are able to timely fund their payroll obligations to their employees.

5.      The source of the funds to be used to pay and/or honor the Wages will be the Debtors' cash, which constitutes the cash collateral of Woodforest National Bank.  Concurrently herewith, the Debtors have filed an emergency motion for authority to use cash collateral.

6.      The Debtors have brought this Motion to (i) minimize the personal financial hardship that all of their employees will suffer if the Wages are not immediately paid/honored by the Debtors; (ii) avoid the unnecessary delay in the payment of such priority claims, which delay will negatively impact and interfere with the administration of the Debtors' chapter 11 bankruptcy cases; and (iii) avoid the unfair and unintended consequences to the employees of the timing of the Debtors' bankruptcy filing and to ensure that additional claims do not arise against the Debtors as a result of the Debtors' failure to pay the Wages.

7.      Additionally, the Debtors require the services of the employees to continue to operate, and would like to ensure that their employees remain incentivized and willing to work for the Debtors post-petition.  It is crucial for the Debtors to retain at this time the employees to operate their business, particularly during this crucial beginning phase of the Debtors' bankruptcy cases, where additional administrative and other obligations are imposed upon the Debtors.  If the Debtors do not continue to pay the employees their ordinary and earned Wages and continue to honor employee benefits, the employees will likely quit.  Without the employees, the Debtors' business will be severely impaired, if not eviscerated altogether.  Based on the foregoing, the Debtors respectfully submit that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

8.      All of the employees proposed to be paid are current employees, and are anticipated to continue to work for the Debtors post-petition.

9.    We believe that the employees may quit if the employees are not paid their Wages immediately.  We also believe that the retention of the Debtors' employees is crucial to (i) the Debtors' continued operations without interruptions, (ii) preserve and maximize the value of the Debtors' assets, and (iii) maximize the recovery for the Debtors' creditors.

10.    In order to conduct an orderly sale process and generate the most money possible, the Debtors require the continued services of their employees while the Debtors conduct a sale process.

11.    The Debtors are not requesting in the attached motion Court authority to pay any pre-petition claims of any insiders.

12.    All of the Wages are within the $15,150 limit.

13.    The Debtors have sufficient funds available to them to pay the Wages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 8th day of June, 2022, at Palos Verdes Estates, California.

_____

MICHAEL ZUERCHER

# EXHIBIT "1"

**Product Co**

| FILE# | WC CODE | GROSS | TOTAL SVC FEE AMT | SVC FEE AMT | SS AMT | MED AMT | FUTA AMT | SUI AMT | ADJ SUBTOTAL | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| 100120 | 8810TX | $2,692.31 | $252.20 | $46.04 | $167.08 | $39.08 | $0.00 | $0.00 | $67.23 | $3,011.74 |
| 100111 | 8018CA | $3,692.31 | $515.52 | $232.62 | $229.29 | $53.62 | $0.00 | $0.00 | $375.85 | $3,831.98 |
| 100123 | 8871CA | $6,730.77 | $577.22 | $78.75 | $418.17 | $97.80 | $0.00 | $0.00 | $607.52 | $6,700.47 |
| 100003 | 8742CA | $4,230.77 | $367.29 | $41.04 | $264.41 | $61.84 | $0.00 | $0.00 | $1,291.54 | $3,306.52 |
| 100135 | 8810CA | $4,230.77 | $370.80 | $46.54 | $262.80 | $61.46 | $0.00 | $0.00 | $304.93 | $4,296.64 |
| 100160 | 8810OR | $8,270.12 | $721.54 | $87.66 | $513.73 | $120.15 | $0.00 | $0.00 | $796.27 | $8,195.39 |
| 100155 | 8742CA | $2,692.31 | $232.40 | $26.12 | $167.18 | $39.10 | $0.00 | $0.00 | $19.23 | $2,943.94 |
| 100161 | 8871CA | $4,423.08 | $392.87 | $51.75 | $276.46 | $64.66 | $0.00 | $0.00 | $121.15 | $4,694.80 |
| 100024 | 8018CA | $2,096.16 | $292.59 | $132.06 | $130.10 | $30.43 | $0.00 | $0.00 | $190.00 | $2,198.75 |
| 100157 | 8742NC | $2,692.31 | $258.18 | $51.96 | $167.13 | $39.09 | $0.00 | $0.00 | $124.76 | $2,825.73 |
| 100085 | 8742RI | $3,076.93 | $304.60 | $68.31 | $191.50 | $44.79 | $0.00 | $0.00 | $143.39 | $3,238.14 |
| 100058 | 8871CA | $2,973.64 | $262.65 | $34.79 | $184.67 | $43.19 | $0.00 | $0.00 | $97.39 | $3,138.90 |
| 100071 | 8871CA | $3,030.00 | $267.81 | $35.45 | $188.32 | $44.04 | $0.00 | $0.00 | $286.28 | $3,011.53 |
| 100001 | 8871CA | $15,384.62 | $405.09 | $180.00 | $0.00 | $225.09 | $0.00 | $0.00 | $974.16 | $14,815.55 |
| 100154 | 8871IL | $6,346.16 | $537.26 | $49.50 | $395.31 | $92.45 | $0.00 | $0.00 | $538.07 | $6,345.35 |
| 100177 | 8810OH | $2,000.00 | $311.80 | $30.80 | $124.00 | $29.00 | $12.00 | $116.00 | $130.00 | $2,441.80 |
| 100078 | 8810CA | $4,307.70 | $377.42 | $47.38 | $267.48 | $62.56 | $0.00 | $0.00 | $837.85 | $3,847.27 |
| 100091 | 8871CA | $7,118.27 | $630.45 | $83.28 | $443.45 | $103.71 | $0.00 | $0.00 | $453.85 | $7,294.87 |
| 100163 | 8810TX | $2,884.62 | $270.33 | $49.33 | $179.11 | $41.89 | $0.00 | $0.00 | $42.54 | $3,112.41 |
| 100036 | 8871CA | $3,846.16 | $339.66 | $45.00 | $238.81 | $55.85 | $0.00 | $0.00 | $406.93 | $3,778.89 |
| 100171 | 8871NY | $6,153.85 | $573.17 | $101.54 | $382.24 | $89.39 | $0.00 | $0.00 | $235.70 | $6,491.32 |
| 100101 | 8742IL | $3,076.93 | $299.98 | $63.69 | $191.50 | $44.79 | $0.00 | $0.00 | $389.54 | $2,987.37 |
| 100175 | 8871CA | $9,615.39 | $849.51 | $112.50 | $597.32 | $139.69 | $0.00 | $0.00 | $669.23 | $9,795.67 |
| 100041 | 8742CO | $5,071.17 | $459.57 | $70.49 | $315.33 | $73.75 | $0.00 | $0.00 | $109.84 | $5,640.58 |
| 100117 | 8871CA | $4,615.39 | $407.75 | $54.00 | $286.70 | $67.05 | $0.00 | $0.00 | $21.70 | $5,001.44 |
| 100174 | 8871CA | $6,730.77 | $594.61 | $78.75 | $418.08 | $97.78 | $0.00 | $0.00 | $584.93 | $6,740.45 |
| 100056 | 8871CA | $4,230.77 | $374.54 | $49.50 | $263.43 | $61.61 | $0.00 | $0.00 | $276.16 | $4,329.15 |
| 100138 | 8871MO | $2,692.31 | $256.81 | $48.73 | $168.64 | $39.44 | $0.00 | $0.00 | $29.07 | $2,978.19 |
| 100027 | 8810CA | $6,730.77 | $577.75 | $74.04 | $418.60 | $97.90 | $0.00 | $0.00 | $1,140.24 | $6,168.28 |
| 100144 | 6303WA | $3,269.24 | $400.41 | $111.81 | $202.90 | $47.45 | $0.00 | $38.25 | $0.07 | $3,669.72 |
| 100173 | 8871SC | $2,500.00 | $239.92 | $48.50 | $155.14 | $36.28 | $0.00 | $0.00 | $9.84 | $2,749.76 |
| 100165 | 8871CA | $5,000.00 | $441.74 | $58.50 | $310.60 | $72.64 | $0.00 | $0.00 | $400.00 | $5,041.74 |
| | | $152,405.60 | $13,163.44 | $2,290.43 | $8,519.48 | $2,217.57 | $12.00 | $154.25 | $10,944.70 | $154,624.34 |

**Experience Co**

| FILE# | WC CODE | GROSS | TOTAL SVC FEE AMT | SVC FEE AMT | SS AMT | MED AMT | FUTA AMT | SUI AMT | ADJ SUBTOTAL | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| 100028 | 8810CA | $7,692.31 | $674.32 | $84.62 | $477.93 | $111.77 | $0.00 | $0.00 | <span style="color:red">$730.40</span> | $7,636.23 |
| 100100 | 8810CA | $4,615.39 | $404.52 | $50.77 | $286.70 | $67.05 | $0.00 | $0.00 | <span style="color:red">$24.92</span> | $5,044.83 |
| 100154 | 8810CA | $5,576.93 | $488.49 | $61.35 | $346.18 | $80.96 | $0.00 | $0.00 | <span style="color:red">$22.31</span> | $6,043.11 |
| 100007 | 8810CA | $4,038.47 | $353.94 | $44.42 | $250.85 | $58.67 | $0.00 | $0.00 | <span style="color:red">$815.39</span> | $3,577.02 |
| 100142 | 8810CA | $6,538.47 | $572.93 | $71.92 | $406.05 | $94.96 | $0.00 | $0.00 | <span style="color:red">$936.32</span> | $6,175.08 |
| **Company Total** | | $28,461.57 | $2,494.20 | $313.08 | $1,767.71 | $413.41 | $0.00 | $0.00 | <span style="color:red">$2,479.50</span> | $28,476.27 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO HONOR AND/OR PAY PRE-PETITION WAGES, SALARIES, COMMISSIONS, AND VACATION, LEAVE AND OTHER BENEFITS, AND REIMBURSEABLE EXPENSES; AND HONOR AND/OR PAY RELATED PAYROLL TAXES AND WORKERS' COMPENSATION INSURANCE COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL ZUERCHER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **_June 8, 2022_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender    rb@lnbyb.com**
- **Michael J Hauser    michael.hauser@usdoj.gov**
- **Marsha A Houston    mhouston@reedsmith.com, hvalencia@reedsmith.com**
- **Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com**
- **Lindsey L Smith    lls@lnbyg.com, lls@ecf.inforuptcy.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

**2.   SERVED BY UNITED STATES MAIL**: On (*date*) **_June 8, 2022_**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_June 8, 2022_**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SERVED BY PERSONAL DELIVERY**
Honorable Scott C. Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street
Suite 5130
Santa Ana, CA 92701-4593

☒ Service information **BY OVERNIGHT MAIL** continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| June 8, 2022 | Lourdes Cruz | */s/ Lourdes Cruz* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re TRX Holdco, LLC
File No. 9738
UST, 20 Largest, Secured

Michael J Hauser
United States Trustee
411 W Fourth St Suite 7160
Santa Ana, CA 92701-4593

Baker Tilly US, LLP
10 Terrace Court PO Box 7398
Madison, WI 53707-7398

Cole Schotz P.C.
25 Main Street P.O. Box 800
Hackensack, NJ 07602

Creative Artists Agency
Attn: Jeffrey Freedman
2000 Avenue of the Stars
Los Angeles, CA 90067

JMBM LLP
1900 Avenue of the Stars
Los Angeles, CA 90067

Morrison & Morrison
222 Souther Riverside Plaza
Chicago, IL 60606

Sterling Legal Solutions, Inc.
Attn: Stephanie Sterling
26895 Aliso Creek Rd., B-129
Aliso Viejo, CA 92656

UDR-Eight 80
1590 Adams Avenue
PO Box 2350
Costa Mesa, CA 92628

UDR-Eight 80
Agent for Service of Process
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

Sterling Legal Solutions, Inc.
Agent for Service of Process
720 14th Street
Sacramento, CA 95814

OTHER

Farmers & Merchants Bank
2421 East Coast Hwy
Corona del Mar, CA 92625

Farmers & Merchants Bank
Attn: Christine M Bowman
302 Pine Avenue
Long Beach, CA 90802

SECURED

Counsel for Woodforest National Bank
Katten Muchin Rosenmann LLP
Attn: Jan Harris Cate, Esq.
515 South Flower Street, Suite 1000
Los Angeles, CA 90071

Woodforest National Bank
Attn: CMB Loan Operations
25231 Grogans Mill Road, 6th Floor
The Woodlands, TX 77380

Woodforest National Bank
Attn: David A. Macdonald
1330 Lake Robbins Drive, Suite 500
The Woodlands, TX 77380

Counsel for Woodforest National Bank
ReedSmith
Marsha Houston/Christopher Rivas
355 South Grand Avenue, Suite 2900
Los Angeles, CA, 90071

In re Fitness Anywhere LLC
File No. 9732
UST, 20 Largest and Secured

Exemplar Design
4680 Parkway Drive
Suite 300
Mason, OK 45040

Michael J Hauser
United States Trustee
411 W Fourth St Suite 7160
Santa Ana, CA 92701-4593

Exemplar Design
4680 Parkway Drive Suite 300
Mason, OH 45040

Core Health & Fitness, LLC
4400 Northeast 77th Avenue
Suite 300
Manufacturer Land America
Vancouver, WA 98662

Stephen Gould Corporation
35 South Jefferson Road
Whippany, NJ 07981

Flexport Inc
P.O. Box 207244
Dallas, TX 75320-7244

UPS Plan 0386NE
55 Glenlake Parkway NE
Atlanta, GA 30328

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

Buy Box Experts
3020 N Cullen Ct. Pleasant
Grove, UT 84062

MAN Staffing, LLC
550 East Del Amo Boulevard
Carson, CA 90746

Syzygy Digital Marketing, Inc
41 Flatbush Avenue
Brooklyn, NY 11217

Lahlouh Inc
Attn: H. John Lahlouh
1649 Adrian Road
Burlingame, CA 94010

US Customs and Border Protection
PO BOX 979126
St. Louis, MO 63197-9000

McCollister's Transportation Group, Inc
8 Terri Lane
Burlington, NJ 08016

NetSuite Inc
500 Oracle Parkway
Redwood City, CA 94065

Google
P.O. Box 39000
San Francisco, CA 94139

AMEX Corp Card
P.O. Box 0001
Los Angeles, CA 90096

The Trade Desk
42 N Chestnut St.
Ventura, CA 93001

Dirbos Inc.
27758 Santa Margarita Pkwy
Suite 366
Mission Viejo, CA 92691

Redwood Supply Chain Solutions
1765 North Elston Avenue Suite 216
Chicago, IL 60642

USA Global Logistics LLC
255 Madsen Drive
Bloomingdale, IL 60108

ISUPPORT WORLDWIDE LLC
1019 West James St
Kent, WA 98032

Core Health & Fitness, LLC
Agent for Service of Process
330 N. Brand Blvd, Ste 700
Glendale, CA 91203

Stephen Gould Corporation
Agent for Service of Process
2710 Gateway Oaks Drive
Ste 150N
Sacramento, CA 95833

Flexport Inc.
Agent for Service of Process
5716 Corsa Ave.
Ste 110
Westlake Village, CA 91362

United Parcel Service, Inc.
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

McCollister's Transportation
Systems, Inc.
Agent for Service of Process
2710 gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Netsuite Inc.
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Google
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Man Staffing LLC
Attn: Miguel A Navarro
550 E Del Amo Blvd.
Suite C
Carson, CA 90746

Trade Desk
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Dirbos
Agent for Service of Process
101 N. Brand Blvd. 11th Floor
Glendale, CA 91203

Redwood Supply Chain Solutions
Attn: David Robinson
323 W 25th Ave.
San Mateo, CA 94403

SECURED:

Counsel for Woodforest National Bank
ReedSmith
Marsha Houston/Christopher Rivas
355 South Grand Avenue, Suite
2900 Los Angeles, CA, 90071

Counsel for Woodforest National Bank
Katten Muchin Rosenmann LLP
Attn: Jan Harris Cate, Esq.
515 South Flower Street, Suite 1000
Los Angeles, CA 90071

Woodforest National Bank
Attn: CMB Loan Operations
25231 Grogans Mill Road, 6th Floor
The Woodlands, TX 77380

Woodforest National Bank
Attn: David A. Macdonald
1330 Lake Robbins Drive, Suite 500
The Woodlands, TX 77380