RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: RB@LNBYG.COM; KJM@LNBYG.COM; LLS@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>TRX HOLDCO, LLC, a Delaware limited liability company,<br><br>　　　　Debtor and Debtor in Possession.<br><br>In re:<br><br>FITNESS ANYWHERE LLC, a Delaware limited liability company, dba TRX and TRX Training,<br><br>　　　　Debtor and Debtor in Possession.<br><br>☒ Affects both Debtors<br><br>☐ Affects TRX Holdco, LLC only<br><br>☐ Affects Fitness Anywhere, LLC only | Lead Case No.: 8:22-bk-10948-SC<br><br>Jointly administered with:<br>8:22-bk-10949-SC<br><br>Chapter 11 Cases<br><br>**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER: (I) AUTHORIZING THE CONTINUED USE OF CERTAIN PORTIONS OF ITS CASH MANAGEMENT SYSTEM; (II) AUTHORIZING THE MAINTENANCE OF PRE-PETITION BANK ACCOUNTS; AND (III) AUTHORIZING BANKS TO RELEASE ADMINISTRATIVE HOLDS AND/OR FREEZES ON THE DEBTORS' PRE-PETITION ACCOUNTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK REIS IN SUPPORT THEREOF**<br><br>DATE:　　June 10, 2022<br>TIME:　　10:00 a.m.<br>PLACE:　　*Via ZoomGov<br>　　　　　　Courtroom 5C<br>　　　　　　411 West Fourth Street<br>　　　　　　Santa Ana, CA 92701 |

1

Fitness Anywhere LLC, dba TRX and TRX Training ("Product Co") and TRX Holdco, LLC ("Hold Co" and together with Product Co, the "Debtors"), debtors in possession in the above-captioned, jointly-administered, Chapter 11 bankruptcy cases, hereby move, on an emergency basis (the "Motion"), pursuant to 11 U.S.C. §§ 105 and 363, for entry of an order: (1) authorizing the continued use of certain portions of Product Co's existing cash management system, (2) authorizing the maintenance and continued use of certain of Product Co's existing bank accounts which receive revenue from customers, and (3) authorizing the release of any administrative freezes or holds on the Debtors' bank accounts as a result of the bankruptcy filings (or for any other reason).

**BACKGROUND INFORMATION AND SUMMARY OF BASIS FOR RELIEF**

On June 8, 2022, the Debtors each filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have operated their businesses and managed their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Debtors and their respective subsidiaries (collectively referred to herein as "TRX") comprise a world leading functional fitness company. Since being founded in 2004, TRX has evolved into a digitally-enabled, vertically integrated, omni-channel fitness lifestyle brand with global reach powered by a large community of consumer and trainer enthusiasts.[1] TRX's flagship and patented product - Suspension Trainer™ - is a highly versatile, portable, compact and affordable fitness and training device/workout tool with broad reach across demographic groups and fitness levels, which can be utilized effectively across fitness modalities. TRX offers a full line of functional training tools and accessories to complement the Suspension Trainer™ to serve all types of functional needs, from at-home essentials to complete gym installations. TRX

---

[1] Hold Co holds a preferential and controlling interest in Product Co. Hold Co also wholly owns TRXperience, LLC ("Experience Co"). Experience Co has not filed a bankruptcy case. Product Co wholly owns Fitness Anywhere International LLC (100% by Product Co) and Fitness Anywhere Europe Cooperatief U.A. Netherlands (99% by Product Co and 1% by Fitness Anywhere International LLC), none of which have filed a bankruptcy case.

2

also launched in 2021 a purpose-built digital subscription-based platform - the TRX Training Club® - that offers a library of on-demand videos and daily live classes.

Product Co's business consists primarily of the procurement and sale of products under the TRX brand name. As of the Petition Date, Product Co collected revenue and disbursed funds utilizing a network of bank accounts located at Woodforest National Bank (the "Bank")[2], as follows:

| Account Number | Account Description and Proposed Disposition of Account |
|---|---|
| 7087 | Concentration account into which revenue from collection accounts is swept on a daily basis. This account will be closed and a new "debtor in possession" account will be opened at an authorized depository to replace this account. |
| 7996 | Disbursement account from which Product Co makes disbursements. This account will be closed and a new "debtor in possession" account will be opened at an authorized depository to replace this account. |
| 7988 | Tax account from which Product Co funds tax obligations such as sales tax (which Product Co disburses to a third party which administers Product Co's sales tax obligations). This account will be closed and a new "debtor in possession" account will be opened at an authorized depository to replace this account. |
| 7970 | Collection account which collects revenue generated from sales using PayPal. **Product Co requests that this account remain open to ensure there is no interruption in the flow of revenue.** |
| 8010 | Collection account which collects revenue from e-commerce. **Product Co requests that this account remain open to ensure there is no interruption in the flow of revenue.** |
| 8002 | Lockbox account which collects revenue generated from sales to retailers (such as Best Buy, Dick's Sporting Goods and fitness centers). **Product Co requests that this account remain open to ensure there is no interruption in the flow of revenue.** |
| 8101 | Dormant account which is not in use. This account will be closed. |
| 8119 | Dormant account which is not in use. This account will be closed. |
| 8127 | Dormant account which is not in use. This account will be closed. |
| 8135 | Dormant account which is not in use. This account will be closed. |

Pursuant to this Motion, Product Co seeks Court authority to maintain and keep open the collection accounts (7970 and 8001) and the lockbox account (8002) (collectively, the "Collection Accounts"). All customer payments to Product Co are initially deposited into one of the three Collection Accounts, depending on the source of revenue, including automatic,

---

[2] The Bank is the Debtors' sole secured creditor.

recurring and electronic payments. Requiring Product Co to close the Collection account would result in the delay in the receipt of payments and unnecessary disruptions to operations. Re-establishing and re-connecting deposits and billings to new accounts would be impractical, disruptive, costly and an inefficient use of the Debtors' resources. Product Co will still open debtor in possession accounts as indicated above, including in order to sweep funds from the Collection Account into a debtor in possession operating account, and Product Co will make all disbursements from debtor in possession accounts.

The relief requested herein will help ensure the Debtors' smooth transition into chapter 11 by allowed Product Co to keep the Collection Accounts and avoid any interruption or disruption in Product Co's receipt of revenue. It is important that this Motion be heard on an emergency basis so that Product Co may immediately comply with applicable requirements concerning the Collection Accounts.

In order to provide maximum notice of this Motion, concurrently with the filing of this Motion with the Court, the Debtors have served a copy of this Motion and all supportive papers (including notice of the hearing on the Motion) upon the Office of the United States Trustee, the Bank, the 20 largest unsecured creditors of each of the Debtors and parties requesting special notice via overnight mail.

**ADDITIONAL INFORMATION**

This Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the attached Declaration of Mark Reis, the arguments and statements of counsel to be made at the hearing on the Motion, and other admissible evidence properly brought before the Court.

In order to provide maximum notice of this Motion, on June 8, 2022, Product Co will serve a copy of this Motion and notice of the Motion and all supportive papers upon the Office of the United States Trustee, the Debtors' twenty largest unsecured creditors, Woodforest National Bank and Farmers & Merchants Bank, and all those parties who have requested special notice **via overnight mail**.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order:

  (a)  granting the Motion in its entirety;

  (b)  affirming the adequacy of the notice given;

  (c)  authorizing Product Co to maintain its prepetition cash management system as set forth above and keep the Collection Accounts in place;

  (d)  authorizing the release of any administrative freezes or holds on any bank accounts of the Debtors; and

  (e)  granting such other and further relief as the Court deems just and proper.

Dated: June 8, 2022        TRX HOLDCO, LLC
               FITNESS ANYWHERE LLC

              By: */s/ Krikor J. Meshefejian*
                 RON BENDER
                 KRIKOR J. MESHEFEJIAN
                 LINDSEY L. SMITH
                 LEVENE, NEALE, BENDER,
                 YOO & GOLUBCHIK L.L.P.
                 Proposed Attorneys for Chapter 11 Debtors
                 and Debtors in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**PLEASE SEE DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND THE DECLARATIONS OF BRENT LEFFEL, JAMES S. FELTMAN, JOSHUA BENN AND KRIKOR J. MESHEFEJIAN FOR BACKGROUND FACTS AND INFORMATION REGARDING THIS CASE, WHICH THE DEBTORS INCORPORATE HEREIN BY THIS REFERENCE**.

**A.    The Debtors' Pre-petition Cash Management System.**

1.    Fitness Anywhere LLC, dba TRX and TRX Training ("Product Co") and TRX Holdco, LLC ("Hold Co" and together with Product Co, the "Debtors"), debtors in possession in the above-captioned Chapter 11 bankruptcy cases, and their respective subsidiaries (collectively referred to herein as "TRX") comprise a world leading functional fitness company. Since being founded in 2004, TRX has evolved into a digitally-enabled, vertically integrated, omni-channel fitness lifestyle brand with global reach powered by a large community of consumer and trainer enthusiasts.[3] TRX's flagship and patented product - Suspension Trainer™ - is a highly versatile, portable, compact and affordable fitness and training device/workout tool with broad reach across demographic groups and fitness levels, which can be utilized effectively across fitness modalities. TRX offers a full line of functional training tools and accessories to complement the Suspension Trainer™ to serve all types of functional needs, from at-home essentials to complete gym installations. TRX also launched in 2021 a purpose-built digital subscription-based platform - the TRX Training Club® - that offers a library of on-demand videos and daily live classes.

2.    Product Co's business consists primarily of the procurement and sale of products under the TRX brand name. As of the Petition Date, Product Co collected revenue and disbursed

---

[3] Hold Co holds a preferential and controlling interest in Product Co. Hold Co also wholly owns TRXperience, LLC ("Experience Co"). Experience Co has not filed a bankruptcy case. Product Co wholly owns Fitness Anywhere International LLC (100% by Product Co) and Fitness Anywhere Europe Cooperatief U.A. Netherlands (99% by Product Co and 1% by Fitness Anywhere International LLC), none of which have filed a bankruptcy case.

funds utilizing a network of bank accounts located at Woodforest National Bank (the "Bank")[4], as follows:

| Account Number | Account Description and Proposed Disposition of Account |
|---|---|
| 7087 | Concentration account into which revenue from collection accounts is swept on a daily basis. This account will be closed and a new "debtor in possession" account will be opened at an authorized depository to replace this account. |
| 7996 | Disbursement account from which Product Co makes disbursements. This account will be closed and a new "debtor in possession" account will be opened at an authorized depository to replace this account. |
| 7988 | Tax account from which Product Co funds tax obligations such as sales tax (which Product Co disburses to a third party which administers Product Co's sales tax obligations). This account will be closed and a new "debtor in possession" account will be opened at an authorized depository to replace this account. |
| 7970 | Collection account which collects revenue generated from sales using PayPal. **Product Co requests that this account remain open to ensure there is no interruption in the flow of revenue.** |
| 8010 | Collection account which collects revenue from e-commerce. **Product Co requests that this account remain open to ensure there is no interruption in the flow of revenue.** |
| 8002 | Lockbox account which collects revenue generated from sales to retailers (such as Best Buy, Dick's Sporting Goods and fitness centers). **Product Co requests that this account remain open to ensure there is no interruption in the flow of revenue.** |
| 8101 | Dormant account which is not in use. This account will be closed. |
| 8119 | Dormant account which is not in use. This account will be closed. |
| 8127 | Dormant account which is not in use. This account will be closed. |
| 8135 | Dormant account which is not in use. This account will be closed. |

3.     Pursuant to this Motion, Product Co seeks Court authority to maintain and keep open the collection accounts (7970 and 8001) and the lockbox account (8002) (collectively, the "Collection Accounts"). All customer payments to Product Co are initially deposited into one of the three Collection Accounts, depending on the source of revenue, including automatic, recurring and electronic payments. Requiring Product Co to close the Collection account would result in the delay in the receipt of payments and unnecessary disruptions to operations. Re-establishing and re-connecting deposits and billings to new accounts would be impractical, disruptive, costly and an inefficient use of the Debtors' resources. Product Co will still open

---

[4] The Bank is the Debtors' sole secured creditor.

debtor in possession accounts as indicated above, including in order to sweep funds from the Collection Account into a debtor in possession operating account, and Product Co will make all disbursements from debtor in possession accounts.

   4. The relief requested herein will help ensure the Debtors' smooth transition into chapter 11 by allowed Product Co to keep the Collection Accounts and avoid any interruption or disruption in Product Co's receipt of revenue.

## II.

## DISCUSSION

Section 105(a) of the Bankruptcy Code provides:

> "The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

11 U.S.C. § 105(a). All of the relief requested herein is within the Court's authority to grant at its discretion. The Debtors respectfully request that the Court exercise its discretion to grant the relief requested herein.

**A.**  **The Court Should Grant Product Co Authority To Maintain Certain Aspects Of Its Prepetition Cash Management System And Collection Accounts.**

Courts have routinely granted chapter 11 debtors authority to continue using their existing cash management systems. *See In re Pathmark Stores. Inc. et al.*, Case No. 00-02963(JJF) (D. Del. July 13, 2000); *In re Safety-Kleen Corp.*, Case No. 00-02303(PJW) (Bankr. D. Del. June 13, 2000); *In re Eagle Food Centers, Inc.*, Case No. 00-01311(RRN) (D. Del. March 2, 2000); *In re Philip Services (Delaware), Inc.*, Case No. 99-02385(MEW) (Bankr. D. Del. June 30, 1999); *see also, In re Grant Broadcasting of Philadelphia, Inc.*, 75 B.R. 819 (E.D. Penn. 1987); *In re Charter Company, et al.*, 778 F.2d 617 (11th Cir. 1985).

The Office of the United States Trustee has established certain operating guidelines for debtors-in-possession in order to supervise the administration of chapter 11 cases. These guidelines require chapter 11 debtors to, among other things; (i) close all existing bank accounts and open new debtor-in-possession bank accounts; (ii) establish one debtor-in-possession account for all estate monies required for the payment of taxes, including payroll taxes; (iii) maintain a separate debtor-in-possession operating account and (iv) obtain checks for all debtor-in-possession accounts which bear the designation "Debtor-in-Possession," the bankruptcy case number and the type of accounts.

The Debtors will close their prepetition bank accounts and open new debtor in possession accounts, except that Product Co requests authority to maintain the Collection Accounts so that there is no interruption or disruption to the flow of revenue to Product Co from customers, including in connection with any automatic, recurring and electronic payments that are associated with the Collection Accounts.

Requiring Product Co to close the Collection Accounts would result in the delay in the receipt of payments, and disruptions to operations. Re-establishing and re-connecting deposits and payments to new accounts would be impractical, disruptive, costly, and an inefficient use of the Debtors' resources.

The Collection Accounts comprise an established portion of Product Co's cash management system that Product Co needs to maintain and ensure orderly and smooth collections in the ordinary course during these cases. In order to avoid delays in payments and collection of revenue, to ensure as smooth a transition into chapter 11 as possible with minimal disruption, it is important that Product Co be permitted to maintain the Collectin Accounts.

**B.    The Court Should Authorize The Banking Institutions To Immediately Release Any And All Administrative Holds And/Or Freezes That They May Have On Any Of The Debtors' Bank Accounts.**

Some courts have found the placement of an administrative "freeze" or hold on the bank account of a Chapter 11 debtor results in, at a minimum, "unauthorized interference with the property of the Chapter 11 debtor without leave of the Court." *See e.g., In re Executive*

*Associates, Inc.,* 24 B.R. 171, 172 (Bankr. S.D. Tex. 1982); *see accord In re LHG Resources, Inc.*, 34 B.R. 202, 203 (Bankr. W.D. Tex. 1983). Nevertheless, under some circumstances, some courts have found such actions not to be problematic. See e.g., *In re Lough,* 163 B.R. 586 (Bankr. D. Idaho 1994)(freeze which credit union placed on deposit securing its overdraft protection loan to debtor depositors was not improper "setoff," in violation of automatic stay).

The Debtors are not seeking any determination from the Court with respect to the validity or the permissibility of the policy described above. Nonetheless, in an abundance of caution, the Debtors respectfully request that the Court exercise its authority pursuant to Section 105 and authorize the immediate release on all holds or freezes, if any, on any of the Debtors' bank accounts so that the Debtors can transfer funds in such accounts to their debtor in possession accounts (once opened).

## III.

## **CONCLUSION**

Based upon all of the foregoing, the Debtors respectfully request entry of an order:

(a)   granting the Motion in its entirety;

(b)   affirming the adequacy of the notice given;

(c)   authorizing Product Co to maintain its prepetition cash management system as set forth above and keep the Collection Accounts in place;

(d)   authorizing the release of any administrative freezes or holds on any bank accounts of the Debtors; and

(e)   granting such other and further relief as the Court deems just and proper.

Dated:  June 8, 2022                               TRX HOLDCO, LLC
                                                   FITNESS ANYWHERE LLC

                                                   By:   */s/ Krikor J. Meshefejian*
                                                         RON BENDER
                                                         KRIKOR J. MESHEFEJIAN
                                                         LINDSEY L. SMITH
                                                         LEVENE, NEALE, BENDER,
                                                              YOO & GOLUBCHIK L.L.P.
                                                         Proposed Attorneys for Debtors and
                                                         Debtors in Possession

# DECLARATION OF MARK REIS

I, Mark Reis, hereby declare under penalty of perjury as follows:

1.  I am the Chief Financial Officer of TRX Holdco, LLC ("Hold Co") and Fitness Anywhere LLC, dba TRX and TRX Training ("Product Co" and together with Hold Co, the "Debtors"), and I have held this position since approximately October 2019. I am responsible for the day-to-day management and oversight of the finance functions of the Debtors. My duties comprise of general management across the following areas of responsibility: finance; accounting (oversight of controller function); tax; banking relationship management; and management of external auditors. I have personal knowledge of the facts set forth in this Declaration and if called as a witness, could and would testify competently with respect thereof.

2.  Product Co's business consists primarily of the procurement and sale of products under the TRX brand name. As of the Petition Date, Product Co collected revenue and disbursed funds utilizing a network of bank accounts located at Woodforest National Bank (the "Bank"), as follows:

| Account Number | Account Description and Proposed Disposition of Account |
| --- | --- |
| 7087 | Concentration account into which revenue from collection accounts is swept on a daily basis. This account will be closed and a new "debtor in possession" account will be opened at an authorized depository to replace this account. |
| 7996 | Disbursement account from which Product Co makes disbursements. This account will be closed and a new "debtor in possession" account will be opened at an authorized depository to replace this account. |
| 7988 | Tax account from which Product Co funds tax obligations such as sales tax (which Product Co disburses to a third party which administers Product Co's sales tax obligations). This account will be closed and a new "debtor in possession" account will be opened at an authorized depository to replace this account. |
| 7970 | Collection account which collects revenue generated from sales using PayPal. **Product Co requests that this account remain open to ensure there is no interruption in the flow of revenue.** |
| 8010 | Collection account which collects revenue from e-commerce. **Product Co requests that this account remain open to ensure there is no interruption in the flow of revenue.** |
| 8002 | Lockbox account which collects revenue generated from sales to retailers (such as Best Buy, Dick's Sporting Goods and fitness centers). **Product Co requests that this account remain open to ensure there is no interruption in the flow of revenue.** |

| Account Number | Account Description and Proposed Disposition of Account |
|---|---|
| 8101 | Dormant account which is not in use.  This account will be closed. |
| 8119 | Dormant account which is not in use.  This account will be closed. |
| 8127 | Dormant account which is not in use.  This account will be closed. |
| 8135 | Dormant account which is not in use.  This account will be closed. |

3. Product Co seeks Court authority to maintain and keep open the collection accounts (7970 and 8010) and the lockbox account (8002) (collectively, the "Collection Accounts"). All customer payments to Product Co are initially deposited into one of the three Collection Accounts, depending on the source of revenue, including automatic, recurring and electronic payments. Requiring Product Co to close the Collection account would result in the delay in the receipt of payments and unnecessary disruptions to operations. Re-establishing and re-connecting deposits and billings to new accounts would be impractical, disruptive, costly and an inefficient use of the Debtors' resources. Product Co will still open debtor in possession accounts as indicated above, including in order to sweep funds from the Collection Account into a debtor in possession operating account, and Product Co will make all disbursements from debtor in possession accounts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of June, 2022, at Reedsville, Wisconsin.

_Mark C R_

MARK REIS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER: (I) AUTHORIZING THE CONTINUED USE OF CERTAIN PORTIONS OF ITS CASH MANAGEMENT SYSTEM; (II) AUTHORIZING THE MAINTENANCE OF PRE-PETITION BANK ACCOUNTS; AND (III) AUTHORIZING BANKS TO RELEASE ADMINISTRATIVE HOLDS AND/OR FREEZES ON THE DEBTORS' PRE-PETITION ACCOUNTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK REIS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 8, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender    rb@lnbyb.com**
- **Michael J Hauser    michael.hauser@usdoj.gov**
- **Marsha A Houston    mhouston@reedsmith.com, hvalencia@reedsmith.com**
- **Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com**
- **Lindsey L Smith    lls@lnbyg.com, lls@ecf.inforuptcy.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) **June 8, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 8, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY PERSONAL DELIVERY**
Honorable Scott C. Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street
Suite 5130
Santa Ana, CA 92701-4593

☒ Service information **BY OVERNIGHT MAIL** continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 8, 2022 | Lourdes Cruz | */s/ Lourdes Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re TRX Holdco, LLC
File No. 9738
UST, 20 Largest, Secured

Michael J Hauser
United States Trustee
411 W Fourth St Suite 7160
Santa Ana, CA 92701-4593

Baker Tilly US, LLP
10 Terrace Court PO Box 7398
Madison, WI 53707-7398

Cole Schotz P.C.
25 Main Street P.O. Box 800
Hackensack, NJ 07602

Creative Artists Agency
Attn: Jeffrey Freedman
2000 Avenue of the Stars
Los Angeles, CA 90067

JMBM LLP
1900 Avenue of the Stars
Los Angeles, CA 90067

Morrison & Morrison
222 Souther Riverside Plaza
Chicago, IL 60606

Sterling Legal Solutions, Inc.
Attn: Stephanie Sterling
26895 Aliso Creek Rd., B-129
Aliso Viejo, CA 92656

UDR-Eight 80
1590 Adams Avenue
PO Box 2350
Costa Mesa, CA 92628

UDR-Eight 80
Agent for Service of Process
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

Sterling Legal Solutions, Inc.
Agent for Service of Process
720 14th Street
Sacramento, CA 95814

<u>OTHER</u>

Farmers & Merchants Bank
2421 East Coast Hwy
Corona del Mar, CA 92625

Farmers & Merchants Bank
Attn: Christine M Bowman
302 Pine Avenue
Long Beach, CA 90802

<u>SECURED</u>

<u>Counsel for Woodforest National Bank</u>
Katten Muchin Rosenmann LLP
Attn: Jan Harris Cate, Esq.
515 South Flower Street, Suite 1000
Los Angeles, CA 90071

Woodforest National Bank
Attn: CMB Loan Operations
25231 Grogans Mill Road, 6th Floor
The Woodlands, TX 77380

Woodforest National Bank
Attn: David A. Macdonald
1330 Lake Robbins Drive, Suite 500
The Woodlands, TX 77380

<u>Counsel for Woodforest National Bank</u>
ReedSmith
Marsha Houston/Christopher Rivas
355 South Grand Avenue, Suite 2900
Los Angeles, CA, 90071

In re Fitness Anywhere LLC
File No. 9732
UST, 20 Largest and Secured

Exemplar Design
4680 Parkway Drive
Suite 300
Mason, OK 45040

Michael J Hauser
United States Trustee
411 W Fourth St Suite 7160
Santa Ana, CA 92701-4593


Exemplar Design
4680 Parkway Drive Suite 300
Mason, OH 45040

Core Health & Fitness, LLC
4400 Northeast 77th Avenue
Suite 300
Manufacturer Land America
Vancouver, WA 98662

Stephen Gould Corporation
35 South Jefferson Road
Whippany, NJ 07981


Flexport Inc
P.O. Box 207244
Dallas, TX 75320-7244

UPS Plan 0386NE
55 Glenlake Parkway NE
Atlanta, GA 30328

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196


Buy Box Experts
3020 N Cullen Ct. Pleasant
Grove, UT 84062

MAN Staffing, LLC
550 East Del Amo Boulevard
Carson, CA 90746

Syzygy Digital Marketing, Inc
41 Flatbush Avenue
Brooklyn, NY 11217


Lahlouh Inc
Attn: H. John Lahlouh
1649 Adrian Road
Burlingame, CA 94010

US Customs and Border Protection
PO BOX 979126
St. Louis, MO 63197-9000

McCollister's Transportation Group, Inc
8 Terri Lane
Burlington, NJ 08016


NetSuite Inc
500 Oracle Parkway
Redwood City, CA 94065

Google
P.O. Box 39000
San Francisco, CA 94139

AMEX Corp Card
P.O. Box 0001
Los Angeles, CA 90096


The Trade Desk
42 N Chestnut St.
Ventura, CA 93001

Dirbos Inc.
27758 Santa Margarita Pkwy
Suite 366
Mission Viejo, CA 92691

Redwood Supply Chain Solutions
1765 North Elston Avenue Suite 216
Chicago, IL 60642


USA Global Logistics LLC
255 Madsen Drive
Bloomingdale, IL 60108

ISUPPORT WORLDWIDE LLC
1019 West James St
Kent, WA 98032

Core Health & Fitness, LLC
Agent for Service of Process
330 N. Brand Blvd, Ste 700
Glendale, CA 91203


Stephen Gould Corporation
Agent for Service of Process
2710 Gateway Oaks Drive
Ste 150N
Sacramento, CA 95833

Flexport Inc.
Agent for Service of Process
5716 Corsa Ave.
Ste 110
Westlake Village, CA 91362

United Parcel Service, Inc.
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

McCollister's Transportation Systems, Inc.
Agent for Service of Process
2710 gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Netsuite Inc.
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Google
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Man Staffing LLC
Attn: Miguel A Navarro
550 E Del Amo Blvd.
Suite C
Carson, CA 90746

Trade Desk
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Dirbos
Agent for Service of Process
101 N. Brand Blvd. 11th Floor
Glendale, CA 91203

Redwood Supply Chain Solutions
Attn: David Robinson
323 W 25th Ave.
San Mateo, CA 94403

SECURED:

Counsel for Woodforest National Bank
ReedSmith
Marsha Houston/Christopher Rivas
355 South Grand Avenue, Suite 2900 Los Angeles, CA, 90071

Counsel for Woodforest National Bank
Katten Muchin Rosenmann LLP
Attn: Jan Harris Cate, Esq.
515 South Flower Street, Suite 1000
Los Angeles, CA 90071

Woodforest National Bank
Attn: CMB Loan Operations
25231 Grogans Mill Road, 6th Floor
The Woodlands, TX 77380

Woodforest National Bank
Attn: David A. Macdonald
1330 Lake Robbins Drive, Suite 500
The Woodlands, TX 77380