§§RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: RB@LNBYG.COM; KJM@LNBYG.COM; LLS@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>TRX HOLDCO, LLC, a Delaware limited liability company,<br><br>  Debtor and Debtor in Possession.<br><br>In re:<br><br>FITNESS ANYWHERE LLC, a Delaware limited liability company, dba TRX and TRX Training,<br><br>  Debtor and Debtor in Possession.<br><br>☐ Affects both Debtors<br><br>☐ Affects TRX Holdco, LLC only<br><br>☒ Affects Fitness Anywhere, LLC only | Lead Case No.: 8:22-bk-10948-SC<br><br>Jointly administered with:<br>8:22-bk-10949-SC<br><br>Chapter 11 Cases<br><br>**FITNESS ANYWHERE LLC'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING FITNESS ANYWHERE LLC TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PAYMENT TO UTILITY COMPANIES PURSUANT TO 11 U.S.C. § 366; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK REIS IN SUPPORT THEREOF**<br><br>DATE:   June 10, 2022<br>TIME:   10:00 a.m.<br>PLACE:  *Via ZoomGov<br>        Courtroom 5C<br>        411 West Fourth Street<br>        Santa Ana, CA 92701 |

1

Fitness Anywhere LLC, dba TRX and TRX Training ("Product Co"), debtor in possession in the above-captioned, jointly-administered, Chapter 11 cases, hereby moves, on an emergency basis (the "Motion"), for the entry of an order authorizing Product Co to provide adequate assurance of future payment to certain utility companies pursuant to 11 U.S.C. § 366(c).

On June 8, 2022, Product Co and TRX Holdco, LLC ("Hold Co" and together with Product Co, the "Debtors"), each filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have operated their businesses and managed their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Debtors and their respective subsidiaries (collectively referred to herein as "TRX") comprise a world leading functional fitness company. Since being founded in 2004, TRX has evolved into a digitally-enabled, vertically integrated, omni-channel fitness lifestyle brand with global reach powered by a large community of consumer and trainer enthusiasts.[1] TRX's flagship and patented product - Suspension Trainer™ - is a highly versatile, portable, compact and affordable fitness and training device/workout tool with broad reach across demographic groups and fitness levels, which can be utilized effectively across fitness modalities. TRX offers a full line of functional training tools and accessories to complement the Suspension Trainer™ to serve all types of functional needs, from at-home essentials to complete gym installations. TRX also launched in 2021 a purpose-built digital subscription-based platform - the TRX Training Club® - that offers a library of on-demand videos and daily live classes.

Product Co's business consists primarily of the procurement and sale of products under the TRX brand name. Product Co leases a warehouse facility in Ontario, California in connection with such business, including in connection with holding, managing and shipping inventory. In connection with Product Co's use of that facility, Product Co receives water,

---

[1] Hold Co holds a preferential and controlling interest in Product Co. Hold Co also wholly owns TRXperience, LLC ("Experience Co"). Experience Co has not filed a bankruptcy case. Product Co wholly owns Fitness Anywhere International LLC (100% by Product Co) and Fitness Anywhere Europe Cooperatief U.A. Netherlands (99% by Product Co and 1% by Fitness Anywhere International LLC), none of which have filed a bankruptcy case.

2

electricity, gas and internet services from a number of utility companies (each (each a "Utility Company," and collectively, the "Utility Companies"). Given the importance of the services provided by the Utility Companies to Product Co's operation of the warehouse facility, it is crucial that the means of providing adequate assurance to the Utility Companies that provide utility services be determined promptly so that there is no interruption in the services provided.

Generally, Product Co is proposing to provide each Utility Company with a cash deposit ("Cash Deposits") in an amount equal to the average payment based on payments historically made on the utility account(s) (as determined by the last three payments made on such utility accounts). The total amount of Cash Deposits proposed to be provided is $1,129.19.

## ADDITIONAL INFORMATION

This Motion is based upon Local Bankruptcy Rules 2081-1(a)(6) and 9075-1, 11 U.S.C. §§ 105(a) and 507(a)(4), and Rule 6003 of the Federal Rules of Bankruptcy Procedure, this Motion, the supporting Memorandum of Points and Authorities, the attached Declaration of Mark Reis, the arguments and statements of counsel to be made at the hearing on the Motion, and other admissible evidence properly brought before the Court.

In order to provide maximum notice of this Motion, concurrently with the filing of this Motion with the Court, Product Co has served the Motion upon the Office of the United States Trustee, the Utility Companies, Product Co's twenty largest general unsecured creditors, Woodforest National Bank, and all parties who have requested special notice **via overnight mail**. Additional hard copies or electronic copies of this Motion are available upon request to proposed counsel for the Debtors, whose contact information is located on the upper-left hand corner of this Motion.

**WHEREFORE**, Product Co respectfully requests that this Court issue an order:

(1)    granting the Motion in its entirety;

(2)    authorizing Product Co to provide adequate "assurance of payment" to the Utility Companies in the form of Cash Deposits in the amounts proposed in the Motion, pursuant to the terms and conditions set forth therein;

  (3) deeming the Cash Deposits to constitute adequate "assurance of payment" pursuant to 11 U.S.C. § 366(c);

  (4) requiring the Utility Companies that receive Cash Deposits under an order of the Court granting the Motion to return such Cash Deposits to Product Co within ten (10) business days if, and when, such Utility Companies' services are terminated by Product Co; and

  (5) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: June 8, 2022       TRX HOLDCO, LLC
              FITNESS ANYWHERE LLC

             By: */s/ Krikor J. Meshefejian*
               RON BENDER
               KRIKOR J. MESHEFEJIAN
               LINDSEY L. SMITH
               LEVENE, NEALE, BENDER,
               YOO & GOLUBCHIK L.L.P.
               Proposed Attorneys for Chapter 11 Debtors
               and Debtors in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**PLEASE SEE DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND THE DECLARATIONS OF BRENT LEFFEL, JAMES S. FELTMAN, JOSHUA BENN AND KRIKOR J. MESHEFEJIAN FOR BACKGROUND FACTS AND INFORMATION REGARDING THIS CASE, WHICH THE DEBTORS INCORPORATE HEREIN BY THIS REFERENCE**.

**A.     The Utility Companies And The Proposed Deposits.**

1.     The business of Fitness Anywhere LLC ("Product Co") consists primarily of the procurement and sale of products under the TRX brand name. Product Co leases a warehouse facility in Ontario, California in connection with such business, including in connection with holding, managing and shipping inventory. In connection with Product Co's use of that facility, Product Co receives water, electricity, gas and internet services from a number of utility companies (each (each a "Utility Company," and collectively, the "Utility Companies"). Given the importance of the services provided by the Utility Companies to Product Co's operation of the warehouse facility, it is crucial that the means of providing adequate assurance to the Utility Companies that provide utility services be determined promptly so that there is no interruption in the services provided.

2.     Product Co proposes that adequate "assurance of payment" be provided to the Utility Companies in the form of cash deposits, as authorized by Section 366(c)(1)(A)(i) of the Bankruptcy Code, in the amounts set forth in the annexed Memorandum of Points and Authorities ("Cash Deposits"). The total amount of the Cash Deposits proposed to be paid by Product Co is approximately $1,129.19. Generally, Product Co is proposing to provide each Utility Company with a cash deposit in an amount equal to the average payment based on payments historically made on the utility account(s) (as determined by the last three payments made on such utility accounts). In addition to the Cash Deposits, the Utility Companies will be kept current on all post-petition amounts payable to such Utility Companies.

3.     The source of the funds to be used to pay the proposed Cash Deposits to the Utility Companies will be Product Co's revenue, which constitutes Woodforest National Bank's cash collateral.  Accordingly, concurrently herewith, Product Co has filed a motion for entry of an order authorizing the Product Co to use cash collateral to allow Product Co to maintain its operations and preserve the going-concern value of Product Co's business and assets (the "<u>Cash Collateral Motion</u>").  Based on the cash collateral budget submitted in connection with the Product Co's Cash Collateral Motion, approval to pay the relatively small Cash Deposits to the Utility Companies will not render Product Co's bankruptcy estate administratively insolvent.

## II.

## **DISCUSSION**

Pursuant to 11 U.S.C. § 366, a utility may not alter, refuse, or discontinue services to, or discriminate against, a debtor solely on the basis of the commencement of the bankruptcy case or the debtor's failure to pay a prepetition debt, unless the debtor fails to furnish adequate assurance of payment for postpetition services, in the form of a deposit or "other security."  Specifically, 11 U.S.C. § 366 provides as follows:

> "(a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, . . . the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for services rendered before the order for relief was not paid when due.
> . . .
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.  On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment."
>
> (c)(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor . . . adequate assurance of payment for the utility service that is satisfactory to the utility.

6

Case 8:22-bk-10948-SC    Doc 15    Filed 06/08/22    Entered 06/08/22 14:46:22    Desc
Main Document    Page 7 of 18

> (3)(A) On request of a party in interest and after notice and a hearing, the court may order the modification of the amount of an assurance of payment under paragraph (2)."

11 U.S.C. § 366.

Section 366 of the Bankruptcy Code is intended to apply to entities providing electricity, natural gas, water, and/or telephone services, as well as any other entity that supplies services that cannot be readily obtained or replaced elsewhere, or which has a monopoly with respect to the services it provides the debtor. As explained by the legislative history,

> [Section 366] is intended to cover utilities that have some special position with respect to the debtor, such as electric company, gas supplier, or telephone company that is a monopoly in the area so that the debtor cannot easily obtain comparable service from another utility.

H.R. Rep. No. 95-595, at 350 (1977); S. Rep. No. 95-989, at 60 (1978); *see In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 883 (Bankr. E.D.N.Y. 1986) (landlord for Brooklyn Navy Yard "occupies a special position with respect to the debtor in its role as [the debtor's] utility supplier").

Pursuant to Section 366(c)(2) of the Bankruptcy Code, during the first thirty (30) days following the commencement of a voluntary chapter 11 bankruptcy case, a utility may not alter, refuse, or discontinue service to, or discriminate against, a debtor solely on the basis of the commencement of the case or the failure of the debtor to pay a pre-petition debt for utility services provided. Following the foregoing 30-day period, however, utility companies may alter, refuse or discontinue service if the debtor does not furnish adequate "assurance of payment" of post-petition utility service obligations that is satisfactory to the relevant utility.

Section 366(c)(1)(A) of the Bankruptcy Code provides that a debtor must provide "assurance of payment" in the form of a cash deposit, a letter of credit, a certificate of deposit, a surety bond, a prepayment of utility consumption, or another form of security that is mutually agreed on between the utility and the debtor. 11 U.S.C. § 366(c)(1)(A).

Under Section 366(c) of the Bankruptcy Code, this Court has exclusive responsibility for

determining what constitutes adequate assurance of payment of post-petition utility charges and is not bound by local or state regulations. *See, e.g. Begley v. Philadelphia Elec. Co. (In re Begley)*, 41 B.R. 402, 405-06 (Bankr. E.D. Pa. 1984); *Marion Steel Co. v. Ohio Edison Co. (In re Marion Steel Co.)*, 35 B.R. 188, 195 (Bankr. D. Ohio 1983) (pre-BAPCPA case finding that determinations of adequate assurance under section 366 are fully within the Court's discretion).

Product Co proposes to provide adequate "assurance of payment" to the Utility Companies providing services to Product Co in the form of the Cash Deposits, as authorized by Section 366(c)(1)(A)(i) of the Bankruptcy Code, in the amounts set forth in **Exhibit 1** to the attached Declaration of Mark Reis. Product Co requests authority to pay the proposed Cash Deposits to the Utility Companies for the utility accounts reflected in **Exhibit 1**. The total amount of the Cash Deposits proposed to be paid to the Utility Companies by the Debtor is approximately $1,129.19. As noted above, Product Co is generally proposing to provide each Utility Company with a Cash Deposit in an amount equal to the average cost based on the historical utility costs incurred on the utility account(s), as determined by the last three invoice amounts for such utility accounts. In addition to the Cash Deposits, the Utility Companies will be kept current on all post-petition amounts payable to such Utility Companies.

The source of the funds to be used to pay the proposed Cash Deposits to the Utility Companies will be Product Co's revenue, which constitutes Woodforest National Bank's cash collateral. Accordingly, concurrently herewith, Product Co has filed the Cash Collateral Motion to allow Product Co to maintain its operations and preserve the going-concern value of its business and assets. Based on the cash collateral budget submitted in connection with the Cash Collateral Motion, approval to pay the Cash Deposits to the Utility Companies will not render the Product Co's bankruptcy estate administratively insolvent.

### III.    CONCLUSION

**WHEREFORE**, Product Co respectfully requests that this Court issue an order:

(1)    granting the Motion in its entirety;

(2) authorizing Product Co to provide adequate "assurance of payment" to the Utility Companies in the form of Cash Deposits in the amounts proposed in the Motion, pursuant to the terms and conditions set forth therein;

(3) deeming the Cash Deposits to constitute adequate "assurance of payment" pursuant to 11 U.S.C. § 366(c);

(4) requiring the Utility Companies that receive Cash Deposits under an order of the Court granting the Motion to return such Cash Deposits to Product Co within ten (10) business days if, and when, such Utility Companies' services are terminated by Product Co; and

(5) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: June 8, 2022

                    TRX HOLDCO, LLC
                    FITNESS ANYWHERE LLC

By: */s/ Krikor J. Meshefejian*
      RON BENDER
      KRIKOR J. MESHEFEJIAN
      LINDSEY L. SMITH
      LEVENE, NEALE, BENDER,
          YOO & GOLUBCHIK L.L.P.
Proposed Attorneys for Debtors and
Debtors in Possession

# DECLARATION OF MARK REIS

I, Mark Reis, hereby declare under penalty of perjury as follows:

1. I am the Chief Financial Officer of TRX Holdco, LLC ("Hold Co") and Fitness Anywhere LLC, dba TRX and TRX Training ("Product Co" and together with Hold Co, the "Debtors"), and I have held this position since approximately October 2019. I am responsible for the day-to-day management and oversight of the finance functions of the Debtors. My duties comprise of general management across the following areas of responsibility: finance; accounting (oversight of controller function); tax; banking relationship management; and management of external auditors. I have personal knowledge of the facts set forth in this Declaration and if called as a witness, could and would testify competently with respect thereof. Capitalized terms not otherwise defined have the same meaning provided to such terms in the Motion above.

2. Product Co's business consists primarily of the procurement and sale of products under the TRX brand name. Product Co leases a warehouse facility in Ontario, California in connection with such business, including in connection with holding, managing and shipping inventory. In connection with Product Co's use of that facility, Product Co receives water, electricity, gas and internet services from a number of Utility Companies. Given the importance of the services provided by the Utility Companies to Product Co's operation of the warehouse facility, it is crucial that the means of providing adequate assurance to the Utility Companies that provide utility services be determined promptly so that there is no interruption in the services provided.

///
///
///
///
///
///
///

3. The total amount of the Cash Deposits proposed to be paid by Product Co is approximately $1,129.19. Generally, Product Co is proposing to provide each Utility Company with a cash deposit in an amount equal to the average payment based on payments historically made on the utility account(s) (as determined by the last three payments made on such utility accounts). Attached as **Exhibit 1** is a calculation of the Cash Deposits which I prepared using the last three bills for each of the Utility Companies listed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of June, 2022, at Reedsville, Wisconsin.

_____

MARK REIS

# EXHIBIT "1"

| Debtor | Name | Address | Service | Balance | Currency | Last 3 Invoices | Last 3 Invoices | Last 3 Invoices | Cycle | Average |
|---|---|---|---|---|---|---|---|---|---|---|
| Fitness Anywhere LLC | Frontier Communications Corporation | 401 Merritt 7, Norwalk, CT 06851 US | Warehouse internet | 1,103.80 | USD | 367.5 | 368.15 | 368.15 | Monthly | 367.93 |
| Fitness Anywhere LLC | Ferrellgas, LP | Ferrellgas, LP PO Box 173940, Denver, CO 80217 US | GAS | 729.46 | USD | 127.23 | 104.59 | 187.49 | Weekly | 139.77 |
| Fitness Anywhere LLC | Southern California Edison | P.O. Box 300, Rosemead, CA 91772-0001 US | Warehouse utilities bill | 1,275.51 | USD | 723.01 | 552.5 | 588.96 | Monthly | 621.49 |
| | | | | | | | | | | **1129.19** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled (*specify*): **FITNESS ANYWHERE LLC'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING FITNESS ANYWHERE LLC TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PAYMENT TO UTILITY COMPANIES PURSUANT TO 11 U.S.C. § 366; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK REIS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 8, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender**    rb@lnbyb.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Marsha A Houston**    mhouston@reedsmith.com, hvalencia@reedsmith.com
- **Christopher O Rivas**    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **Lindsey L Smith**    lls@lnbyg.com, lls@ecf.inforuptcy.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **June 8, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 8, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY PERSONAL DELIVERY**
Honorable Scott C. Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street
Suite 5130
Santa Ana, CA 92701-4593

☒ Service information **BY OVERNIGHT MAIL** continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 8, 2022 | Lourdes Cruz | */s/ Lourdes Cruz* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                              **F 9013-3.1.PROOF.SERVICE**

In re TRX Holdco, LLC
File No. 9738
Utilities

| | | |
|---|---|---|
| Frontier Communications Corporation<br>401 Merritt 7<br>Norwalk, CT 06851 US | <u>Agent for Service of Process for Frontier Communications Corporation</u><br>CSC - LAWYERS INCORPORATING SERVICE<br>2710 GATEWAY OAKS DR STE 150N<br>SACRAMENTO, CA  95833 | Ferrellgas, LP<br>PO Box 173940<br>Denver, CO 80217 |
| Southern California Edison<br>P.O. Box 300<br>Rosemead, CA 91772-0001 | <u>Agent for Service of Process for Southern California Edison</u><br>CRISTINA LIMON<br>2244 WALNUT GROVE AVE<br>ROSEMEAD, CA  91770 | <u>Agent for Service of Process for Ferrellgas, LP</u><br>C T CORPORATION SYSTEM<br>330 N BRAND BLVD STE 700<br>GLENDALE, CA  91203 |

In re TRX Holdco, LLC
File No. 9738
UST, 20 Largest, Secured

Michael J Hauser
United States Trustee
411 W Fourth St Suite 7160
Santa Ana, CA 92701-4593

Baker Tilly US, LLP
10 Terrace Court PO Box 7398
Madison, WI 53707-7398

Cole Schotz P.C.
25 Main Street P.O. Box 800
Hackensack, NJ 07602

Creative Artists Agency
Attn: Jeffrey Freedman
2000 Avenue of the Stars
Los Angeles, CA 90067

JMBM LLP
1900 Avenue of the Stars
Los Angeles, CA 90067

Morrison & Morrison
222 Souther Riverside Plaza
Chicago, IL 60606

Sterling Legal Solutions, Inc.
Attn: Stephanie Sterling
26895 Aliso Creek Rd., B-129
Aliso Viejo, CA 92656

UDR-Eight 80
1590 Adams Avenue
PO Box 2350
Costa Mesa, CA 92628

UDR-Eight 80
Agent for Service of Process
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

Sterling Legal Solutions, Inc.
Agent for Service of Process
720 14th Street
Sacramento, CA 95814

<u>OTHER</u>

Farmers & Merchants Bank
2421 East Coast Hwy
Corona del Mar, CA 92625

Farmers & Merchants Bank
Attn: Christine M Bowman
302 Pine Avenue
Long Beach, CA 90802

<u>SECURED</u>

<u>Counsel for Woodforest National Bank</u>
Katten Muchin Rosenmann LLP
Attn: Jan Harris Cate, Esq.
515 South Flower Street, Suite 1000
Los Angeles, CA 90071

Woodforest National Bank
Attn: CMB Loan Operations
25231 Grogans Mill Road, 6th Floor
The Woodlands, TX 77380

Woodforest National Bank
Attn: David A. Macdonald
1330 Lake Robbins Drive, Suite 500
The Woodlands, TX 77380

<u>Counsel for Woodforest National Bank</u>
ReedSmith
Marsha Houston/Christopher Rivas
355 South Grand Avenue, Suite 2900
Los Angeles, CA, 90071

In re Fitness Anywhere LLC
File No. 9732
UST, 20 Largest and Secured

Exemplar Design
4680 Parkway Drive
Suite 300
Mason, OK 45040

Michael J Hauser
United States Trustee
411 W Fourth St Suite 7160
Santa Ana, CA 92701-4593

Exemplar Design
4680 Parkway Drive Suite 300
Mason, OH 45040

Core Health & Fitness, LLC
4400 Northeast 77th Avenue
Suite 300
Manufacturer Land America
Vancouver, WA 98662

Stephen Gould Corporation
35 South Jefferson Road
Whippany, NJ 07981

Flexport Inc
P.O. Box 207244
Dallas, TX 75320-7244

UPS Plan 0386NE
55 Glenlake Parkway NE
Atlanta, GA 30328

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

Buy Box Experts
3020 N Cullen Ct. Pleasant
Grove, UT 84062

MAN Staffing, LLC
550 East Del Amo Boulevard
Carson, CA 90746

Syzygy Digital Marketing, Inc
41 Flatbush Avenue
Brooklyn, NY 11217

Lahlouh Inc
Attn: H. John Lahlouh
1649 Adrian Road
Burlingame, CA 94010

US Customs and Border Protection
PO BOX 979126
St. Louis, MO 63197-9000

McCollister's Transportation Group, Inc
8 Terri Lane
Burlington, NJ 08016

NetSuite Inc
500 Oracle Parkway
Redwood City, CA 94065

Google
P.O. Box 39000
San Francisco, CA 94139

AMEX Corp Card
P.O. Box 0001
Los Angeles, CA 90096

The Trade Desk
42 N Chestnut St.
Ventura, CA 93001

Dirbos Inc.
27758 Santa Margarita Pkwy
Suite 366
Mission Viejo, CA 92691

Redwood Supply Chain Solutions
1765 North Elston Avenue Suite 216
Chicago, IL 60642

USA Global Logistics LLC
255 Madsen Drive
Bloomingdale, IL 60108

ISUPPORT WORLDWIDE LLC
1019 West James St
Kent, WA 98032

Core Health & Fitness, LLC
Agent for Service of Process
330 N. Brand Blvd, Ste 700
Glendale, CA 91203

Stephen Gould Corporation
Agent for Service of Process
2710 Gateway Oaks Drive
Ste 150N
Sacramento, CA 95833

Flexport Inc.
Agent for Service of Process
5716 Corsa Ave.
Ste 110
Westlake Village, CA 91362

United Parcel Service, Inc.
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

McCollister's Transportation
Systems, Inc.
Agent for Service of Process
2710 gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Netsuite Inc.
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Google
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Man Staffing LLC
Attn: Miguel A Navarro
550 E Del Amo Blvd.
Suite C
Carson, CA 90746

Trade Desk
Agent for Service of Process
2710 Gateway Oaks Dr.
Ste 150N
Sacramento, CA 95833

Dirbos
Agent for Service of Process
101 N. Brand Blvd. 11th Floor
Glendale, CA 91203

Redwood Supply Chain Solutions
Attn: David Robinson
323 W 25th Ave.
San Mateo, CA 94403


SECURED:

Counsel for Woodforest National Bank
ReedSmith
Marsha Houston/Christopher Rivas
355 South Grand Avenue, Suite 2900 Los Angeles, CA, 90071

Counsel for Woodforest National Bank
Katten Muchin Rosenmann LLP
Attn: Jan Harris Cate, Esq.
515 South Flower Street, Suite 1000
Los Angeles, CA 90071

Woodforest National Bank
Attn: CMB Loan Operations
25231 Grogans Mill Road, 6th Floor
The Woodlands, TX 77380

Woodforest National Bank
Attn: David A. Macdonald
1330 Lake Robbins Drive, Suite 500
The Woodlands, TX 77380