Christopher O. Rivas (SBN 238765)
Marsha A. Houston (SBN 129956)
Shayna A. Jackson (SBN 340864)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: + 1 213 457 8000
Fax + 1 213 457 8080

Attorneys for Woodforest National Bank

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>TRX HOLDCO, LLC,<br><br>       Debtor in Possession. | Case No.: 8:22-bk-10948-SC<br><br>**LIMITED OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL**<br><br>Date:     June 10, 2022<br>Time:    10:00 a.m.<br>Dept.:    Courtroom 5C, Via ZoomGov<br><br><br>The Honorable Scott C. Clarkson |

Woodforest National Bank (the "Bank"), hereby submits this reservation of rights and limited objection (the "Limited Objection") to the *Emergency Motion for Entry of an Interim Order: (i) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. §§ 361, 362 and 363; (ii) Granting Adequate Protection; (iii) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); etc.* (the "Motion"), filed by Debtors TRX Holdco, LLC and Fitness Anywhere LLC (together, the "Debtors").[1]

The Bank does not object to the Debtors using cash collateral on appropriate and consensual terms. As the Motion acknowledges, the Debtors did not seek to negotiate the terms of a consensual interim order about cash collateral (or, for that matter, the terms of a DIP financing agreements) with Bank prior to the Debtors' bankruptcy filing. [Motion at p. 21.] Counsel for Bank and the Debtors briefly discussed the matter on June 8, 2022 (before the Bank had an opportunity to review the Motion, which was filed during the call), and Bank has requested a form of interim cash collateral order, but as of the time of the drafting of this Limited Objection, no order has been provided to Bank.

Nevertheless, the Bank is hopeful that agreed terms will be presented in advance of any hearing on this matter. Most critically, the Bank requests that the Court **condition** the Debtors' use of cash collateral on an interim basis with appropriate oversight, accountability and protections for the Bank.

## BACKGROUND

**The Loan**

1. The Bank and Debtors are parties to that certain Credit Agreement by and between Bank and Debtors dated as of December 26, 2018 (as amended, supplemented, restated or otherwise modified, the "Loan Agreement"). The loans, financial accommodations and other amounts owing under, or in connection with, the Loan Agreement and all collateral and ancillary documents executed in connection therewith (collectively, the "Loan Documents"), are hereinafter referred to as the "Loan Obligations").

---

[1] Capitalized terms not otherwise defined herein are given the same meaning as set forth in the Motion.

LIMITED OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2. Pursuant to that certain Guarantee and Security Agreement dated as of December 26, 2018 (as amended, supplemented, restated or otherwise modified, the "Security Agreement"), made by the Debtors and Guarantors in favor of the Bank, as well as certain other security agreements constituting Loan Documents executed by the Debtors in favor of the Bank, the Loan Obligations are secured by, among other things, substantially all of the property of the Debtors (the "Collateral"). All of the cash received in connection with the Collateral constitutes cash collateral within the meaning of Bankruptcy Code § 363(a) (the "Cash Collateral"). As the Debtors correctly recognize in the Motion, the Bank is the only party who has an interest in the Debtors' cash collateral. [Motion at 21:9-10.]

3. The Bank has fulfilled all of its obligations under the Loan Documents. Debtors have defaulted under the Loan Documents as a result of, among other things, Debtors' failure to maintain its financial covenants, the occurrence of over-advances under the Loan Documents, and the failure of the Debtors to make necessary prepayments that were due for the fiscal year ending December 31, 2020, which defaults are presently the subject of a forbearance agreement by and between Bank and the Debtors.

4. Based upon the rights and benefits granted under the Loan Documents, the Bank asserts a first-priority lien against and security interest in the pre-petition Collateral.

## LEGAL ANALYSIS

5. Section 363(c)(2) of the Bankruptcy Code provides that a debtor "may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless each entity that has an interest in such cash collateral consents; or the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this subsection." The Bank does not object to the use of its Cash Collateral on an interim 3-week basis pending the final hearing on the Motion, but neither does the Bank consent to the use of Cash Collateral absent appropriate protections as set forth in the attached proposed form of order.

6. The Debtors seek authority to be able to exceed the Budget by up to 20% by line item and 25% in the aggregate without the need for further Court order. Debtors' proposal is excessive— especially in the case of a motion for **interim** use of cash collateral for a mere period of weeks

pending negotiation of a more comprehensive agreement for longer term cash collateral use. Debtor's ability to exceed the Budget should be limited to a 10% on a line item basis and 10% on an aggregate basis, provided that larger variances may be permitted with the Bank's prior written consent.

7. The Bank currently does not have adequate information from the Debtors to determine the substantive propriety of the proposed budget and its respective line items. Of particular concern are the drastically larger budget items occurring on Week 4 of the budget. For example, the total disbursements for Week 4 total $1.6 million as compared to approximately $550,000 and $350,000 for the preceding two weeks. No cash collateral use should be authorized for any budget items subsequent to Week 3 of the budget unless and until the Bank and the Debtors have had an opportunity to discuss the propriety of the budget on a more final basis once the information is made available.

8. Furthermore, while the Debtors allege that the value of the Collateral is "at least $25 million and hopefully much more", the Bank has received no documentation to support that valuation. The Bank has requested further information from the Debtors about their marketing efforts and their valuation, and will work closely with the Debtors to analyze and discuss these matters.

9. While Bank does not have any substantive objections to Debtor's use of Cash Collateral to fund ordinary, reasonable and necessary operating expenses, such use should be contingent upon (i) Debtors' compliance with the Budget and (ii) provision of certain customary protections under Sections 361, 362 and 365 of the Bankruptcy Code, including, without limitation, the following terms:

   a. Debtors' interim use of cash collateral should only be permitted for a very limited 3-week period of time sufficient for the Court to enter a more comprehensive final order or approve a more comprehensive longer term agreement or stipulation;

   c. To prevent any diminution in value of Bank's collateral, Bank shall receive replacement security interests and liens, including perfection provisions and super-priority administrative status, in and to (i) all fees, rents, profits, proceeds and other income from

the Pre-Petition Collateral, and (ii) all property of the estate of the same kind, type and nature as the Pre-Petition Collateral that is acquired after the Petition Date (the "Post-Petition Collateral") and all fees, rents, profits and other proceeds of the Post-Petition Collateral, and such liens shall be deemed to be valid, enforceable, and fully perfected without the need for any filing or recordation or any other action under local state or federal law to create or perfect such lien and security interest;

d. Budget overages should be limited to a **10%** cap on an line-item and on an aggregate basis, provided that variances may exceed the cap upon prior written consent by the Bank, request for which should be made not less than five (5) business days prior to the use of any such funds;

e. Any cash collateral not used, spent, or applied as provided in the budget, shall be retained in the Debtors' bank accounts pending further order of the Court;

b. The Debtors should provide to the Bank a list of all current and aging inventory for the preceding six-month period.

c. The Debtors should also provide to the Bank reasonably detailed (A) (i) income/profit and loss statements on a cash basis for the periods of April and May 2022, (ii) balance sheets for the periods of April and May 2022, (iii) net cash flow statements for the periods of April and May 2022, and (iv) weekly budget variance reports (budget to actual), (B) 2021 year-end financial statement and a year to date 2022 financial statement for the loan parties, and (B) documentation reflecting the status of any possessory liens, bailments or consignments with respect to any Collateral;

d. The terms of the order shall survive and be binding in the event of the appointment of a trustee or conversion of the case;

e. The Loan Documents shall remain in full force and effect;

f. The following shall constitute events of default resulting in the termination of Debtors' right to use Cash Collateral: (A) conversion or dismissal of the case, (B) appointment of a trustee or examiner, (C) entry of an order granting relief from stay to someone other than Bank to proceed against any assets of the Debtors; (D) Debtors exceeds expenditures

- 4 -
LIMITED OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING
DEBTOR TO USE CASH COLLATERAL

under the Budget by more than the allowed variances, (E) Debtors sell or abandon any of their assets without the Bank's consent or Court Approval (F) Debtors fails to maintain the insurance coverage required under the Loan Documents; (G) any of the Bank's liens are primed, or (H) Debtors fail to comply with any provisions of the cash collateral order; and

    g. There shall be no admission by the Bank that the protections provided in exchange for use of cash collateral are "adequate protection" under the Bankruptcy Code, and the Bank shall expressly reserve and not waive any rights on this issue, the value of its collateral, and all other issues.

## CONCLUSION

10. The Bank supports Debtors' use of Bank's cash collateral for payment of ordinary, reasonable and necessary budgeted operating expenses on the terms set forth herein and in the attached alternative order. The Bank respectfully requests that this Court impose the conditions, safeguards and protections set forth therein, and enter the attached alternative form of order.

11. The Bank reserves its right to amend and supplement this Objection, to submit a further objection to any proposed use of the Cash Collateral on a final basis, and to incorporate to the extent applicable objections to the Motion filed by other parties in interest.

Dated: June 9, 2022        Respectfully submitted,

                            REED SMITH LLP

                            By   /s/ Christopher O. Rivas
                                Marsha A. Houston
                                Christopher O. Rivas
                                355 South Grand Avenue, Suite 2900
                                Los Angeles, CA  90071-1514
                                Telephone: 213.457.8000
                                Facsimile: 213.457.8080

                            *Attorneys for Woodforest National Bank*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Reed Smith LLP, 355 S. Grand Ave, Suite 2900, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): _____ LIMITED OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL _____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 9, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Ron Bender    rb@lnbyb.com
Jonathan Gottlieb    jdg@lnbyg.com
Michael J Hauser    michael.hauser@usdoj.gov
Marsha A Houston    mhouston@reedsmith.com, hvalencia@reedsmith.com
Krikor J Meshefejian    kjm@lnbyg.com
Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
Lindsey L Smith    lls@lnbyg.com, lls@ecf.inforuptcy.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 9, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 9, 2022 | Sean Wilson | /s/ Sean Wilson |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.