United States Bankruptcy Court
Central District of California

| | |
|---|---|
| In re: | Case No. 22-10948-SC |
| TRX Holdco, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

District/off: 0973-8  User: admin  Page 1 of 2
Date Rcvd: Jun 10, 2022  Form ID: pdf042  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol   Definition**
+   Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 12, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | TRX Holdco, LLC, 450 Newport Center Drive, Suite 590, Newport Beach, CA 92660-7648 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 12, 2022   Signature:   /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 10, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Christopher O Rivas | on behalf of Creditor Woodforest National Bank crivas@reedsmith.com chris-rivas-8658@ecf.pacerpro.com |
| Jonathan Gottlieb | on behalf of Debtor TRX Holdco LLC jdg@lnbyg.com |
| Krikor J Meshefejian | on behalf of Debtor Fitness Anywhere LLC kjm@lnbyg.com |
| Krikor J Meshefejian | on behalf of Debtor TRX Holdco LLC kjm@lnbyg.com |
| Lindsey L Smith | on behalf of Debtor TRX Holdco LLC lls@lnbyg.com, lls@ecf.inforuptcy.com |
| Lindsey L Smith | on behalf of Debtor Fitness Anywhere LLC lls@lnbyg.com lls@ecf.inforuptcy.com |

District/off: 0973-8 | User: admin | Page 2 of 2
Date Rcvd: Jun 10, 2022 | Form ID: pdf042 | Total Noticed: 1

| | |
|---|---|
| Marsha A Houston | on behalf of Creditor Woodforest National Bank mhouston@reedsmith.com hvalencia@reedsmith.com |
| Michael J Hauser | on behalf of U.S. Trustee United States Trustee (SA) michael.hauser@usdoj.gov |
| Ron Bender | on behalf of Debtor Fitness Anywhere LLC rb@lnbyb.com |
| Ron Bender | on behalf of Debtor TRX Holdco LLC rb@lnbyb.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

TOTAL: 11

RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: RB@LNBYG.COM; KJM@LNBYG.COM; LLS@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession

**FILED & ENTERED**

**JUN 10 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re: | Lead Case No.: 8:22-bk-10948-SC |
| TRX HOLDCO, LLC, a Delaware limited liability company, | Jointly administered with: 8:22-bk-10949-SC |
| Debtor and Debtor in Possession. | Chapter 11 Cases |
| In re: | **ORDER GRANTING, ON AN INTERIM BASIS, DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 361, 362 AND 363 AND GRANTING ADEQUATE PROTECTION AND RELATED RELIEF** |
| FITNESS ANYWHERE LLC, a Delaware limited liability company, dba TRX and TRX Training, | |
| Debtor and Debtor in Possession. | |
| ☒ Affects both Debtors | DATE: June 10, 2022 |
| ☐ Affects TRX Holdco, LLC only | TIME: 10:00 a.m. |
| ☐ Affects Fitness Anywhere, LLC only | PLACE: *Via ZoomGov Courtroom 5C 411 West Fourth Street Santa Ana, CA 92701 |

1

On June 10, 2022, at 10:00 a.m. (Pacific Time) (the "Interim Hearing"), a hearing was held for the Court to consider approval of the motion ("Motion") (Doc 7), filed by TRX Holdco, LLC ("Hold Co") and Fitness Anywhere LLC, dba TRX and TRX Training ("Product Co" and, together with Hold Co, the "Debtors"), the debtors and debtors-in-possession in the above-captioned, jointly-administered, Chapter 11 bankruptcy cases, for the entry of an interim order:

(1) authorizing the Debtors' to use cash collateral, as such term is defined in 11 U.S.C. § 363(a): (a) to pay quarterly fees to the United States Trustee and any required court costs; (b) to pay, in the ordinary course of business, certain of the expenses set forth in the Debtors' respective thirteen (13) week cash flow forecasts and cash collateral budgets setting forth all projected cash receipts and cash disbursements and the projected impacts on accounts receivables and inventory following the Petition Date (each, a "Budget", and together, the "Budgets"), attached as **Exhibits 2, 3 and 4** to the Declaration of James S. Feltman (Doc 9) filed in support of the Motion; (c) to purchase inventory as needed to ensure that the Debtors do not suffer immediate and irreparable harm; and (d) in accordance with the terms and conditions set forth in the Motion;

(2) granting adequate protection to Woodforest National Bank (the "Bank") on account of the Bank's interest in the Debtors' cash collateral, on account of the Debtors' use of cash collateral as defined in 11 U.S.C. § 363(a), in the form of (a) a replacement lien against the Debtors' post-petition assets (excluding any avoidance causes of action), to the extent of any post-petition diminution in the value of the Bank's collateral as a result of the Debtors' post-petition use of cash collateral; and (b) a super priority administrative claim pursuant to Section 507(b) of the Bankruptcy Code to the extent of any post-petition diminution in the value of the Bank's prepetition collateral as a result of the Debtors' post-petition use of cash collateral;

(3) the scheduling of a final hearing (the "Final Hearing") on the Motion to consider entry of a final order granting the relief requested in the Motion on a final basis; and

(4) waiver of any applicable stay (including under Bankruptcy Rule 6004) and provision for immediate effectiveness of this Interim Order.

Appearances were as stated on the Court's record.

   The Court, having read and considered the Motion, the Feltman Declaration, the Declaration of Brent Leffel (Doc 8) filed in support of the Motion, the Declaration of Krikor J. Meshefejian filed in support of the Motion (Doc 10), the Declaration of Joshua Benn filed in support of the Motion (Doc 12), and all other pleadings and papers filed in support of the Motion; the limited objection filed by the Bank (Doc 28); notice of the Interim Hearing on the Motion having been given in accordance with all applicable rules; and the Interim Hearing having been held and concluded; and all objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved or overruled by the Court; and it appearing that approval of the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors' bankruptcy estates pending the Final Hearing, and otherwise is fair and reasonable and in the best interests of the Debtors' bankruptcy estates and is essential for the Debtors' ability to continue to operate and preserve the value of their respective assets; and after due deliberation and consideration, and good and sufficient cause appearing, hereby orders as follows:

   1.  The Motion is granted on an interim basis for the period set forth in the Debtors' Budgets through June 30, 2022.

   2.  The Debtors are authorized to use their cash collateral on an interim basis in order to: (a) pay quarterly fees to the United States Trustee and any required Court costs; (b) pay, in the ordinary course of business, the expenses set forth in the Debtors' Budgets through June 30, 2022; and (c) pay up to $300,000 for the purchase of new inventory.  The Debtors may not pay any professional fees or expenses absent a further order of the Court.  Notwithstanding the foregoing, the Debtors may only pay the major expenses provided for during the fourth week of the Budgets (i.e., the week starting with June 27, 2022) with the prior written approval of the Bank or further order of the Court.

   3.  Subject to the last sentence of this paragraph, the Debtors are authorized to deviate from the Budgets, without the need for any further Court order, by up to 15% by line item and 15% in the aggregate (meaning the Debtors have the authority to deviate by more than 15% per any particular line items provided they don't exceed 15% in the aggregate) without the

need for any further Court order, and the Debtors are authorized to deviate further from the Budgets without the need for any further Court order provided the Debtors obtain the prior written consent of the Bank, provided further that the Debtors shall provide the Bank with no less than five (5) business days' notice of any request for additional variance. In the event of an unforeseen urgency which requires shorter notice than provided herein, the Debtors shall provide such shorter notice to the Bank with a requested turnaround time and a brief explanation of the nature of the unforeseen urgency, and both parties shall work together in good faith to address such issues. In addition to the foregoing deviations, the Debtors have the authority to increase their budgeted expense amounts to pay for any proportional increase in post-petition commissions owing as a result of any increase in sales beyond the projected sales amounts, e.g., AMZN commissions (meaning the more the Debtors sell the higher their commissions will be). Notwithstanding the foregoing, the Debtors may not spend more than $300,000 for the purchase of new inventory during the period covered by this Interim Order without the prior consent of the Bank or order of the Court.

   4. The Debtors will continue to provide the Bank with financial reporting on not less than a weekly basis in the same format as the Debtors were providing the Bank pre-petition, and the Debtors and the Bank will work in good faith in an effort to accommodate the Bank's request for any additional or different financial reporting. By Wednesday of each week, the Debtors will provide the Bank with a variance report that compares the Debtors' financial performance for the prior week compared to the Debtors' projected performance for the prior week. The reporting format for the variance reports will be the in the same format as summarized in the Budgets.

   5. The Bank is hereby granted, on account of the Bank's interest in the Debtors' cash collateral, on account of the Debtors' post-petition use of cash collateral, adequate protection in the form of (a) a replacement lien against the Debtors' post-petition assets (excluding any avoidance causes of action), to the extent of any post-petition diminution in the value of the Bank's collateral as a result of the Debtors' post-petition use of cash collateral; and (b) a super priority administrative claim pursuant to Section 507(b) of the Bankruptcy Code to the extent of any post-petition diminution in the value of the Bank's prepetition collateral as a

result of the Debtors' post-petition use of cash collateral. All replacement liens granted herein are valid, enforceable and fully perfected, and no filing or recordation or any other act in accordance with any applicable local, state, or federal law is necessary to create or perfect such lien and security interest; provided, however, that upon request of the Bank, the Debtors shall execute such security and perfection documentation as may be reasonably required to create or perfect such liens under applicable non-bankruptcy law. For the avoidance of doubt, the Bank shall not be required to seek relief from the automatic stay to create or perfect such liens.

6. Nothing herein shall constitute a waiver, release or modification of the rights of the Bank to assert a claim under §§ 364(c) or 507(b).

7. This Order shall be binding on the Debtors under all circumstances and shall be binding upon all other parties in interest, including any chapter 7 or chapter 11 trustee that may be appointed or elected on behalf of the Debtors' estates.

8. Nothing contained in this Interim Order shall be deemed or construed to waive, reduce or otherwise diminish the rights of the Bank or the Debtors under the Loan Documents (subject to applicable bankruptcy law and the imposition of the automatic stay), or the Bankruptcy Code, and nothing contained in this Interim Order shall be deemed or construed to waive, reduce or otherwise diminish the rights of the Bank to seek additional or different adequate protection of its interests under the Loan Documents, to take any other action in this bankruptcy case, including, but not limited to, seeking relief from the automatic stay or dismissal or conversion of this case at any time, all without prejudice to the rights of the Debtors or any other party in interest to oppose any such relief sought or requested by the Bank.

9. A Final Hearing on the Motion shall be held on June 30, 2022, at 10:00 a.m.

10. The Debtors shall provide notice of the Final Hearing on all creditors entitled to such notice by no later than June 10, 2022.

11. The Debtors shall file any desired supplement to the Motion, including any proposed modifications to the Budgets, by no later than June 15, 2022.

12. Any opposition to entry of an order granting the Motion on a final basis shall be filed and served on proposed counsel to the Debtors by no later than June 28, 2022.

13. Any reply to an opposition may be asserted orally at the Final Hearing.

14. This Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Interim Order.

15. This Interim Order is without prejudice to the rights of the Debtors to seek further or different use of cash collateral prior to the Final Hearing, and is without prejudice to the rights of any other party in interest, including the Bank, to oppose any such request of the Debtors.

### ###

Date: June 10, 2022

Scott C. Clarkson
United States Bankruptcy Judge