RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: RB@LNBYG.COM; KJM@LNBYG.COM; LLS@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>TRX HOLDCO, LLC, a Delaware limited liability company,<br><br>　　　　Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>FITNESS ANYWHERE LLC, a Delaware limited liability company, dba TRX and TRX Training,<br><br>　　　　Debtor and Debtor in Possession.<br>_____<br><br>☒ Affects both Debtors<br><br>☐ Affects TRX Holdco, LLC only<br><br>☐ Affects Fitness Anywhere, LLC only | Lead Case No.: 8:22-bk-10948-SC<br><br>Jointly administered with:<br>8:22-bk-10949-SC<br><br>Chapter 11 Cases<br><br>**APPLICATION OF CHAPTER 11 DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY KROLL, LLC AS FINANCIAL ADVISORS PURSUANT TO 11 U.S.C. § 327(a); DECLARATION OF JAMES FELTMAN IN SUPPORT THEREOF**<br><br>[No hearing required unless requested – L.B.R. 2014-1(b)] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE**:

TRX Holdco, LLC ("Hold Co") and Fitness Anywhere LLC, dba TRX and TRX Training ("Product Co" and together with Hold Co and Product Co, collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned, jointly-administered Chapter 11 bankruptcy cases, respectfully submits this Application for authority to employ Kroll, LLC ("Kroll") as the Debtors' financial advisors pursuant to 11 U.S.C. § 327(a), with compensation pursuant to 11 U.S.C. § 330, and with such employment to be effective as of the date of the Debtors' bankruptcy filings .

**I.**

**CASE BACKGROUND**

On June 8, 2022, the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtors have operated their businesses and managed their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Debtors and their respective subsidiaries (collectively referred to herein as "TRX") comprise a world leading functional fitness company.  Since being founded in 2004, TRX has evolved into a digitally-enabled, vertically integrated, omni-channel fitness lifestyle brand with global reach powered by a large community of consumer and trainer enthusiasts.  TRX's flagship and patented product - Suspension Trainer™ - is a highly versatile, portable, compact and affordable fitness and training device/workout tool with broad reach across demographic groups and fitness levels, which can be utilized effectively across fitness modalities.  TRX offers a full line of functional training tools and accessories to complement the Suspension Trainer™ to serve all types of functional needs, from at-home essentials to complete gym installations.  TRX also launched in 2021 a purpose-built digital subscription-based platform - the TRX Training Club® - that offers a library of on-demand videos and daily live classes.

Despite the development and success of the Debtors' products over the years, the Debtors' revenue and cash flow from operations has been insufficient to support their current business

operations as well as their continued growth.  There have been many reasons for this including competition, macroeconomic conditions, purchases of inventory in anticipation of demand that did not occur in an unpredictable market, and higher than anticipated development costs associated with the Debtors' digital training platform and increased marketing expenses, partially attributable to general increases in paid advertising.  It became apparent in late 2021 that the Debtors would require additional cash and investment to fund the Debtors' long-term operations and growth and satisfy the Debtors' secured debt obligations owed to the Bank of more than $19 million.

Pre-petition, the Debtors hired Kroll Securities, LLC[1] and Integrity Square LLC to, among other things, identify prospective investors and seek to obtain additional investments in the Debtors' business to further capitalize the Debtors and meet the Debtors' operational and growth needs, or engage in a sale transaction.  The Debtors' pre-petition efforts to raise capital to pay down debt or engage in a strategic merger/acquisition with/by a buyer or investor did not result in a consummated transaction.

The Debtors' current financial situation is precarious in that the Debtors estimate that unless they can consummate a transaction or obtain additional financing, the Debtors will not have sufficient liquidity to replenish inventory, impairing future customer sales and thereafter negatively impacting the Debtors' goodwill.  The Debtors believe that if there was a shutdown of their business with a resulting liquidation, it would be a disastrous result for creditors, including the Bank.

Based on the foregoing, the Debtors determined in the exercise of their business judgment that the best option available to the Debtors would be to conduct an expedited free and clear asset sale in a chapter 11 bankruptcy proceeding and consummate that asset sale before the Debtors' inventory falls below required operational levels and the Debtors run out of sufficient liquidity to sustain operations.  The Debtors believe that proceeding in this manner will afford them with the best opportunity to achieve the maximum price possible for their assets for the benefit of their

---

[1] Kroll Securities, LLC is an entity related to Kroll that provides investment banking services, whereas Kroll provides financial advisory services. The Debtors will also be employing Kroll Securities, LLC as their investment banker and will be separately filing an employment application seeking approval of their employment of Kroll Securities, LLC.

creditors and other parties in interest.  The Debtors are optimistic that this free and clear asset sale process will result in a successful sale transaction closing.

## II.

## EMPLOYMENT OF FINANCIAL ADVISORS

The Debtors require the services of a financial advisory firm to render the following types of professional services within the context of their pending Chapter 11 cases:

> a.  Assist the Debtors in developing a short-term cash flow forecasting tool and related methodologies as requested by the Debtors.

> b.  Assist the Debtors with preparation of financial information needed for pleadings and other required documents to be filed in the Debtors' bankruptcy cases, including execution of relevant documents and pleadings, reviewing the bankruptcy petitions and first day motions and related pleadings, providing declarations in support of first day pleadings and other pleadings as appropriate, attend and appear on behalf of the Debtors at bankruptcy hearings and 341 meetings of creditors and related ancillary bankruptcy matters.

> c.  Assist in the development, along with management and restructuring professionals, a Plan of Reorganization or asset sale process with the goal of achieving maximum value for the bankruptcy estates in an expedited manner.

> d.  Coordinate activities and assist in communication with outside constituents and advisors, including banks and their advisors.

> e.  Perform such other related services, including the providing of Declarations and or testimony as are mutually agreeable to Kroll and the Debtors.

The Debtors have decided that Kroll is the ideal financial advisory firm to assist the Debtors, taking into account Kroll's reputation, experience (particularly in Chapter 11 bankruptcy cases), skill level and cost. The Debtors believe that Kroll possesses the resources and qualifications to provide the financial advisory services contemplated herein in an efficient manner. The Debtors seek to employ Kroll as their financial advisors, at the expense of the

Debtors' bankruptcy estates, and to have the Debtors' employment of Kroll be deemed effective as of the Petition Date (June 8, 2022).

Kroll is comprised of, among others, operational and financial restructuring advisors experienced in providing administrative and operational assistance to debtors in possession in connection with their Chapter 11 bankruptcy cases to maximize value to creditors and stakeholders. Kroll's restructuring practice works quickly and practically to identify issues, implement solutions and achieve results. Kroll has the expertise to reposition companies and turn them around, and Kroll's toolkit helps extract value from difficult credit situations. Kroll commonly leverages its technical excellence and ethical standards to manage complex insolvencies and bankruptcies and provide timely insights into bankruptcy litigation proceedings through its breadth and depth of knowledge. Kroll has nearly 400 restructuring professionals.

The Debtors expect that James Feltman and Scott Lyman will be the professionals at Kroll primarily responsible for providing financial advisory services to the Debtors in these cases. True and correct copies of the professional biographies for Misters Feltman and Lyman are collectively attached as **Exhibit "2,"** to the Declaration of James Feltman annexed hereto (the "Feltman Declaration") and are incorporated herein by reference. Kroll has agreed to apply a 25% discount to its fees for this engagement. Taking into account the 25% discount, the hourly billing rate for Mr. Feltman is $950 and the hourly billing rate for Mr. Lyman is $750. The hourly billing rates for other professionals at Kroll are as follows:

**Level/Discounted Hourly Rate**
Managing Director $950
Director $750
Vice President $625
Senior Associate $495
Analyst $400

The Debtors seek to employ Kroll under the terms and conditions set forth in the Engagement Letter attached to the Feltman Declaration as **Exhibit "1"**. Although the Engagement Letter states that the Debtors will pay Kroll a retainer in the amount of $75,000, prior to the Petition Date, the Debtors actually paid Kroll a retainer in the amount of $100,000, which constituted an advanced fee retainer for services in contemplation of and in connection

with the Debtors' chapter 11 cases (the "Retainer").  Kroll was advised by the Debtors that the source of payment of the Retainer was from the Debtors' respective funds.  Except as described above, Kroll has not been paid any other money by the Debtors at any other time. As of the Petition Date, none of the Retainer remained. Kroll has agreed to write off any fees or costs incurred but not covered by the Retainer on a pre-petition basis.

As indicated above, the Debtors expect to consummate a sale of their assets in an expedited sale process.  The Debtors do not expect that any conflict will arise resulting from Kroll's representation of both Debtors, and the Debtors believe that hiring separate financial advisors for each of the Debtors would be extremely burdensome, expensive, inefficient, impractical and unnecessary.  In the event that any conflict issue(s) arise between the Debtors, Kroll will notify the Court and address such conflict that would be appropriate under the circumstances, including having one or both Debtors hiring special counsel to address the issue or conflict.

Because the majority of the assets are owned by Product Co and all or essentially all of the business operations of the Debtors are conducted by Product Co, Kroll proposes to bill all of its time to the Product Co bankruptcy case unless the matter deals only with the Hold Co bankruptcy case in which case Kroll will bill its time to the Hold Co bankruptcy case.

Kroll understands the provisions of 11 U.S.C. §§ 327(a) and 330, which require, among other things, Court approval of the Debtors' employment of Kroll as financial advisors and of the payment of all fees and expenses that Kroll will receive from the Debtors and the Debtors' estates.

Kroll is not an equity security holder or an insider of the Debtors.

To the best of its knowledge, except as set forth herein, Kroll does not have any previous connection with any insider of the Debtors or any insider of an insider of the Debtors.

As set forth in the annexed Feltman Declaration, to the best of Kroll's knowledge, Kroll does not hold or represent any interest materially adverse to the Debtors or their estates, and Kroll is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.  Also, to the best of Kroll's knowledge, except as set forth herein, Kroll has no prior

connection with the Debtors, any creditors of the Debtors or their estates, or any other party in interest in the Debtors' cases, or any of their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

Prior to the Petition Date, Kroll Securities, LLC, an entity related to Kroll, was employed as the Debtors' investment banker. The Debtors will be seeking Court authority to continue employing Kroll Securities, LLC's during their bankruptcy cases and will be separately filing an employment application seeking approval of their employment of Kroll Securities, LLC.

Except as set forth herein, Kroll is not and was not an investment banker for any outstanding security of the Debtors.  Kroll has not been within three years before the Petition Date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

Except as set forth herein, neither Kroll nor any member of Kroll is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

The Debtors believe that their employment of Kroll upon the terms and conditions set forth above is in the best interest of the Debtors' estates.

**WHEREFORE**, the Debtors respectfully request that the Court approve the Debtors' employment of Kroll as their financial advisors upon the terms and conditions set forth herein.

Dated: June 16, 2022

TRX HOLDCO, LLC
FITNESS ANYWHERE LLC, dba TRX and TRX TRAINING

_____
Name: Michael Zuercher
Title: General Counsel

                LEVENE, NEALE, BENDER, YOO
                & GOLUBCHIK L.L.P.
                By: _/s/ Lindsey L. Smith_____
                        Ron Bender
                        Krikor J. Meshefejian
                        Lindsey L. Smith
                        Proposed Counsel for Chapter 11 Debtors
                        and Debtors in Possession

### DECLARATION OF JAMES FELTMAN

I, James Feltman, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto. Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such terms as in the Application to which this Declaration is attached (the "Application").

2.      I am a managing director in the restructuring practice at Kroll.

3.      TRX Holdco, LLC ("Hold Co") and Fitness Anywhere LLC, dba TRX and TRX Training ("Product Co" and together with Hold Co and Product Co, collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 bankruptcy cases have requested that Kroll serve as their financial advisors in connection with their chapter 11 bankruptcy cases that the Debtors commenced on June 8, 2022 (the "Petition Date").

4.      The Debtors require the services of a financial advisory firm to render the following types of professional services within the context of their pending Chapter 11 cases:

a.   Assist the Debtors in developing a short-term cash flow forecasting tool and related methodologies as requested by the Debtors.

b.   Assist the Debtors with preparation of financial information needed for pleadings and other required documents to be filed in the Debtors' bankruptcy cases, including execution of relevant documents and pleadings, reviewing the bankruptcy petitions and first day motions and related pleadings, providing declarations in support of first day pleadings and other pleadings as appropriate, attend and appear on behalf of the Debtors at bankruptcy hearings and 341 meetings of creditors and related ancillary bankruptcy matters.

c.   Assist in the development, along with management and restructuring professionals, a Plan of Reorganization or asset sale process with the goal of achieving maximum value for the bankruptcy estates in an expedited manner.

d.   Coordinate activities and assist in communication with outside constituents and advisors, including banks and their advisors.

e.    Perform such other related services, including the providing of Declarations and or testimony as are mutually agreeable to Kroll and the Debtors.

5.    The Debtors seek to employ Kroll as their financial advisors, at the expense of the Debtors' bankruptcy estates, and to have the Debtors' employment of Kroll be deemed effective as of the Petition Date (June 8, 2022).

6.    Kroll is comprised of, among others, operational and financial restructuring advisors experienced in providing administrative and operational assistance to debtors in possession in connection with their Chapter 11 bankruptcy cases to maximize value to creditors and stakeholders. Kroll's restructuring practice works quickly and practically to identify issues, implement solutions and achieve results. Kroll has the expertise to reposition companies and turn them around, and Kroll's toolkit helps extract value from difficult credit situations. Kroll commonly leverages its technical excellence and ethical standards to manage complex insolvencies and bankruptcies and provide timely insights into bankruptcy litigation proceedings through its breadth and depth of knowledge. Kroll has nearly 400 restructuring professionals.

7.    I expect that Scott Lyman and I will be the professionals at Kroll primarily responsible for providing financial advisory services to the Debtors in these cases. True and correct copies of the professional biographies for Mr. Lyman and me are collectively attached hereto as **Exhibit "2"**. Kroll has agreed to apply a 25% discount to its fees for this engagement. Taking into account the 25% discount, my hourly billing rate is $950 and the hourly billing rate for Mr. Lyman is $750. The hourly billing rates for other professionals at Kroll are as follows:

**Level/Discounted Hourly Rate**
Managing Director $950
Director $750
Vice President $625
Senior Associate $495
Analyst $400

8.    The Debtors seek to employ Kroll under the terms and conditions set forth in the Engagement Letter attached hereto as **Exhibit "1"**.  Although the Engagement Letter states that the Debtors will pay Kroll a retainer in the amount of $75,000, prior to the Petition Date, the Debtors actually paid Kroll a retainer in the amount of $100,000, which constituted an advanced

fee retainer for services in contemplation of and in connection with the Debtors' chapter 11 cases (the "Retainer"). I was advised by the Debtors that the source of payment of the Retainer was from the Debtors' respective funds. Except as described above, Kroll has not been paid any other money by the Debtors at any other time. As of the Petition Date, none of the Retainer remained. Kroll has agreed to write-off fees and costs incurred on a pre-petition basis which exceed the amount of the Retainer.

9.      As indicated in the Application, the Debtors expect to consummate a sale of their assets in an expedited sale process. I do not expect that any conflict will arise resulting from Kroll's representation of both Debtors, and I believe that hiring separate financial advisors for each of the Debtors would be extremely burdensome, expensive, inefficient, impractical and unnecessary. In the event that any conflict issue(s) arise between the Debtors, Kroll will notify the Court and address such conflict that would be appropriate under the circumstances, including having one or both Debtors hiring special counsel to address the issue or conflict.

10.      Because the majority of the assets are owned by Product Co and all or essentially all of the business operations of the Debtors are conducted by Product Co, Kroll proposes to bill all of its time to the Product Co bankruptcy case unless the matter deals only with the Hold Co bankruptcy case in which case Kroll will bill its time to the Hold Co bankruptcy case.

11.      I understand the provisions of 11 U.S.C. §§ 327(a) and 330, which require, among other things, Court approval of the Debtors' employment of Kroll as financial advisors and of the payment of all fees and expenses that Kroll will receive from the Debtors and the Debtors' estates.

12.      Kroll is not an equity security holder or an insider of the Debtors.

13.      Kroll Securities, LLC is an entity related to Kroll that provides investment banking services, whereas Kroll provides financial advisory services. I understand that the Debtors will also be employing Kroll Securities, LLC as their investment banker and will be separately filing an employment application seeking approval of their employment of Kroll Securities, LLC.

14.    To the best of my knowledge, except as set forth herein, Kroll does not have any previous connection with any insider of the Debtors or any insider of an insider of the Debtors.

15.    To the best of my knowledge, Kroll does not hold or represent any interest materially adverse to the Debtors or their estates, and Kroll is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.  Also, to the best of my knowledge, except as set forth herein, Kroll has no prior connection with the Debtors, any creditors of the Debtors or their estates, or any other party in interest in the Debtors' cases, or any of their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

16.    Prior to the Petition Date, Kroll Securities, LLC, an entity related to Kroll, was employed as the Debtors' investment banker. The Debtors will be seeking Court authority to continue employing Kroll Securities, LLC's during their bankruptcy cases and will be separately filing an employment application seeking approval of their employment of Kroll Securities, LLC.

17.    Except as set forth herein, Kroll is not and was not an investment banker for any outstanding security of the Debtors.  Kroll has not been within three years before the Petition Date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

18.    Except as set forth herein, Kroll is not and was not an investment banker for any outstanding security of the Debtors.  Kroll has not been within three years before the Petition Date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

///

///

///

///

///

19.    Neither Kroll nor any member of Kroll is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 16th day of June, 2022, at Chicago, Illinois.


_____

JAMES FELTMAN, Declarant

**EXHIBIT "1"**

**[ENGAGEMENT LETER]**

# KROLL

---

**CONFIDENTIAL**

**VIA E-MAIL**: brent@equity38.com

May 31, 2022

Mr. Brent Leffel
Chairman
TRX Holdco, LLC; Fitness Anywhere LLC
450 Newport Center Drive, Suite 590
Newport Beach, CA 92660

**SUBJECT:    Provision of Restructuring Advisory Services to TRX Holdco, LLC and Fitness Anywhere LLC**

Dear Mr. Leffel:

This letter confirms the understanding and agreement (the "Agreement") with TRX Holdco, LLC and Fitness Anywhere LLC (collectively called the "Company" or the "Client"), concerning the engagement of Kroll, LLC ("Kroll"). This Agreement reflects the terms and conditions of Kroll's engagement by the Company to provide Restructuring Advisory Services to the Company with an effective date as of May 27, 2022.

Kroll is not rendering any legal advice in this matter, and all legal advice being provided to your Client shall be your sole responsibility.

Our work may include investigating, collecting and analyzing information, including but not limited to accounting records and other financial information, as well as performing various financial and accounting analyses, as needed and directed by you. However, our engagement does not include an audit in accordance with generally accepted auditing standards of existing business records.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) or any report or deliverable contemplated by this communication, whether draft or final, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Restructuring Advisory Services are intended to include the following:

- Working collaboratively with the senior management team, certain Members of the Board of Directors and other Company professionals, Kroll will assist the Company to do the following:

    a. Assist the Company to prepare for  Chapter 11 filings in a United States bankruptcy court having jurisdiction over the Company's proceedings

Kroll, LLC
55 East 52nd Street
New York, NY 10055

T    +1 305-793-6279
F

James.Feltman@kroll.com
www.kroll.com

TRX Holdco, LLC and Fitness Anywhere LLC
Engagement Letter
May 31, 2022
Page 2

    b.   Assist the Company to oversee bankruptcy preparation and filing activities; including execution of relevant documents, reviewing the bankruptcy petitions and first day affidavits, execute first day affidavits as appropriate, attend and appear on behalf of the Company at bankruptcy hearings and 341 meetings of Creditors and related ancillary bankruptcy matters

    c.   Assist in the development, along with the Boards, management, and restructuring professionals, a Plan of Reorganization or asset sale process with the goal of achieving maximum value for the bankruptcy estates in an expedited manner

    d.   Coordinate activities and assist in communication with outside constituents and advisors, including banks and their advisors

    e.   Perform such other related services, including the provision of Declarations and or testimony as are mutually agreeable to Kroll and the Company

    f.   Assist the Company and its management and Boards in developing a short-term cash flow forecasting tool and related methodologies and to assist with planning for alternatives as requested by the Company and/or the Boards

In performing its services pursuant to this Agreement, Kroll is not assuming any responsibility for the Company's decision to pursue (or not to pursue) any business strategy or to effect (or not to effect) any Restructuring Transaction or other transaction; and Kroll will not act, or be deemed to have acted or assumed the duties of acting, in any managerial or fiduciary capacity whatsoever for the Company. Kroll makes no representations or warranties concerning the Company's ability to improve its operations, maintain or secure sufficient liquidity to operate its business or successfully complete a Restructuring Transaction. The Company agrees that Kroll shall not have any obligation or responsibility to provide accounting, audit, or to provide any valuation opinions, fairness opinions, or any advice or opinions with respect to solvency in connection with any Restructuring Transaction, but may provide advice with respect to the foregoing to the Company in connection with the performance of the financial advisory duties described above. The Company confirms that it will rely on its own counsel, accountants, and similar expert advisors for legal, accounting, tax and other similar advice.

## Confidentiality and Privilege

Our work is intended for your use and benefit in the representation of the Client and should not be used by any other party for any other purpose except as explicitly permitted hereunder.  You and Client shall maintain all information or documents prepared by Kroll and/or provided by Kroll (the "Kroll Work Product") as confidential, and shall not disclose, disseminate, redistribute or otherwise make available the Kroll Work Product to any third party, whether in whole or in part, without the express written consent of Kroll, provided, however, that Kroll Work Product may be disclosed if required by law or in response to a lawful order or demand of any court of competent jurisdiction, provided, however, that before making such a disclosure, you and/or Client, as applicable, agree to provide Kroll with prompt prior notice of any such compelled disclosure so that you, Kroll or Client may seek a protective order or other appropriate remedy.

It is anticipated that all information or documents prepared by Kroll and/or provided by Kroll to you and/or your Client in the course of this engagement constitute confidential communications protected from disclosure to third parties by the attorney-client privilege and/or constitute confidential work product protected from disclosure to third parties by the attorney work-product doctrine.  As such, all documents, including but not limited to written reports, memoranda, financial analyses and summaries, that we prepare in connection with this engagement shall be prominently labeled "Attorney Work-Product;

TRX Holdco, LLC and Fitness Anywhere LLC
Engagement Letter
May 31, 2022
Page 3

Privileged & Confidential" at your request. We will not prepare any written reports in this matter unless specifically requested to do so by you.

It is anticipated that all information or documents supplied to Kroll by you and/or your Client in the course of this engagement constitute confidential communications protected from disclosure to third parties by the attorney-client privilege and/or constitute confidential work product protected from disclosure to third parties by the attorney work-product doctrine.

## Conflict Check

An internal search within Kroll was performed for any potential client conflicts based on the names of the person(s)/entities that you provided.  To the best of our knowledge and belief, client conflicts were not identified at that time. You agree that you will inform Kroll of additional parties to this matter or of name changes of the person(s)/ entities that you initially provided.

Since Kroll is presented with new client opportunities every day, we cannot ensure that, following the completion of our internal conflict search, an engagement on behalf of any of the person(s)/ entities in this matter will not be accepted by Kroll.  Should a conflict come to the attention of the Managing Director in charge of your engagement, he or she will advise you as soon as possible.

Kroll understands that Kroll was previously retained by the Company to provide investment banking and related services.  Kroll agrees to continue working with the Company and to provide the services described above even if the Company decides to proceed with a different investment banker or no investment banker.

## Staffing

James S. Feltman will be the managing director responsible for the overall engagement. He will be assisted by a staff of consultants at various levels, who have a wide range of skills and abilities related to this type of assignment. In addition, Kroll has relationships with, and may periodically use, independent contractors with specialized skills and abilities to assist in this engagement. We will periodically review the staffing levels to determine the proper mix for this assignment. We will only use the necessary staff required to complete the requested planned tasks.

## Fees and Expenses

We will bill on a time and expense basis, with our fees determined by the hours actually expended by each assigned professional.  We recognize the need to maximize cost efficiency, and therefore, we endeavor to utilize staff at the level commensurate to the particular task while maintaining our standard of high quality work product.

Kroll has agreed to apply a 25% discount to its fees for this engagement.  Our discounted hourly billing rates for this engagement will be as follows

| Level | Discounted Hourly Rate |
|---|---|
| Managing Director | $950 |
| Director | $750 |
| Vice President | $625 |
| Senior Associate | $495 |
| Analyst | $400 |

Attendance at out-of-town trial and deposition is billed at a minimum of eight hours per day.  Out-of-town travel time is billed at the standard time rates quoted above.  All reasonable direct out-of-pocket

TRX Holdco, LLC and Fitness Anywhere LLC
Engagement Letter
May 31, 2022
Page 4

expenditures incurred on your behalf will be billed to you at our cost for such items.  Any out-of-town air or rail travel will be booked as business class, or in the event business class is not available, first class.  Regardless, all air travel in excess of six hours one- way will be booked as first class.

Our hourly rates are adjusted from time to time, and we will advise you promptly if a rate adjustment is being made by Kroll.

We will discuss with you the impact on fees and expenses of any proposed changes to the Services.

Kroll will bill your Client monthly (at the Client address listed in the signature block below or as otherwise updated by you or Client) directly via invoice with a copy to you.  It is acknowledged that payment is the sole responsibility of the Client.  However, Kroll understands that if the Company files chapter 11 bankruptcy cases, the ability of the Company to make any post-bankruptcy payments to Kroll will be dependent upon the Bankruptcy Court's approval of such payments and ultimate allowance by the Bankruptcy Court after notice and a hearing.

A total non-refundable initial retainer of $75,000 is due upon execution of this engagement letter.  The retainer shall be applied to the final billing rendered hereunder, and any excess shall be promptly refunded to you, unless the total fees in the case are less than the initial non-refundable retainer, in which case the excess will be deemed earned by us and not subject to refund.  We reserve the right to increase the retainer during the course of the engagement to better protect our ability to collect fees, subject to that set forth above in the event the Company files chapter 11 bankruptcy cases. Further, if invoices are outstanding for more than ninety (90) days, the retainer will be automatically applied against the outstanding balance and will need to be immediately replenished to restore the retainer to the amount of the initial retainer in order for any further work to be performed hereunder.

We do not warrant or predict results in this matter, and our fees are not contingent upon any outcome arising out of the provision of the Services.

If we do not receive payment of any invoice within fifteen (15) days of the invoice date, we shall be entitled, without prejudice to any other rights that we may have, to suspend provision of the Services until all sums due are paid in full, recognizing that any post-bankruptcy payments are subject to the approval of the Bankruptcy Court as set forth above, and Kroll's ability to withdraw and/or suspend providing services during chapter 11 bankruptcy cases will be permitted only with the prior approval of the Bankruptcy Court after notice and a hearing.  Further, to safeguard against any assertion or allegation that our work may in some way be influenced by, or contingent upon, the outcome of our analyses, we require that all outstanding invoices be paid, in full, prior to us issuing any expert report and prior to us furnishing testimony in deposition or trial, should the services herein require such testimony. Accordingly, we reserve the right to refuse to testify if we have not been paid in full at the time such testimony is required.

## Terms and Conditions

The attached Terms and Conditions set forth the rights and responsibilities of the parties with respect to the Services.  By signing this Letter of Engagement, it is acknowledged that the Client understand and agree to the Terms and Conditions.

*    *    *    *    *

TRX Holdco, LLC and Fitness Anywhere LLC
Engagement Letter
May 31, 2022
Page 5

Kroll is committed to providing superior service to its clients.  If you have any questions or require further information, please call me at 305-793-6279.  If the scope and terms of this Letter of Engagement are acceptable, please acknowledge your acceptance by signing and returning a copy of this letter to James Feltman at Kroll, LLC, 55 East 52nd Street, New York, NY 10055.

Yours sincerely,

James Feltman
Managing Director
Kroll, LLC

## Confirmation of Letter of Engagement

I declare that I have the authority to act on behalf of and bind the Company, and I have read, understand and accept the Letter of Engagement, and Terms and Conditions attached thereto, dated May 31, 2022.

Date: 5/31/2022

Signed:          Brent Leffel
Title:            Chairman of TRX Holdco, LLC

## Confirmation of Letter of Engagement

I declare that I have the authority to act on behalf of and bind the Company, and I have read, understand and accept the Letter of Engagement, and Terms and Conditions attached thereto, dated May 31, 2022.

Date: 5/31/2022

Signed:          Brent Leffel
Title:            Chairman of Fitness Anywhere LLC

Attachment to Client, Letter of Engagement dated May 31, 2022

## Terms and Conditions

The following are the terms and conditions (the "Terms and Conditions") on which we will provide the Services set forth in the attached Letter of Engagement. Together, the Terms and Conditions and the Letter of Engagement are referred to as the "Contract," which forms the entire agreement between Kroll and you relating to the Services.

### General

1. Any variation to this Contract, notwithstanding any variation to the Services specified in the Letter of Engagement, shall be set forth in a letter or email communication deemed effective and made part of this Letter of Engagement upon written acknowledgement by the receiving party.

2. After we have delivered any work product in final form, we have no responsibility to update such work product to reflect, incorporate or otherwise consider any events or circumstances occurring subsequent to the date of provision of such work product. If such update is requested, a separate letter of engagement, subject to our then standard fees plus expenses, shall be required.

### Provision of Information

3. Our performance of the Services is dependent upon you providing us with accurate and timely information and assistance. You shall use reasonable skill, care and attention to ensure that all information we may reasonably require is provided on a timely basis and is accurate and complete. You shall notify us if you subsequently learn that the information provided is incorrect or inaccurate or otherwise should not be relied upon. Failure to comply with this provision in any manner will frustrate, delay and/or otherwise impede Kroll's performance of the Services, and Kroll shall not be held liable for any damage, sanction or penalty as a result thereof.

### Work Product and Property Rights

4. There may be differences between the draft and final work product. During the course of our work, drafts of our report may be issued. You acknowledge that no reliance shall be placed on draft reports, conclusions or advice, whether oral or written, issued by us as the same may be subject to further work, revision, and other factors which may result in such drafts being substantially different from any final report or advice issued. Further, you acknowledge that issuance of draft reports may be discoverable and subject of us being forced to produce such drafts in discovery in this matter.

5. Any advice given or work product issued by us is provided solely for your use and benefit and only in connection with the Services. Unless required by law, you shall not provide such work product to any third party (except to other consultants or experts engaged by you in connection with this matter who you agree shall be subject to the confidentiality requirements and restrictions on use set forth herein) or refer to us or the Services without our prior written consent, where such consent shall not be unreasonably withheld by Kroll. In no event, regardless of whether consent has been provided, shall we assume any responsibility to any third party to which any advice or work product is disclosed or otherwise made available.

6. Unless otherwise instructed by court order or other written instruction, upon conclusion of our services, all documents reviewed and work product prepared in connection with this engagement shall be handled in accordance with our document retention policy.

7. To the extent that Kroll utilizes any of its property (including, but not limited to, any hardware or software) in connection with this engagement, such property shall remain the property of Kroll, and you shall not acquire any right or interest in such property. We shall have ownership (including, but not limited to, copyright ownership) and all rights to use and disclose our ideas, concepts, know-how, methods, techniques, processes and skills, and adaptations thereof, in conducting our business.

### Preservation of Confidential Information

8. Information received from the other party for the purposes of providing or receiving the Services is deemed "Confidential" if it is either (a) marked confidential in tangible form; (b) otherwise confirmed in writing as being confidential; or (c) manifestly confidential in tangible form or otherwise. All parties agree that any Confidential information received from the other party shall only be used for the purposes of providing or receiving the Services under this or any other contract between us. In addition, neither party will disclose, without the prior written consent of the other party, any such Confidential information to any third party, except insofar as provided in sections 5, 10 and 11.

9. Section 8 will not apply to any information which is (a) or becomes generally available to the public other than as a result of a breach of an obligation by the receiving party; (b) acquired from a third party who owes no obligation of confidence with respect to the information; or (c) or has been independently developed by the recipient of such information.

10. Notwithstanding the foregoing, either Kroll or Client will be entitled to disclose Confidential information of the other party (a) to our respective insurers or legal advisors, and (b) to a third party to the extent required by any court of competent jurisdiction, or by a governmental, administrative or regulatory authority, or where there is a legal right, duty or requirement to disclose; provided that, where reasonably practicable, and without breaching any legal or regulatory requirement, not less than two (2) business days' notice in writing is first given to the other party.

11. If, subsequent to the conclusion of our provision of services in this matter, we receive a subpoena for testimony or documents related to or arising from this engagement, the Client shall be liable for all of our expenses and our time in responding to such subpoena, including the time to testify at deposition and/or trial, regardless of whether the subpoena is served by your clients or a third party and regardless of whether the subpoena only seeks our testimony as a fact witness. Our time will be billed at our standard rates in place at that time for our services as an expert. Kroll agrees to promptly notify Client upon receipt of such request for information, subpoena or other legal process.

### Termination

12. If Kroll is hired as a testifying expert witness, Kroll may immediately, upon written notice, terminate services hereunder at any time should a disagreement arise between the parties with respect to any expert opinions to be offered at deposition and/or trial. Further, either party may terminate this Contract in the event that the other party has breached any material provision thereof and such breach has not been cured within five (5) business days after receipt of written notice from the then non-breaching party. Client may terminate this Contract for convenience upon thirty (30) days notice to Kroll.

13. Upon termination of this Contract for any reason, each party shall, upon written request from the other, return to the other all property and documentation of the other in its possession, except that we shall be entitled to retain one copy of such documents in order to maintain a professional record of our involvement.

14. If this Contract is terminated in accordance with paragraphs 12 or 13, all of the Terms and Conditions set forth herein shall survive such termination.

### Other Terms and Provisions

15. Within five (5) business days of your receipt of notice of any formal challenge to the testifying expert's qualifications or opinions (e.g., Daubert Motion, Motion in Limine etc.), you shall notify Kroll in writing of the same. In the event of such challenge, Kroll reserves the right to retain its own counsel in connection with the challenge, and you agree to reimburse Kroll for reasonable legal fees and expenses incurred in connection therewith to the extent such fees exceed $3,000.00.

16. Except in the event of our (i) gross negligence, (ii) willful misconduct or (iii) fraud, in no event shall we be liable to Client or you (or any person claiming through either Client or you), under any legal theory, for any amount in excess of the total professional fees paid by you to us under this Contract or any addendum to which the claim relates. In no event shall we be liable to Client or you under this Contract under any legal theory or for any consequential, indirect, lost profit or similar damages relating to or arising from the Services provided under this Contract.

17. Each of Client and you accept and acknowledge that any legal proceeding arising from or in connection with this Contract (or any variation or addition thereto) must be commenced within one (1) year from the date when you become aware of the facts giving rise to our alleged liability. Each of Client and you also agree that no action or claim will be brought against any Kroll employee personally.

18. Client agrees to indemnify and hold harmless Kroll, its affiliates and their respective employees from any and all third party claims, liabilities, losses, costs, demands and reasonable damages, including but not limited to reasonable legal fees and expenses, relating to the Services rendered under this Contract or otherwise arising under this Contract. The foregoing indemnification obligations shall not apply in the event that a court of competent jurisdiction finally determines that such claims resulted directly from the gross negligence, willful misconduct or fraudulent acts of Kroll.

19. You accept and acknowledge that we have not made any warranties or guarantees, whether express or implied, with respect to the Services or any outcome that may be obtained as a result of the provision of the Services.

20. Except for your payment obligations, neither of us will be liable to the other for any delay or failure to fulfill obligations caused by circumstances outside our reasonable control.

21. We reserve the right to use your name and a description of the nature of the Services in general marketing materials.

22. This Contract shall be governed by and interpreted in accordance with the laws of the State of New York and the courts of the State of New York shall have exclusive jurisdiction in relation to any claim arising out of this Contract



Date:  May 31, 2022

| PLEASE REMIT TO: |
| --- |
| *Payment Via Lockbox:*<br>*KROLL, LLC*<br>*12595 COLLECTION CENTER DRIVE*<br>*CHICAGO, IL 60693*<br><br>*Payment Via Wiring:*<br>*KROLL, LLC*<br>*Bank of America*<br>*ABA:026009593*<br>*Account # 1233035833*<br>*SWIFT: BOFAUS3N*<br><br>*Payment Via ACH:*<br>*KROLL, LLC*<br>*Bank of America*<br>*P.O. Box 27025*<br>*Richmond, VA 23261*<br>*Account # 1233035833*<br>*ACH ABA # 122000030*<br><br>*Federal ID: 82-3616841* |

TRX Holdco, LLC and Fitness Anywhere LLC
450 Newport Center Drive, Suite 590
Newport Beach, CA 92660

---

Retainer pursuant to the TRX Holdco, LLC and Fitness Anywhere LLC Engagement letter dated

May 31, 2022.


Retainer Amount:          $75,000

Retainer Amount Due:      **$75,000**

# EXHIBIT "2"

## [PROFESSIONAL BIOGRAPHIES]

**KROLL**



# James S. Feltman

### Managing Director, Restructuring

**Contact**

**E**  james.feltman@kroll.com
**T**  +212 450 2854

**M** +305 793 6279

**Areas of Expertise**

- Financial Services
- Healthcare
- Manufacturing and Distribution
- Mortgages & Asset Backed Securities
- Real Estate/Construction
- Retail
- Structured Derivatives

Mr. Feltman is among the most experienced bankruptcy fiduciaries in the United States, having served as a Chapter 11 Trustee in 25 assignments, an Examiner in 14 matters and as a Chapter 7 Trustee in over 10,000 cases. Mr. Feltman's experience as a bankruptcy fiduciary is multi-jurisdictional, (including the Southern District of New York) and cross-border. Additionally, Mr. Feltman served in other fiduciary roles in numerous matters including as a Mediator, Arbitrator and Monitor. His industry specialization includes agriculture, retail, manufacturing and distribution, real estate/construction, aviation, healthcare, financial services, and other industries.

Mr. Feltman's extensive experience as a fiduciary includes operating and managing businesses, overall case management, sales and liquidation of assets and business interests, claims development and prosecution, negotiating settlements, and administering claims payment schemes in a variety of cases for more than the last two decades. Mr. Feltman has managed the dispositions of a range of businesses and business interests, real estate, personal and intellectual property.

Mr. Feltman is a Fellow of the American College of Bankruptcy, a member of the American Institute of Certified Public Accountants and Florida Institute of Certified Public Accountants. He is a Certified Public Accountant in the State of Florida. From 2002-2008, Mr. Feltman was a member of the Board of Directors of the American Bankruptcy Institute. Mr. Feltman was honored as one of the 2015 Consultants of the Year by Consulting Magazine

**Education**

- M.P.S., Cornell University
- B.A., University of Wisconsin, Madison

**Certifications**

- Certified Public Accountant, Florida
- Certified in Financial Forensics
- Certified Fraud Examiner

**Professional Associations**

- American Bankruptcy Institute, April 2002 – April 2008, board of directors
- American Institute of Certified Public Accountants, member
- Florida Institute of Certified Public Accountants, member

**Honors and Awards**

- Fellow, American College of Bankruptcy
- Top 25 Consultants in 2015 – Consulting Magazine

**Publications**

- Financier Worldwide:
  - Panelist-Bankruptcy and Restructuring; November 2016
  - Panelist-Out-of-Court Restructuring Alternatives; June 2016
- ABI Fraud and Forensics
  - Co-Author-Effective Expert Reports-2015
  - Shifting Asset Valuations and Rising Debt; June 2017

**KROLL**

## Speaking Engagement

- Complex Financial Restructuring Program LV Nevada – February 2020: Healthcare Restructuring

- The Knowledge Group – November 2019:  Using and Challenging Expert Witness Testimony in Bankruptcy Litigation: Winning Strategies

- Expert Witnesses in Bankruptcy Litigation – November 2019 (Webinar)

- World Bank/IFC - May 2019:  Current Restructuring Topics presented to the Workout Team

- Complex Financial Restructuring Program LV Nevada Fiduciary Duties - February 2019

- ABI Milan International Solvency and Restructuring conference; International Asset Tracing - October 2018

- Financial Services Volunteer Corps – October 2014: Selection and Supervision of Bankruptcy Administrators (Marrakesh, Morocco)

- BBA/AIRA Joint Bankruptcy & Restructuring Program – January 2014: Valuation Topics in Bankruptcy

- Illinois CPA Fraud Conference – October 2013: Red Flags of Audit Breakdowns – Lessons Learned

- American College of Bankruptcy – October 2013: Where Are We Now And How Did We Get Here?

- Knowledge @ Wharton - February 2013: Reverse Mergers: A Looming U.S. – China Showdown over Securities Regulation?

- Compliance Week – January 2013: No Clear Solutions in Audit Standoff with China

- Reuters.com – January 2013: Chinese Companies Retreat from U.S. Listings as Scrutiny Mounts

- Bloomberg – December 2012: SEC Auditor Case Seen Jeopardizing Chinese U.S. Listings

- CNBC – December 2012: US/China Regulatory Standoff

- National Public Radio – December 2012: Feds Sue Chinese Audit Firms

- Industry Week – December 2012: Regulatory Clash:  Lessons Learned through an East-Meets-West Dispute

- Compliance Week – August 2012: PCAOB Provides Audit Committees with a Roadmap on Inspection Results

- CNN – July 2012: Challenges for Chinese Companies listed on US markets

- CNBC – July 2012: Regulatory Environment in China

- Financier Worldwide – July 2012: Bankruptcy Litigation Roundtable (Article)

- The Association of Commercial Finance Attorneys CLEW – May 2012: Global Economics, Financial Fraud and Lender Liability

- The American Bankruptcy Institute 30th Annual Spring Meeting – April 2012: Commercial Real Estate Trends, Workouts, and Reorganizations

- Fox News Interview – January 2012: Will More Banks Fail in 2012?

- Anti-Corruption Compliance Program – October 2011: The Gathering Storm: Anti-Corruption Compliance for Private Equity and Hedge Funds

**KROLL**

- National Conference of Bankruptcy Judges October 2011: Financial Advisors in the Courtroom, and conducted a Webinar – China's Red Flag: What Chinese companies must do to overcome issues surrounding transparency with the global investor community

- The Offshore Alert Conference – April 2011: Offshore But Not Off Limits: How Fraud Victims Can Obtain Relief in OFC's

- The American Bankruptcy Institute 29th Annual Spring Meeting – March 2011: Cutting-Edge Litigation Issues: Ponzi Schemes, the Return of the Leveraged Buyouts, Valuation Disputes and More

- The Distressed Debt Conference in London – September 2010:  Considerations for Turnaround Investing.

- American Bankruptcy Institute – July 2010: Ponzi Schemes and Other Scams for Bilking Money, from Madoff to Consumer Rip-offs.

- American Bankruptcy Institute – August 2009: Ethical Issues for Lawyers Representing "Unusual" Clients.

- American Bankruptcy Institute – August 2009: Prove It! Evidence in Bankruptcy Proceedings.

- Kellogg Turnaround Management Conference – April, 2009: Negotiating in Creditors' Committees

- Distressed Acquisitions for Strategic Advantage – September 2008: Analyzing the Risks of Absorbing a "Sick" Company – Do I Have the Right Team?

- VALCON – January 2008: Restructuring Options for Homebuilders - What's Different This Time?

- National Conference of Bankruptcy Judges – October 2007: Where Will Bankruptcy Work Come From in 2008?

- American Bankruptcy Institute – July 2007: Effective Pre-Bankruptcy Negotiating and Packaging.

- American Bankruptcy Institute – July 2007: Drivers Impacting Credit and Capital Marketplace.

- Association of Commercial Finance Attorneys – June 2007: Asset Based Lending.

- American Bankruptcy Institute - Annual Spring Meeting, April 2007: Pensions and Benefits in Bankruptcy.

- American Bankruptcy Institute – Caribbean Insolvency Symposium, February 2007: Liquidating Cross-Border Assets and Recovering Cross-Border Claims.

- National Association of Credit Management, January 2007: Deepening Insolvency

- 13th Annual Aircraft Financing Forum, October 2006: The Bankruptcy & Restructuring Process:  Current Airline and Creditor Issues.

- American Bankruptcy Institute, September 2006: London International Insolvency Symposium – Aviation Panel.

**James S. Feltman**

Bankruptcy Trustee Appointments

| Case Name | Case No. | Filing Date | Appointment Date | Role | Attorney/ Contact | Firm Name | Industry |
|---|---|---|---|---|---|---|---|
| BKC | Various | 1988-2004 | 1988-2004 | Chapter 11 and Chapter 7 Trustee | Felicia S. Turner / Steven Turner | Office of the U.S. Trustee, Atlanta, GA | Various |
| AeroFloral, Inc. | 01-16367-BKC-RAM | 6/13/2001 | 7/17/2001 | Trustee | David M. Levine | Tew Cardenas, Miami, FL | Distribution |
| Empresa De Transporte Aero Del Peru, S.A., Debtor | 99-13741-BCK-AJC | 4/21/1999 | 9/8/1999 | Trustee | David Cimo | Genovese, Lichtman, Joblove & Battista, P.A., Miami, FL | Aviation |
| Aviation Composites Services, Inc. | 01-18236-BKC-AJC | 2002 | 3/21/2002 | Trustee | Brian Behar | Behar Gutt & Glazer, Aventura, FL | Aviation |
| Bandsawe Residual Corp., Debtor | 99-15698-BKC-RAM | 6/11/1999 | 8/18/1999 | Trustee | Jerry Markowitz | Markowitz, Davis, Ringel & Trusty, P.A., Miami, FL | Professional Services – Legal |
| Blackwell & Walker, P.A. | 96-10862-BKC-RAM | 2/14/1996 | 3/8/1996 | Trustee | Arnold Schatzman | Schatzman & Schatzman, Miami, FL | Professional Services – Legal |
| Book Wholesalers Inc., Debtor | 96-10521-BKC-RAM | 1/29/1996 | 2/28/1996 | Special Representative / Trustee | Tom Lehman | Tew & Beasley, Miami, FL | Retail |
| C.G.F. Electrical Corp., Debtor | 95-15649 | 11/17/1995 | | Trustee | Brian Behar | Behar, Gutt & Glazer, Aventura, FL | Professional Services |

**James S. Feltman**

Bankruptcy Trustee Appointments

| Certified HR Services Company f/k/a The Cura Group, Inc. | 05-22912-BKC-RBR | 5/12/2005 | 5/25/2005 | Trustee | Paul Battista | Genovese Joblove & Battista, Miami, FL | Professional Services |
|---|---|---|---|---|---|---|---|
| Corporate Resource Services, Inc. | 15-12329 (MG) | 7/23/2015 | 9/22/2015 | Chapter 11 Trustee | Linda Rifkin, AUST | Office of the U.S. Trustee | Professional Services |
| Florida Industrial Equipment & Supplies, Inc., Debtor | 91-14374-BKC-PGH | 1991 | 8/15/1993 | Trustee | Ilyse Homer | Stroock, Stroock & Lavan, Miami, FL | Retail |
| Glenbeigh Hospital of Miami, Inc., *et al.*, Debtors | 93-11057-BKC-AJC | 1993 | 6/30/1993 | Trustee | Patricia Redmond | Stearns, Weaver, Miller, *et al.*, Miami, FL | Healthcare |
| Joseph Charles & Associates, Inc. | 00-34898-BKC-SHR | 11/1/2000 | 7/6/2001 | Trustee | Kenneth B. Robinson | Rice & Robinson, Miami, FL | Financial Services |
| Lander, Inc., Debtor | 92-10103-BKC-AJC | 1/7/1992 | 5/7/1993 | Trustee | F. Lorraine Jahn | Mershon, Sawyer, *et al.*, Miami, FL | Retail |
| Marathon Manor, Inc. | 01-10599-BKC-AJC | 1/24/2001 | 5/16/2001 | Trustee | Frank P. Terzo | Holtzman Equels & Furia, Miami, FL | Healthcare |
| Phoenix Continental Corp. and Flightline of America, L.C. | 97-25400-BKC-PGH and 97-25401 | 8/1997 | 9/9/1997 | Trustee | Thomas R. Lehman | Tew & Beasley, Miami, FL | Aviation |

**James S. Feltman**

Bankruptcy Trustee Appointments

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Suncoast Towers South Associates | 98-10537 | 1998 | 3/1998 | Trustee | Linda G. Worton | Greenberg, Traurig, Miami, FL | Real Estate |
| Sophisticated Communications, Inc. | 001-17635-BKC-AJC | 8/28/2000 | 5/25/2001 | Trustee | Brian S. Behar | Behar Gutt & Glazer, Aventura, FL | Telecom |
| TCPI, Inc. | 01-24937-BKC-RBR | 7/3/2001 | 10/4/2001 | Trustee | Jerry M. Markowitz | Markowitz, Davis, Ringel & Trusty, P.A., Miami, FL | Healthcare |
| TS Employment, Inc. | 15-10243 (MG) | 2/2/2015 | 2/27/2015 | Trustee | Michael Driscoll | U.S. Department of Justice, New York, NY | PEO (employee staffing) |
| TUSA Florida, Inc., *et al.*, Debtors | 93-10748-BKC-SMW, 93-10759-BKC-SMW, 93-10928-BKC-SMW | 2/26/1993 | 5/14/1993 | Trustee | John Genovese | Kelley Drye & Warren, Miami, FL | Transporta-tion |
| United Information Systems, Inc. | 98-16621-BKC-AJC, 98-16634-BKC-AJC | 7/22/1998 | 9/28/1998 | Trustee | Jerry Markowtiz | Markowitz, Davis, Ringel & Trusty, P.A., Miami, FL | Distribution |
| United Forming, Inc. | 92-11113-BKC-SMW | 2/24/1992 | 8/14/1992 | Trustee | Lee Mandell | Lee Mandell, P.A., Coral Gables, FL | Construc-tion |
| World Terminal Distribution Corp. | 00-16555-BKC-RAM | 7/25/2000 | 1/19/2001 | Trustee | Allison R. Day | Genovese Lichtman Joblove & Battista, Miami, FL | Distribution |

**James S. Feltman**

Bankruptcy Trustee Appointments

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Worldwide Web Systems, Inc. | 00-16067-BKC-RAM | 7/11/2000 | 8/11/2000 | Trustee | Paul S. Singerman | Berger, Davis & Singerman, Miami, FL | Telecom |
| WTI International Corp. | 98-18183-BKC-AJC | 1/25/1999 | 5/1/1999 | Trustee | Arnold Schatzman | Schatzman & Schatzman, Miami, FL | Licensing/ Patents |

**James S. Feltman**

Bankruptcy Examiner Appointments

| Case Name | Case No. | Filing Date | Appointment Date | Role | Attorney/ Contact | Firm Name | Industry |
|---|---|---|---|---|---|---|---|
| 25 Travel, Inc. | 92-15634-BKC-SMW | 1992 | | Examiner | | Miami, FL | Retail |
| Aerial Transit Company, Debtor | 92-17033-BKC-AJC | 12/11/1992 | 4/8/1993 | Examiner | Ronald Neiwirth | Semet, Lickstein, *et al.*, Coral Gables, FL | Aviation |
| Jack W. Barrett, Debtor | 93-10562-BKC-AJC | 2/12/1993 | 7/30/1993 | Examiner | Rick Rodgers | Port St. Lucie, FL | Professional Services / Medical |
| Cascade International, Inc., *et al.* | 91-33703-BKC-RAM | 1991 | | Examiner | John Genovese | Kelley Drye & Warren, Miami, FL | Retail |
| Evolution Imports, Inc. | 96-21853-BKC-RAM | 1996 | 6/25/1996 | Examiner | N/A | Miami, FL | Retail |
| F.L.G. Inc., Debtor(s) | 99-10467-BKC-AJC | 1999 | 3/1999 | Examiner | N/A | Miami, FL | Retail |
| Fisher Island Investments, Inc., Mutual Benefits Offshore Fund, Ltd., Little Rest Twelve, Inc. | 11-17047-BKC-AJC, 11-17051-BKC-AJC, 11-17061-BKC-AJC | 2011 | 4/27/2011 | Examiner | N/A. | Miami, FL | Various |

**James S. Feltman**

Bankruptcy Examiner Appointments

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Hillard Development Corp. v. Griswold, *et al.* | Adv No. 94-0467-BKC-AJC-A | 5/27/1994 | 2/2/1995 | Examiner | James Boone | James Boone, P.A., Ft. Lauderdale, FL | Insurance |
| Ideas Apparel Group, Inc., Inc., Debtor | 91-B-10398 (CV) New York | 1991 | 6/11/1993 | Examiner | | USBC, New York, NY | Insurance |
| IDEECO, Inc., Debtor | 95-23042-BKC-RBR | 1995 | 8/31/1995 | Examiner | Denyse Heffner | Office of the U.S. Trustee, Miami, FL | - |
| Luke Records, Inc., Debtor | 95-11447-BKC-RAM | 3/28/1995 | 6/20/1995 | Examiner | Amber Donner | Office of the U.S. Trustee, Miami, FL | Entertain-me |
| M&E Trading Co., Inc., Debtor | 91-15597-BKC-PGH | 1991 | | Examiner | Brent Friedman | Stroock, Stroock & Lavan | Retail |
| Overseas Corp., *et al.*, Debtor | 90-15067-BKC-AJC | 1990 | | Examiner | | USBC, Miami, FL | Real Estate |
| Syntax-Brillian Corporation, *et al.* | 08-114079 (BLS) | 7/8/2008 | 9/2/2008 | Examiner | Steven M. Yoder | Potter Anderson & Corroon, Wilmington, DE | Electronics |

**James S. Feltman**

Liquidating Trustee Appointments

| Case Name | Case No. | Filing Date | Appointment Date | Role | Attorney/ Contact | Firm Name | Industry |
|---|---|---|---|---|---|---|---|
| Aero Systems Inc. / Aero Systems Aviation Corp. | 93-12972-BKC-SMW, 93-12973-BKC-SMW | 8/5/1993 | 5/12/1994 | Liquidating Trustee | Ronald Neiwrith | Semet, Lickstein, *et al.*, Coral Gables, FL | Aviation |
| American Way Service Corp., Debtor | 94-24696-BKC-RBR | 12/2/1994 | 10/12/1995 | Liquidating Trustee | Paul J. Battista | Genovese, Joblove & Battista, P.A., Miami, FL | Insurance |
| Certified HR Services Company Liquidating Trust | 05-22912-BKC-RBR | 11/27/2007 | 11/27/2007 | Liquidating Trustee | Paul J. Battista | Genovese, Joblove & Battista, P.A., Miami, FL | Professional Services |
| L. Luria Liquidating Trust | 97-16731-BKC-Ram (CH 11) | 1997 | 6/1/1998 | Liquidating Trustee | Brian Kriger | Traub, Fox & Bonequist, New York, NY | Retail |
| Mission Health, Inc. | 99-5019-3F1 | 1999 | 10/18/2000 | Liquidating Trustee | Edwin W. Held, Jr. | Fischette Owen Held & McBurney, Jacksonville, FL | Healthcare |
| Rich International Airways, Inc. Liquidating Trust | 96-17399-BKC-RAM | 1996 | 5/1998 | Liquidating Trustee | Peter Levitt | Adorno & Zeder, Miami, FL | Aviation |
| Levitt and Sons, LLC, *et al.* | 07-19845-BKC-RBR | 11/9/2007 | 12/21/2007 | Liquidating Trustee | Paul J. Battista | Genovese, Joblove & Battista, P.A., Miami, FL | Real Estate |
| Pharmasystems Holding Corporation, Debtor | 99-14626-RAM | 5/13/1999 | 5/17/1999 | Liquidating Trustee | Craig Rieders | Genovese, Joblove & Battista, P.A., Miami, FL | Retail |

**James S. Feltman**

Fiduciary and Other Roles

| Case Name | Case No. | Filing Date | Appointment Date | Role | Attorney/ Contact | Firm Name | Industry |
|---|---|---|---|---|---|---|---|
| RGN Group Holdings LLC | 20-11961 | 8/17/20 | 7/17/2020 | Responsible Officer | Chad Husnick | Kirkland and Ellis LLP | Real Estate |
| Patriot National Inc. and Subsidiaries | 18-10189 | 1/30/2018 | 10/17/2017 | CRO | Katie Coleman Laura Davis Jones | Hughes Hubbard & Reed Pachulski Stang Ziehl & Jones LLP | Professional Services |
| Value City Department Stores, LLC | 08-14197 | 10/26/2008 | 1/23/2008 | President and CRO | John Longmire | Willkie Farr & Gallagher LLP, New York, NY | Retail |
| FJC Amusements, Inc. as a general partner of a joint partnership, Niagara Flume Partnership, Plaintiff, and Triple D of Lakeland, defendant | N/A | | 2008 | Arbitrator | Joel S. Fass | Colodny, Fass, Talenfeld, Karlinsky & Abate, P.A., Ft. Lauderdale, FL | Entertainment |
| Larry Kline Wholesale Meats & Provisions, Inc. v. David Freeman | N/A | | 11/2007 | Mediator | Joel S. Fass | Colodny, Fass, Talenfield, Karlinsky & Abate, PA, Ft. Lauderdale, FL | Distribution |
| ABC for Tasco Worldwide, Inc. and Celestron International | Multiple | 2002 | 5/2002 | Assignee for the Benefit of Creditors | Ronald L. Leibow | Kay Scholer LLP, Los Angeles, CA | Mfg./Retail |
| Metso Oyj and Svedala Industries, AB | Docket No. C-4024, File No. 001-0186 | | 9/7/2001 | Interim Monitor- FTC | M. Elaine Johnston | White & Case, New York, NY | Mfg. |
| The Estate of Ralph Laurence Devine, Deceased | Probate Division, File Number: 98-3651, Division: 04 | 6/1999 | 12/1998 | Co-Curator | David Glazer | Behar, Gutt & Glazer | Probate Estate |

**James S. Feltman**

Fiduciary and Other Roles

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| DeCiccio Floral Corp. d/b/a American Floral Distributors | 96-03762 CA15 | 2/22/1996 | 2/29/1996 | Assignee for the Benefit of Creditors | Robert A. Schatzman | Schantz, Schatzman & Aaronson, Miami, FL | Distribution |
| Fyffes Bananas International v. Proyecto La Cruz Manzanillo | N/A | | 8/1994 | Arbitrator | Tom Murphy | Fyffes Bananas International, Ft. Lauderdale, FL | Agriculture |
| General Trading, Inc. v. Yale Materials Handling Corp. | 88-0061-CIV-Bandstra | 1988 | 4/15/1994 | Federal Receiver | Philip Allen | Litow, Cutler, Zabludowski, *et al.*, Miami, FL | - |
| Hi-Tech Computer Products, Inc., *et al.*, v. NationsBank of Florida | 92-11601 (08) Broward Circuit Ct. | 1992 | 12/3/1992 | Special Master | Frank Sinagra | Haley, Sinagra & Perez, P.A., Ft. Lauderdale, FL | Technology |
| Carbotex, Inc. Assignor | 97-27655 CA (11) | | | Assignee for the Benefit of Creditors | Paul L. Orshan | Kluger, Peretz, Kaplan & Berlin, P.A., Miami, FL | Retail |

# SCOTT LYMAN

## Director, Global Restructuring



**QUALIFICATIONS**

- B.A. from Indiana University, Bloomington
- Certified Insolvency & Restructuring Advisor

Scott Lyman is a Director in the Global Restructuring practice based in New York. He has nearly 20 years of experience providing forensic accounting, financial and fraud investigation services in commercial litigation and bankruptcy matters. His experience includes investigations involving allegations of fraud, financial reporting irregularities, management misconduct, embezzlement, kickbacks, and Ponzi schemes.

Scott has led numerous high profile engagements on behalf of counsel for management and creditor committees, lenders and trustees in bankruptcy. Scott has worked with both public and private companies across numerous industries, including the pharmaceutical, automotive, financial services, insurance, staffing, real estate / construction, retail, and telecommunications.

Scott recently advised the United States Attorney's office on behalf of the United States Government to provided financial advisory services to the United States Department of Justice ("DOJ") in connection with the estate of Purdue Pharma L.P., any chapter 11 plan of reorganization, and distributions thereunder relative to the United States and its agencies. Scott also recently supported the Responsible Officer in Regus Corporation related to Chapter 11 proceedings in the United States.

Scott has also been involved with many other large and high profile engagements, including Lehman Brothers Holding Inc., Residential Capital, LLC, Syncora Holdings, Ltd., Sbarro, LLC, Endeavour International Corporation, Savient Pharmaceuticals, Inc., Pope & Talbot Inc., Delphi Automotive, Corporate Resource Services, Global Crossing, and Twinlabs.

Prior to joining D&P, Scott was a Senior Vice President at Mesirow Financial LLC in the Consulting Practice, a Director at FTI Consulting in the Corporate Finance Practice and a member of the Assurance Practice at PricewaterhouseCoopers LLP.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF CHAPTER 11 DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY KROLL, LLC AS FINANCIAL ADVISORS PURSUANT TO 11 U.S.C. § 327(a); DECLARATION OF JAMES FELTMAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **_June 17, 2022_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender    rb@lnbyb.com**
- **Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com**
- **Michael I. Gottfried    mgottfried@elkinskalt.com, cavila@elkinskalt.com**
- **Jonathan Gottlieb    jdg@lnbyg.com**
- **Michael J Hauser    michael.hauser@usdoj.gov**
- **Marsha A Houston    mhouston@reedsmith.com, hvalencia@reedsmith.com**
- **Krikor J Meshefejian    kjm@lnbyg.com**
- **Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com**
- **Lindsey L Smith    lls@lnbyg.com, lls@ecf.inforuptcy.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) **_June 17, 2022_**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_June 17, 2022_**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 17, 2022 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**