RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: RB@LNBYG.COM; KJM@LNBYG.COM; LLS@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>TRX HOLDCO, LLC, a Delaware limited liability company,<br><br>          Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>FITNESS ANYWHERE LLC, a Delaware limited liability company, dba TRX and TRX Training,<br><br>          Debtor and Debtor in Possession.<br>_____<br><br>☒  Affects both Debtors<br><br>☐ Affects TRX Holdco, LLC only<br><br>☐ Affects Fitness Anywhere, LLC only | Lead Case No.: 8:22-bk-10948-SC<br><br>Jointly administered with:<br>8:22-bk-10949-SC<br><br>Chapter 11 Cases<br><br>**APPLICATION OF CHAPTER 11 DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY THE LAW OFFICE OF MICHAEL A. ZUERCHER, INC. AS SPECIAL CORPORATE COUNSEL PURSUANT TO 11 U.S.C. § 327(e); DECLARATION OF MICHAEL A. ZUERCHER IN SUPPORT THEREOF**<br><br>[No hearing required unless requested – L.B.R. 2014-1(b)] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE**:

TRX Holdco, LLC ("Hold Co") and Fitness Anywhere LLC, dba TRX and TRX Training ("Product Co" and together with Hold Co and Product Co, collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned, jointly-administered Chapter 11 bankruptcy cases, respectfully submit this Application for authority to employ the Law Office of Michael A. Zuercher, Inc. ("LOMAZ") as the Debtors' special corporate counsel pursuant to 11 U.S.C. § 327(e), with compensation pursuant to 11 U.S.C. § 330, and with such employment to be effective as of the date of the Debtors' bankruptcy filings.

**I.**

**CASE BACKGROUND**

On June 8, 2022, the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have operated their businesses and managed their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Debtors and their respective subsidiaries (collectively referred to herein as "TRX") comprise a world leading functional fitness company. Since being founded in 2004, TRX has evolved into a digitally-enabled, vertically integrated, omni-channel fitness lifestyle brand with global reach powered by a large community of consumer and trainer enthusiasts. TRX's flagship and patented product - Suspension Trainer™ - is a highly versatile, portable, compact and affordable fitness and training device/workout tool with broad reach across demographic groups and fitness levels, which can be utilized effectively across fitness modalities. TRX offers a full line of functional training tools and accessories to complement the Suspension Trainer™ to serve all types of functional needs, from at-home essentials to complete gym installations. TRX also launched in 2021 a purpose-built digital subscription-based platform - the TRX Training Club® - that offers a library of on-demand videos and daily live classes.

Despite the development and success of the Debtors' products over the years, the Debtors' revenue and cash flow from operations has been insufficient to support their current business

operations as well as their continued growth. There have been many reasons for this including competition, macroeconomic conditions, purchases of inventory in anticipation of demand that did not occur in an unpredictable market, and higher than anticipated development costs associated with the Debtors' digital training platform and increased marketing expenses, partially attributable to general increases in paid advertising. It became apparent in late 2021 that the Debtors would require additional cash and investment to fund the Debtors' long-term operations and growth and satisfy the Debtors' secured debt obligations owed to Woodforest National Bank (the "Bank") of more than $19 million.

Pre-petition, the Debtors hired Kroll Securities, LLC and Integrity Square LLC to, among other things, identify prospective investors and seek to obtain additional investments in the Debtors' business to further capitalize the Debtors and meet the Debtors' operational and growth needs, or engage in a sale transaction. The Debtors' pre-petition efforts to raise capital to pay down debt or engage in a strategic merger/acquisition with/by a buyer or investor did not result in a consummated transaction.

The Debtors' current financial situation is precarious in that the Debtors estimate that unless they can consummate a transaction or obtain additional financing, the Debtors will not have sufficient liquidity to replenish inventory, impairing future customer sales and thereafter negatively impacting the Debtors' goodwill. The Debtors believe that if there was a shutdown of their business with a resulting liquidation, it would be a disastrous result for creditors, including the Bank.

Based on the foregoing, the Debtors determined in the exercise of their business judgment that the best option available to the Debtors would be to conduct an expedited free and clear asset sale in a chapter 11 bankruptcy proceeding and consummate that asset sale before the Debtors' inventory falls below required operational levels and the Debtors run out of sufficient liquidity to sustain operations. The Debtors believe that proceeding in this manner will afford them with the best opportunity to achieve the maximum price possible for their assets for the benefit of their creditors and other parties in interest. The Debtors are optimistic that this free and clear asset sale process will result in a successful sale transaction closing.

## II.

### EMPLOYMENT OF SPECIAL CORPORATE COUNSEL

Prior to the Petition Date, since 2019, Michael A. Zuercher (originally as a sole proprietorship and then as owner of LOMAZ when it was incorporated in April 2021), has worked as the Debtors' general and corporate counsel. In addition, Mr. Zuercher has been the Secretary of the Debtors since 2019. Since 2019, Mr. Zuercher (individually and through LOMAZ) has provided a wide variety of executive management, corporate, commercial and legal services for the Debtors, including but not limited to the following (the "Pre-Bankruptcy Services"):

- Board/investor governance and communications, including corporate secretarial and investor relations.
- Equity and debt financing matters and M&A, including negotiation and drafting of term sheets/LOIs, leading and coordinating due diligence (legal and business), working with bankers, counsel and management to execute/close transactions.
- Commercial and licensing transactions, including sales, corporate partnerships, real estate leases, vendor/supplier arrangements and international distribution agreements.
- Oversight of IP matters, working with IP counsel to manage patent, trademark and brand enforcement matters, particularly across Amazon and other e-commerce platforms for TRX.
- Employment and compensation matters, including drafting and negotiation of employment, consulting, and severance arrangements, and management of equity incentive plans.
- Risk management/insurance, including working with brokers to ensure appropriate coverages.
- Partner with outside counsel for litigation and transactions requiring outside expertise or necessary resources.

Since the filing of the bankruptcy cases, LOMAZ and Mr. Zuercher's role and duties have greatly expanded. In addition to all of the former duties and services provided to the Debtors, leading up to the bankruptcy filings and after the Petition Date, LOMAZ and Mr. Zuercher have aided the Debtors with numerous additional corporate legal issues that have arisen as a result of the bankruptcy filings, including attending bankruptcy hearings, reviewing motions, applications and declarations prepared by bankruptcy counsel on behalf of the Debtors, serving as a declarant in connection with the Debtors' emergency motion to pay certain pre-

petition wage claims, negotiating NDAs concerning the expedited sale process, supporting due diligence activities on behalf of the Debtors in connection with the sale process, drafting and reviewing constituent communications, consulting with management on a variety of issues, including but not limited to, key suppliers, employment issues, impact to foreign subsidiaries, and communications and public relations issues regarding the bankruptcy filings, and assisting the Debtors and their professionals in connection with preparing and submitting administrative compliance documents to the United States Trustee, and preparing other statements, disclosures, schedules and documents in connection with the Debtors' bankruptcy cases (the "Post-Bankruptcy Services"). The Debtors submit that LOMAZ and Mr. Zuercher provide an essential resource with historical context and organizational skills and knowledge that brings the Debtors and all of the professionals together to keep the Debtors operating smoothly while at the same time ensuring that the Debtors are in compliance with all bankruptcy requirements and pushing the Debtors' bankruptcy cases and sale process along. LOMAZ is a primary contact at the Debtors for all communications between the Debtors' management and the Debtors' various professionals.

Mr. Zuercher provides legal services and business counsel on a wide range of general corporate matters, including commercial transactions and licensing, mergers & acquisitions, equity and debt financings and other general corporate and governance matters. With over 25 years of management, in-house and private practice experience, Mr. Zuercher has extensive corporate legal know-how, and has worn various professional hats as an operational executive in multiple global companies. Mr. Zuercher understands business demands and partnering with management to create shareholder value, and he delivers high quality, efficient, and practical counsel.   Mr. Zuercher has worked with privately held (VC and PE) and publicly listed companies in multiple industries, including consumer products, retail, services, software, technology and healthcare. Collectively attached as **Exhibit 1** to the Declaration of Michael A. Zuercher annexed hereto (the "Zuercher Declaration") are Mr. Zuercher's professional biography and resume, which are incorporated herein by reference.

Prior to the Petition Date, LOMAZ was paid a flat fee of $25,000 per month for its

services, plus the reimbursement of its business expenses. Since Michael A. Zuercher of LOMAZ could potentially be considered  an insider of the Debtors (he is the Secretary of the Debtors), on the Petition Date, Hold Co submitted an insider compensation form for LOMAZ seeking approval to pay LOMAZ its pre-bankruptcy compensation of $25,000 per month plus reimbursement of expenses (the "Insider Comp Form"). After substantial discussions and review of the increased role that LOMAZ has taken on since the Petition Date, the Debtors have determined that it is also appropriate to employ LOMAZ as special corporate counsel pursuant to Section 327(e) of the Bankruptcy Code with compensation pursuant to Section 330 of the Bankruptcy Code at the expense of the Debtors' bankruptcy estates, and to have the Debtors' employment of LOMAZ be deemed effective on the date of the Debtors' bankruptcy filings (June 8, 2022).

As special corporate counsel for the Debtors, LOMAZ's will be responsible for handling all of the Debtors' general and corporate legal matters, including but not limited to the Pre-Bankruptcy Services and the Post-Bankruptcy Services.

The Debtors believe that the retention of LOMAZ as their special corporate counsel upon the terms and conditions set forth herein is in the overwhelming best interests of their estates given LOMAZ's skill set, cost and historical deep familiarity with the Debtors.

LOMAZ will bill all of its time for work performed for the Debtors at the reasonable rate of $500 per hour. LOMAZ expects that its monthly fees will exceed the $25,000 amount set forth in the Insider Comp Form.  LOMAZ will continue to be paid the $25,000 per month as set forth in the Insider Comp Form, but LOMAZ's compensation will not be limited to a flat fee of $25,000 per month.  Rather, LOMAZ will keep time records for all of the work it performs for the Debtors and will seek Bankruptcy Court approval of all of the fees it incurs based on an hourly rate of $500, including any fees it incurs in excess of $25,000 per month.  LOMAZ will not be paid more than the $25,000 per month compensation set forth in the Insider Comp Form until it files and obtains approval of fee applications, subject to any orders governing the Debtors' use of cash collateral. LOMAZ will file a fee application with the bankruptcy court seeking bankruptcy court approval of all of its fees and payment of any fees incurred above the

$25,000 per month already paid to LOMAZ.

As indicated above, the Debtors expect to consummate a sale of their assets in an expedited sale process. The Debtors do not expect that any conflict will arise resulting from LOMAZ's representation of both Debtors, and the Debtors believe that hiring separate corporate counsel for each of the Debtors would be extremely burdensome, expensive, inefficient, impractical and unnecessary. In the event that any conflict issue(s) arise between the Debtors, LOMAZ will notify the Court and address such conflict that would be appropriate under the circumstances, including having one or both Debtors hiring special counsel to address the issue or conflict.

Because the majority of the assets are owned by Product Co and all or essentially all of the business operations of the Debtors are conducted by Product Co, LOMAZ proposes to bill all of its time to the Product Co bankruptcy case unless the matter deals only with the Hold Co bankruptcy case in which case LOMAZ will bill its time to the Hold Co bankruptcy case.

As set forth in the annexed Zuercher Declaration, the Debtors and LOMAZ believe and assert that LOMAZ does not represent or hold any interest adverse to the Debtors or to their estates with respect to the proposed representation.

LOMAZ was not paid any pre-bankruptcy retainer in contemplation of LOMAZ's post-petition services to be provided to the Debtors as set forth in this Application.

LOMAZ has not shared or agreed to share its compensation for representing the Debtors with any other person or entity, except for Mr. Zuercher, the sole shareholder of LOMAZ.

LOMAZ will provide monthly billing statements to the Debtors that will set forth the amount of post-petition fees incurred and expenses advanced by LOMAZ during the previous month.

LOMAZ understands the provisions of 11 U.S.C. §§ 327 and 330 which require, among other things, Court approval of the Debtors' employment of LOMAZ as special corporate counsel and of all legal fees and reimbursement of expenses that LOMAZ will receive from the Debtors and the Debtors' estates.

LOMAZ is not a pre-petition creditor of the Debtors.

Mr. Zuercher owns an interest in E38-TRX Holdco Investments, LLC. Mr. Zuercher also owns 55,000 Class A-2 Units in TRX Holdco Incentive Holdings, LLC. Apart from the foregoing, LOMAZ is not an equity security holder of the Debtors.

LOMAZ is not and was not an investment banker for any outstanding security of the Debtors.  LOMAZ has not been within three years before the Petition Date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

As set forth in the Zuercher Declaration, to the best of LOMAZ's knowledge, except as set forth herein, neither LOMAZ nor any member of LOMAZ is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.  As set forth above, LOMAZ has served and serves as general counsel to the Debtors and Mr. Zuercher is the Debtors' Secretary.

As set forth in the Zuercher Declaration, to the best of LOMAZ's knowledge, LOMAZ does not hold or represent any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or an investment banker for any security of the Debtors, or for any other reason.

Section 327(e) of the Bankruptcy Code provides: "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." See 11 U.S.C. § 327(e). (Emphasis added.)

"Although an attorney's lack of disinterestedness may preclude employment by the estate for general purposes in conducting a bankruptcy case, the attorney may still be retained by the estate for a 'special purpose.' [ . . . .]  Such an attorney need not be 'disinterested,' as is otherwise required by section 327(a), provided that the attorney represents or holds no interest adverse to the debtor or to the estate in respect of the matter which the attorney is to be

engaged." <u>See</u> <u>Collier on Bankruptcy</u>, 15th Ed. Rev., §327.04[9], page 327-59; <u>In re Song</u>, 2008 WL 6058782, at *7 (9th Cir. BAP Feb. 12, 2008) (special counsel did not need to be a disinterested party to qualify for employment as special counsel under Section 327(e); <u>In re Mortgages Ltd.</u>, 2008 WL 5024925, at * 2 (Bank. D. Ariz. Aug. 14, 2008) (standard of "disinterestedness" is applicable only to general counsel employed under § 327(a) and not to special counsel under § 327(e)). In this case, the Debtors are seeking to employ LOMAZ under Section 327(e) and all of the requirements of Section 327(e) are met.

The Debtors seek to employ LOMAZ as the Debtor's special corporate counsel for the very limited purpose of assisting the Debtor with corporate counsel matters. "Typically, special counsel is appropriate when an attorney is employed to handle a specific legal action that is unrelated to the reorganization and the attorney is particularly suited for that action." <u>In re Goldstein</u>, 383 B.R. 496, 501 (Bankr. C.D. Cal. 2007) (authorizing employment of special counsel under Section 327(e) in two related bankruptcy estates). LOMAZ is not nor will LOMAZ act as general bankruptcy counsel for the Debtors. LOMAZ is being employed for the very specific purpose of providing focused corporate law advice to the Debtors. Thus, LOMAZ is being employed for a specified special purpose pursuant to 11 U.S.C. § 327(e).

Prior to the Debtors' bankruptcies, LOMAZ represented the Debtors regarding corporate law issues. It makes perfect sense to employ LOMAZ to continue to represent the Debtors in this regard, going forward. <u>See</u> <u>In re Goldstein</u>, 383 B.R. at 501 ("special counsel's familiarity with a case would expedite the process of resolving matters and will lead to advantages for the estate and the creditors"). Since LOMAZ previously represented the Debtors with respect to the subject matter for which the Debtors currently seek to employ LOMAZ as a professional in these bankruptcy cases, this requirement of Section 327(e) is also met, and it is appropriate for the Debtors to employ LOMAZ.

LOMAZ has served as general corporate counsel to the Debtors since 2019 and is thus intimately familiar with the Debtors business and corporate law issues. It is clear here that the employment of LOMAZ in particular is in the best interest of the estates. <u>See</u> <u>In re Goldstein</u>, 383 B.R. at 501 (when counsel is very familiar with the nonbankruptcy representation because

counsel has previously performed legal services for the debtor, it is obvious that the continuation of counsel's special services is in the best interest of the estate").

As further set forth in the Zuercher Declaration, to the best of LOMAZ's knowledge, LOMAZ does not hold or represent any interest materially adverse to the Debtors or the Debtors' estates with respect to the matters for which LOMAZ is to be employed. While Michael A. Zuercher of LOMAZ is the Secretary of the Debtors, the Debtors submit this does not create a materially adverse interest or a conflict which would bar the Debtors' employment of LOMAZ as special corporate counsel in these cases.

To the best of LOMAZ's knowledge, other than as set forth herein, LOMAZ has no prior connection with the Debtors, any creditors of the Debtors or their estates, or any other party in interest in these cases, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

The Debtors believe that their employment of LOMAZ upon the terms and conditions set forth herein is in the best interest of the Debtors' estates.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

**WHEREFORE**, the Debtors respectfully request that the Court approve the Debtors' employment of LOMAZ as their special corporate counsel upon the terms and conditions set forth herein.

Dated: June 17, 2022

TRX HOLDCO, LLC
FITNESS ANYWHERE LLC, dba TRX and TRX TRAINING

_____
Name: Brent Leffel
Title: Chairman of the Board

LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.

By: /s/ Lindsey L. Smith
_____
Ron Bender
Krikor J. Meshefejian
Lindsey L. Smith
Proposed Counsel for Chapter 11 Debtors
and Debtors in Possession

## DECLARATION OF MICHAEL A. ZUERCHER

I, Michael A. Zuercher, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto. Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such terms as in the Application to which this Declaration is attached (the "Application").

2.      I am the sole shareholder and founder of the Law Office of Michael A. Zuercher, Inc. ("LOMAZ"). As a sole practitioner, I am the only attorney at LOMAZ. I am licensed to practice law in the State of California.

3.      TRX Holdco, LLC ("Hold Co") and Fitness Anywhere LLC, dba TRX and TRX Training ("Product Co" and together with Hold Co and Product Co, collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 bankruptcy cases have requested that LOMAZ serve as their corporate counsel in connection with their chapter 11 bankruptcy cases that the Debtors commenced on June 8, 2022 (the "Petition Date").

4.      Prior to the Petition Date, since 2019, I have worked as the Debtors' general and corporate counsel. In addition, I have been the Secretary of the Debtors since 2019. Since 2019, I have provided a wide variety of executive management, corporate, commercial and legal services for the Debtors, including but not limited to the following (the "Pre-Bankruptcy Services"):

- Board/investor governance and communications, including corporate secretarial and investor relations.
- Equity and debt financing matters and M&A, including negotiation and drafting of term sheets/LOIs, leading and coordinating due diligence (legal and business), working with bankers, counsel and management to execute/close transactions.
- Commercial and licensing transactions, including sales, corporate partnerships, real estate leases, vendor/supplier arrangements and international distribution agreements.
- Oversight of IP matters, working with IP counsel to manage patent, trademark and brand enforcement matters, particularly across Amazon and other e-commerce platforms for TRX.
- Employment and compensation matters, including drafting and negotiation of employment, consulting, and severance arrangements, and management of equity incentive plans.

- Risk management/insurance, including working with brokers to ensure appropriate coverages.
- Partner with outside counsel for litigation and transactions requiring outside expertise or necessary resources.

5.    Since the filing of the bankruptcy cases, my role and duties have greatly expanded. In addition to all of the former duties and services provided to the Debtors, leading up to the bankruptcy filings and after the Petition Date, I have aided the Debtors with numerous additional corporate legal issues that have arisen as a result of the bankruptcy filings, including attending bankruptcy hearings, reviewing motions, applications and declarations prepared by bankruptcy counsel on behalf of the Debtors, serving as a declarant in connection with the Debtors' emergency motion to pay certain pre-petition wage claims, negotiating NDAs concerning the expedited sale process, supporting due diligence activities on behalf of the Debtors in connection with the sale process, drafting and reviewing constituent communications, consulting with management on a variety of issues, including but not limited to, key suppliers, employment issues, impact to foreign subsidiaries, and communications and public relations issues regarding the bankruptcy filings, and assisting the Debtors and their professionals in connection with preparing and submitting administrative compliance documents to the United States Trustee, and preparing other statements, disclosures, schedules and documents in connection with the Debtors' bankruptcy cases (the "Post-Bankruptcy Services"). I am a primary contact at the Debtors for all communications between the Debtors' management and the Debtors' various professionals.

6.    I provide legal services and business counsel on a wide range of general corporate matters, including commercial transactions and licensing, mergers & acquisitions, equity and debt financings and other general corporate and governance matters. With over 25 years of management, in-house and private practice experience, I have extensive corporate legal know-how, and has worn various professional hats as an operational executive in multiple global companies. I understand business demands and partnering with management to create shareholder value, and he delivers high quality, efficient, and practical counsel. I have worked with privately held (VC and PE) and publicly listed companies in multiple industries, including

consumer products, retail, services, software, technology and healthcare. Collectively attached hereto as **Exhibit 1** my professional biography and resume, which are incorporated herein by reference.

7.    Prior to the Petition Date, LOMAZ was paid a flat fee of $25,000 per month for its services, plus the reimbursement of its business expenses. Since I could potentially be considered an insider of the Debtors (I am the Secretary of the Debtors), on the Petition Date, Hold Co submitted an insider compensation form for LOMAZ seeking approval to pay LOMAZ its pre-bankruptcy compensation of $25,000 per month plus reimbursement of expenses (the "Insider Comp Form"). After substantial discussions and review of the increased role that LOMAZ has taken on since the Petition Date, I understand that the Debtors have determined that it is also appropriate to employ LOMAZ as special corporate counsel pursuant to Section 327(e) of the Bankruptcy Code with compensation pursuant to Section 330 of the Bankruptcy Code at the expense of the Debtors' bankruptcy estates, and to have the Debtors' employment of LOMAZ be deemed effective on the date of the Debtors' bankruptcy filings (June 8, 2022).

8.    As special corporate counsel for the Debtors, LOMAZ will be responsible for handling all of the Debtors' general and corporate legal matters, including but not limited to the Pre-Bankruptcy Services and the Post-Bankruptcy Services.

9.    LOMAZ will bill all of its time for work performed for the Debtors at the reasonable rate of $500 per hour. I expect that LOMAZ's monthly fees will exceed the $25,000 amount set forth in the Insider Comp Form.  LOMAZ will continue to be paid the $25,000 per month as set forth in the Insider Comp Form, but LOMAZ's compensation will not be limited to a flat fee of $25,000 per month. Rather, LOMAZ will keep time records for all of the work it performs for the Debtors and will seek Bankruptcy Court approval of all of the fees it incurs based on an hourly rate of $500, including any fees it incurs in excess of $25,000 per month. LOMAZ will not be paid more than the $25,000 per month compensation set forth in the Insider Comp Form until it files and obtains approval of fee applications, subject to any orders governing the Debtors' use of cash collateral. LOMAZ will file a fee application with the bankruptcy court seeking bankruptcy court approval of all of its fees and payment of any fees

incurred above the $25,000 per month already paid to LOMAZ.

10.     As indicated in the Application, the Debtors expect to consummate a sale of their assets in an expedited sale process.  I do not expect that any conflict will arise resulting from LOMAZ's representation of both Debtors, and I believe that hiring separate corporate counsel for each of the Debtors would be extremely burdensome, expensive, inefficient, impractical and unnecessary.  In the event that any conflict issue(s) arise between the Debtors, LOMAZ will notify the Court and address such conflict that would be appropriate under the circumstances, including having one or both Debtors hiring special counsel to address the issue or conflict.

11.     Because the majority of the assets are owned by Product Co and all or essentially all of the business operations of the Debtors are conducted by Product Co, LOMAZ proposes to bill all of its time to the Product Co bankruptcy case unless the matter deals only with the Hold Co bankruptcy case in which case LOMAZ will bill its time to the Hold Co bankruptcy case.

12.     I believe and assert that LOMAZ does not represent or hold any interest adverse to the Debtors or to their estates with respect to the proposed representation.

13.     LOMAZ was not paid any pre-bankruptcy retainer in contemplation of LOMAZ's post-petition services to be provided to the Debtors as set forth in this Application.

14.     LOMAZ has not shared or agreed to share its compensation for representing the Debtors with any other person or entity, except among its members.

15.     LOMAZ will provide monthly billing statements to the Debtors that will set forth the amount of post-petition fees incurred and expenses advanced by LOMAZ during the previous month.

16.     I understand the provisions of 11 U.S.C. §§ 327 and 330 which require, among other things, Court approval of the Debtors' employment of LOMAZ as special corporate counsel and of all legal fees and reimbursement of expenses that LOMAZ will receive from the Debtors and the Debtors' estates.

17.     LOMAZ is not a pre-petition creditor of the Debtors.

18.     LOMAZ is not an equity security holder of the Debtors.

19.     LOMAZ is not and was not an investment banker for any outstanding security of

the Debtors.  LOMAZ has not been within three years before the Petition Date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

20.    To the best of my knowledge, except as set forth herein, neither LOMAZ nor any member of LOMAZ is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

21.    To the best of my knowledge, LOMAZ does not hold or represent any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or an investment banker for any security of the Debtors, or for any other reason.

22.    LOMAZ does not hold or represent any interest materially adverse to the Debtors or the Debtors' estates with respect to the matters for which LOMAZ is to be employed.  While I am the Secretary of the Debtors, I do not believe that this creates a materially adverse interest or a conflict which would bar the Debtors' employment of LOMAZ as special corporate counsel in these cases.

23.    To the best of my knowledge, other than as set forth herein, LOMAZ has no prior connection with the Debtors, any creditors of the Debtors or their estates, or any other party in interest in these cases, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 17th day of June, 2022, at Palos Verdes Estates, California.

_____

MICHAEL A. ZUERCHER, Declarant

**<u>EXHIBIT "1"</u>**

**[PROFESSIONAL BIOGRAPHY AND RESUME]**



## MIKE ZUERCHER

Mike Zuercher provides legal services and business counsel on a wide range of general corporate matters, including commercial transactions and licensing, mergers & acquisitions, equity and debt financings and other general corporate and governance matters. With over 25 years of management, in-house and private practice experience, Mike has extensive corporate legal know-how, and has worn various professional hats as an operational executive in multiple global companies. Mike understands business demands and partnering with management to create shareholder value, and he delivers high quality, efficient, and practical counsel.

Mike has worked with privately held (VC and PE) and publicly listed companies in multiple industries, including services, software, technology and healthcare. After leading the legal efforts for Stamps.com's (Nasdaq: STMP) June 1999 IPO, Mike joined the company as its Senior Director, Legal Affairs and Corporate Secretary. He subsequently was SVP, Corporate Affairs, General Counsel and Secretary at First Consulting Group, Inc. (Nasdaq: FCGI) for 7 years and then Chief Legal Officer, Global Head, Talent Management, US Country Head and Corporate Secretary of Integreon for almost 10 years. In January 2019, Mike engaged with Equity 38 as its General Counsel and has worked with its three portfolio companies – TRX, OVME and Superfood Holdings – as General Counsel and as an advisor on various business and operational matters since that time.

During his in-house career, Mike has implemented and led corporate governance processes and closed many significant transactions, including over $500,000,000 in equity and debt financings, several acquisitions, which include the sale of FCGI, Integreon, Superfood Holdings and OVME, and numerous commercial, licensing and multi-year outsourcing transactions. In addition, Mike has extensive experience advising on finance, real estate, HR, compensation, marketing and communications matters, and has managed outside counsel and commercial insurance programs. As a member of senior management, he has solved critical business issues and provided operational and strategic leadership, including in roles as head of human resources, investor relations and administrative services. Mike began his legal career in 1996 in the Business & Technology Group of Brobeck, Phleger & Harrison in San Francisco and Orange County, where his practice focused on venture financings, public offerings, M&A, commercial agreements and general corporate representation.

Mike is a 1989 graduate of Stanford University, where he majored in Economics and Political Science and was a member of two NCAA championship baseball teams. He received his law degree from the University of San Francisco, where he served as Editor-in-Chief of the USF Law Review and received the Judge Harold J. Haley Award for exceptional distinction in scholarship, character and activities, the highest honor in his graduating class.

Mike lives in Palos Verdes Estates, CA with his wife Penny and has two sons Ben (23) and John (22). He is an active member of his community, acting as a board member for multiple organizations over the years, as a volunteer for charitable causes and as a coach of youth sports teams. He tries to train/exercise regularly using his TRX and attend as many high school, college and pro sports games as his schedule permits.

# MICHAEL A. ZUERCHER

4105 Via Largavista                mikezuercher@yahoo.com                (Home) 310.373.5771
Palos Verdes Estates, CA 90274                                          (Cell) 424.247.3990

Accomplished **Executive and General Counsel** with over 25 years of leadership experience in publicly listed and private companies and in various US and international commercial settings. Integral member of senior management with demonstrated ability to execute on company, board and investor value objectives. Solid hands-on experience in all parts of a business where efficient, practical counsel and forward-looking solutions needed. Energetic, positive team builder, leader and mentor that can help drive a winning culture within the organization.

**Management & Operations ● M&A ● Public & Private Financings ● Governance & SEC Compliance**
**Commercial Deals & Licensing ● Technology & Services ● Negotiations ● Outsourcing (BPO, LPO, ITO)**
**Executive Compensation ● HR Matters ● Investor Relations & Communications**

## PROFESSIONAL EXPERIENCE

**Equity38, LLC, Newport Beach, CA**                                    **2019 to Present**
Equity38 is a boutique private investment firm which makes both control equity and growth equity investments in U.S. based consumer-facing health, wellness, active lifestyle and outdoor companies.

### *General Counsel and Executive Management*
Engaged to serve in legal and operating role for Equity38's three primary portfolio investments: **TRX** (General Counsel and Human Resources), **OVME** (General Counsel), and **Superfood Holdings** (General Counsel). Broad executive management, corporate, commercial and legal duties include:

- Board/investor governance and communications, including corporate secretarial and investor relations.

- Equity and debt financing matters and M&A, including negotiation and drafting of term sheets/LOIs, leading and coordinating due diligence (legal and business), working with bankers, counsel and management to execute/close transactions.

- Commercial and licensing transactions, including sales, corporate partnerships, real estate leases, vendor/supplier arrangements and international distribution agreements.

- Oversight of IP matters, working with outside counsel to manage patent, trademark and brand enforcement matters, particularly across Amazon and other e-commerce platforms for TRX.

- Employment and compensation matters, including drafting and negotiation of employment, consulting, and severance arrangements, and management of equity incentive plans.

- Risk management/insurance, including working with brokers to ensure appropriate coverages.

- Partner with outside counsel for litigation and transactions requiring outside expertise or necessary resources.

- Key role in the sale processes for Superfood Holdings (Asset Sale in July 2021 to Earthbar) and OVME (Sale of Controlling interest in November 2021 to VMG Partners).

**Surf Air Global Limited, Santa Monica, CA**                          **2017 to 2018**
Innovative all-you-can-fly membership enabling scheduled travel on Surf Air branded PC-12 Pilatus aircraft operated by FAA-certified carriers from convenient private airports/FBOs.

### *General Counsel/Consultant*
Worked extensively with company founders, senior management, board and investors. Managed and executed entire range of corporate, legal and commercial matters, including:

- Financings & M&A

- Board/investor governance and communications, including corporate secretarial and investor relations.

- Commercial and licensing transactions, including sales, corporate partnerships, real estate leases, vendor arrangements and aircraft subleasing (in conjunction with the Company's aircraft lessor/financing partner).

- Employment and compensation matters, including drafting and negotiation of employment, consulting, severance and advisory services arrangements and management of equity incentive plans.

- Risk management/insurance, including working with brokers to ensure appropriate coverages.

- Oversight of IP, regulatory (DOT/FAA) and litigation matters in coordination with outside counsel.

**Michael Zuercher**                                                                                                   **Page 2**

**Integreon, Inc., Los Angeles, CA**                                                                          **2009 to 2018**
Global provider of outsourced legal, research, document and business services and solutions to corporations, professional services and financial services. Operations and clients in US, UK, Asia and South Africa. Formerly owned by publicly listed Philippines conglomerate, Ayala Corporation and Actis, a UK/India based private equity firm. Acquired by NewQuest Capital, a leading Asia secondaries PE firm, in September 2016. Served as part-time GC post-acquisition on a consulting basis until end of 2018.

***Chief Legal Officer, Global Head, Talent Management and US Country Head – 2009 to 2016***
- Broad-based leadership, strategy, management and operations role in multiple areas, adding significant responsibility for overall company operations during tenure:
  - **GC/CLO and Corporate Secretary** – Highly trusted business partner and advisor to CEO, Management & Board of Directors.
  - **US Country Head** – Responsible for five US locations providing support and facilities for approximately 750 US based employees and contractors.
  - **Global Head, Talent Management/HR** – Direct reports based in US, UK, India and Philippines/Asia who managed all HR staff and processes for company.
- Key participant and negotiator in sale process to NewQuest Capital. Transaction involved working with multiple financial advisors and potential suitors for the company's business over a 12-month period.
- Advised and executed on all matters impacting the Company's global customers & operations, including internal and external communications, business development/sales, HR, procurement, IP, marketing, M&A, real estate and finance & accounting.
- Regularly structured and negotiated a high volume of commercial transactions with significant involvement in various business development, sales and lead generation activities with the company's legal clients. Also closed many outsourcing transactions involving deployment of onshore/off-shore operations and negotiation of SLAs.
- Closed several significant corporate transactions, including sale of company, $100M+ of equity financings, a $30M recapitalization and debt restructure, and multiple acquisition, bank financing and real estate lease transactions in excess of $100M.
- Oversaw and performed global corporate governance and secretarial duties with regular Board & investor interactions, including quarterly board and committee meetings. Management of outside counsel and responsible for insurance & risk assurance programs.
- Introduced and implemented new policies and procedures as the Company's first GC, including sales/contracts forms, contracts management, proposal/knowledgebase for sales/marketing and global compliance/ethics policies and reporting.
- Provided key leadership during management transition/CEO change in 2011 and subsequent financial turnaround to achieve positive EBITDA after years of large losses.  Accomplishments include rework of underperforming client engagements, settlement of disputes, driving unrealized synergies from prior acquisitions, and redefining firm culture, expectations and performance goals to maximize results.

**First Consulting Group, Inc., Long Beach, CA**                                                          **2001 to 2008**
Provider of IT services and products to the healthcare industry in outsourcing, consulting and software (NASDAQ: FCGI) with operations in US, India and Vietnam; acquired in January 2008 by CSC.

***Senior Vice President, Corporate Affairs, General Counsel and Secretary***
- Member of Executive Management Committee, reporting to the CEO and providing counsel to management and Board of Directors. Management responsibility for legal, investor relations, marketing, M&A, stock plan administration, insurance programs, outside counsel and field administrative support group.
- Regularly structured and negotiated various commercial transactions (including multiple $100M+ multi-year, complex IT outsourcing deals) and advised on matters affecting HR and compensation.
- Key leader in FCGI's sale process to Computer Sciences Corporation (CSC) for $365M, a 30%+ premium. Acted as a primary contact point for investment bankers and led management of outside counsel, due diligence, internal and external communications and post-signing transition planning activities. The process involved a full, confidential marketing of FCGI, and included simultaneous discussions and negotiations with

**Michael Zuercher**                                                                                          **Page 3**

multiple corporate and financial/PE bidders.

- Key player in FCGI's restructuring and transition efforts during two-year period prior to sale, including counsel to the Board through a CEO change and other management changes and working with new CEO and CFO on plan to re-position the company, including execution of acquisitions and divestitures.

- Business and legal counsel for both buy and sell side M&A transactions, including frequent evaluation of potential buy and sell transactions, due diligence, negotiation and planning.

- Key contributor and drafter of financial and non-financial press releases, quarterly conference call scripts and potential Q&A for investor conference calls, in close partnership with CEO and CFO.

- Responsible for SEC reporting/compliance and implementation of Sarbanes-Oxley internal controls in conjunction with finance and accounting team, outside counsel and external auditors.

**Stamps.com Inc., Santa Monica, CA**                                                                        **1999 to 2001**
Provider of Internet-based postage services (NASDAQ: STMP).

***Senior Director, Legal Affairs and Corporate Secretary***
- First in-house corporate counsel for the Company, advising on board/governance, M&A, SEC reporting and securities law matters.

- Managed all legal aspects of private financings, IPO and follow-on offerings ($400M raised in 1999).

- Key participant in due diligence and funding activities which raised $36M from Vulcan Ventures, Disney, American Express, Sabre, Galileo, Tickets.com, Sun America and Mails Boxes Etc. for tickets venture.

- Provided counsel on various commercial matters as well as IP, marketing, communications and HR.

**Brobeck, Phleger & Harrison LLP, San Francisco and Irvine, CA**                                            **1996 to 1999**

***Associate, Business & Technology Group***
Counsel to private and publicly-traded corporations, private equity/VC firms and investment banks/underwriters with an emphasis on public and private equity offerings, M&A, SEC reporting and governance.

**GM Hughes Electronics Corporation, Los Angeles, CA**                                                       **1989 to 1993**

***Contracts Negotiator***
Government contract administration and negotiation, and proposal management for Radar Systems Group and GM Electrical Vehicle Program activities.

<div style="background-color:gray; text-align:center;">**EDUCATION**</div>

**Stanford University, Stanford, CA – B.A. 1989**
- Majored in both Economics and Political Science.
- Varsity Baseball, 1985-1989 (National Champions 1987 and 1988).

**University of San Francisco School of Law, San Francisco, CA – J.D. 1996**
- Editor-in-Chief, U.S.F. Law Review.
- Recipient of Highest Honor in Graduating Class – Judge Harold J. Haley Award (Exceptional Distinction in Scholarship, Character and Activities). Graduated top 10% of class.

**UCLA Anderson School of Management, Los Angeles, CA – Director Certification 2008**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF CHAPTER 11 DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY THE LAW OFFICE OF MICHAEL A. ZUERCHER, INC. AS SPECIAL CORPORATE COUNSEL PURSUANT TO 11 U.S.C. § 327(e); DECLARATION OF MICHAEL A. ZUERCHER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **June 17, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ron Bender     rb@lnbyb.com
- Shawn M Christianson     cmcintire@buchalter.com, schristianson@buchalter.com
- Michael I. Gottfried     mgottfried@elkinskalt.com, cavila@elkinskalt.com
- Jonathan Gottlieb     jdg@lnbyg.com
- Michael J Hauser     michael.hauser@usdoj.gov
- Marsha A Houston     mhouston@reedsmith.com, hvalencia@reedsmith.com
- Krikor J Meshefejian     kjm@lnbyg.com
- Ali M Mojdehi     amojdehi@btlaw.com, jgertz@btlaw.com;arego@btlaw.com;amattingly@btlaw.com
- Christopher O Rivas     crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- Lindsey L Smith     lls@lnbyg.com, lls@ecf.inforuptcy.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

**2.    SERVED BY UNITED STATES MAIL**: On (date) **June 17, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **June 17, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None**.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 17, 2022 | Damon Woo | /s/ Damon Woo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.