RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: RB@LNBYG.COM; KJM@LNBYG.COM; LLS@LNBYG.COM

Proposed Attorneys for Chapter 11 Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>TRX HOLDCO, LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>FITNESS ANYWHERE LLC, a Delaware limited liability company, dba TRX and TRX Training,<br><br>    Debtor and Debtor in Possession.<br>_____<br><br>☒ Affects both Debtors<br><br>☐ Affects TRX Holdco, LLC only<br><br>☐ Affects Fitness Anywhere, LLC only | Lead Case No.: 8:22-bk-10948-SC<br><br>Jointly administered with:<br>8:22-bk-10949-SC<br><br>Chapter 11 Cases<br><br>**NOTICE OF BIDDING PROCEDURES**<br><br>**Auction Date: August 3, 2022**<br><br>**Initial Bid Deadline: July 27, 2022** |

1

1     Attached are the Court approved Bidding Procedures (without exhibits) for TRX Holdco, LLC and Fitness Anywhere LLC, dba TRX and TRX Training, the debtors and debtors-in-possession in the above-captioned Chapter 11 bankruptcy cases.

Dated: June 30, 2022

    TRX HOLDCO, LLC
    FITNESS ANYWHERE LLC

By:   */s/ Ron Bender*
    RON BENDER
    KRIKOR J. MESHEFEJIAN
    LINDSEY L. SMITH
    LEVENE, NEALE, BENDER,
    YOO & GOLUBCHIK L.L.P.
    Proposed Attorneys for Chapter 11 Debtors
    and Debtors in Possession

# BIDDING PROCEDURES - TRX HOLDCO, LLC AND FITNESS ANYWHERE LLC, dba TRX and TRX TRAINING

These bidding procedures (the "Bidding Procedures") relate to the proposed free and clear sale by TRX Holdco, LLC and Fitness Anywhere LLC, dba TRX and TRX Training (collectively, the "Debtors") of substantially all of their assets (excluding cash and bankruptcy avoidance actions). A schedule of the assets being sold is attached hereto as Exhibit "1" (the "Assets").

At a hearing held on June 30, 2022 before the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Bankruptcy Court") under Lead Case No.: 8:22-bk-10948-SC being jointly administered with Case No.: 8:22-bk-10949-SC, the Bankruptcy Court approved these Bidding Procedures, which are intended to ensure that the highest and best possible price is paid for the Assets by a purchaser who has the financial ability to close on the sale of the Assets (the "Sale"). A copy of the Bankruptcy Court order approving these Bidding Procedures is attached hereto as Exhibit "2".

These Bidding Procedures assume that there will be an open auction for the sale of the Assets with no stalking horse bidder.[1]

**Free and Clear Sale of the Assets**.

An auction (the "Auction") will take place on August 3, 2022, at the law offices of Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG"), which is serving as bankruptcy counsel to the Debtors, at which the sale of the Assets will occur. All Qualified Bidders and their representatives will be authorized to appear at the Auction in person or by video zoom. The zoom

---

[1] The Debtors reserve the right to seek a further order of the Bankruptcy Court to alter these Bidding Procedures, including to provide for a stalking horse bidder, if the Debtors determine that doing so is in the best interests of their bankruptcy estates.

-1-

information for the Auction will be provided in advance to all Qualified Bidders who wish to participate in the Auction by zoom.

The sale of the Assets will be free and clear of all liens, claims and interests pursuant to Section 363(b) and (f) of the Bankruptcy Code, with any liens that exist against the Assets to attach to the proceeds of the sale with the same validity and priority as such liens have in and to the Assets. Without limiting the generality of the foregoing, the sale of the Assets will be free and clear of the only known lien held against the Assets which is in favor of Woodforest National Bank (the "Bank"). The Bank is deemed to be a Qualified Bidder and shall be deemed to have satisfied all of the requirements to participate in the Auction and to credit bid its secured debt if it desires to do so.

### Bidding Process

The Debtors have retained Kroll Securities, LLC ("Kroll") to serve as the Debtors' financial advisor and investment banker. Kroll and LNBYG, in consultation with the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee") and its advisors and the Bank, will jointly conduct the Auction.

### Key Dates for Interested Bidders

These Bidding Procedures provide interested parties with a detailed explanation of what they need to do to participate in the Auction.

The key dates for the Auction and related free and clear asset sale process are as follows[2]:

| July 27, 2022 at 5 p.m. (prevailing Pacific time) | Initial Bid Deadline – Due Date for initial bids to be submitted by all parties who wish |
|---|---|

---

[2] The Committee reserves the right to seek to extend any of the foregoing deadlines for cause shown, including, *inter alia,* in the event the Bidders are unable to complete diligence on a timely basis or there is insufficient time between the Initial Bid Deadline and the Auction to enable the Debtors, Kroll and the Committee to identify the Qualified Bids. Any dispute between the Committee and the Debtors that cannot be resolved consensually will be resolved by the Bankruptcy Court.

-2-

| | | to participate in the Auction. In order to participate in the Auction, all prospective bidders must do all of the following:<br>1. Submit a redlined version of the template asset purchase agreement (the "Template APA") indicating all changes that are requested to be made to the Template APA, with the Template APA to include their proposed initial bid;<br>2. Submit all documents to enable Kroll to determine whether the proposed bidder is financially qualified to participate in the Auction; and<br>3. Submit a deposit equal to 10% of the proposed initial bid, which 10% deposit would be deemed non-refundable if the bidder is deemed to be the winning bidder at the Auction and then the Debtors' proposed free and clear sale of the Assets to the bidder is approved by the Bankruptcy Court. Bidders will have the right to withdraw their bid at any time up until Noon (prevailing Pacific time) on August 2, 2022, in which case they will receive a return of their 10% deposit and no longer be eligible to participate in the Auction. |
|---|---|---|
| | August 3, 2022 at 10 a.m. (prevailing Pacific time) | Auction to be held at the offices of Levene, Neale, Bender, Yoo & Golubchik L.L.P., which are located at 2818 La Cienega Avenue, Los Angeles, CA, or via zoom with all Qualified Bidders, the Committee, the Bank and their respective advisors to be provided with particulars in advance of the Auction. |
| | August 4, 2022 at 11:00 a.m. | Sale Hearing to be conducted before the Bankruptcy Court for the Bankruptcy Court to approve the Debtors' sale of the Assets to the winning bidder at the Auction (the "Sale Hearing") |
| | August 12, 2022 | Outside date by when the winning bidder at the Auction is required to close its purchase |

-3-

| | |
|---|---|
| | of the Assets unless the winning bidder and the Debtors jointly agree to extend the outside closing date |

### Due Diligence Access / Auction Participation Requirements

In order to participate in the Auction process as a bidder, a person or entity interested in purchasing the Assets (a "Potential Bidder") must deliver or have previously delivered to Kroll with a copy to the Committee and the Bank and their respective advisors, all of the following documents (the "Participation Requirements"):[3] (1) an executed non-disclosure agreement with the form to be obtained from Kroll; (2) a statement demonstrating a bona fide interest in purchasing the Assets; and (3) one of the following: (i) written evidence of readily available funds equal to the Potential Bidder's initial bid and any increase the Potential Bidder desires to have authority to bid to, with Kroll, the Bank and the Committee to keep all such information completely confidential, (ii) a firm commitment for financing sufficient for the Potential Bidder to timely consummate its purchase of the Assets, or (iii) other sufficient information, which may include current audited financial statements and the latest unaudited financial statements of the Potential Bidder and/or its equity holders, or such other form of financial disclosure and credit-quality support or enhancement that will allow Kroll, the Debtors, the Bank and the Committee to make a reasonable determination as to the Potential Bidder's financial and other capabilities to timely consummate its purchase of the Assets. Any Potential Bidder who has satisfied the foregoing Participation Requirements will be afforded, subject to the other provisions of these Bidding

---

[3] All such information shared with the Committee, and any other confidential information regarding any Potential Bidder or the Auction or the asset sale process, will only be shared initially with counsel to the Committee. Counsel to the Committee will then be authorized to share such information only with Committee members who have formally waived any right to participate as a Bidder at the Auction or as a participant with any other Bidder at the Auction and who has itself signed a Non Disclosure Agreement with Kroll which would require the Committee member to keep all such information confidential.

-4-

Procedures, due diligence access and additional information through access to an online data room, as well as, upon reasonable advance notice, on-site visits and direct communication with management as the Potential Bidder desires and Kroll determines to be appropriate under the circumstances and subject to the availability of such management.

**Due Diligence Limitations**

The Debtors and Kroll, in consultation with the Committee and the Bank, shall not be obligated to furnish any due diligence information to any Potential Bidder after the Bid Deadline. In their discretion, the Debtors and Kroll, in consultation with the Committee and the Bank, may, but shall not be obligated to, furnish additional information after the Bid Deadline to Qualified Bidders. The Debtors and Kroll, in consultation with the Committee and the Bank, reserve the right to withhold any due diligence materials from any Potential Bidder that the Debtors and Kroll, after consultation with the Committee and the Bank, determine are business-sensitive or otherwise not appropriate for disclosure to any Potential Bidder who is a competitor of the Debtors or is affiliated with any competitor of the Debtors.

Neither the Debtors nor Kroll nor any of their representatives or advisors shall be obligated to furnish information of any kind whatsoever to any person or entity who is not determined to have satisfied the Participation Requirements.

All due diligence requests must be directed to Kroll, Attn: Joshua Benn (Joshua.benn@kroll.com); Vijay Sampath (Vijay.sampath@kroll.com); Russell Norowitz (russell.norowitz@kroll.com); and Greg Klein (Greg.Klen@kroll.com). Kroll shall promptly respond to reasonable requests of the Committee and the Bank for material updates on due diligence requests.

**Due Diligence from Potential Bidders**

Each Potential Bidder shall comply with all reasonable requests for additional information by the Debtors, Kroll, or their advisors regarding such Potential Bidder, including, without limitation, the Potential Bidder's financial ability to close the Sale. If the Committee or the Bank desires to obtain any additional information from any Potential Bidder, the Committee or the Bank shall make such request of Kroll, which, in turn, will attempt to obtain such additional information from such Potential Bidder, with any dispute between the Committee or the Bank and Kroll in this regard to be resolved by the Bankruptcy Court. Neither the members of the Committee nor the Bank nor their respective advisors shall have any direct communication with Potential Bidders unless specifically authorized in advance, in writing, by Kroll. The Failure by a Potential Bidder to comply with any such requests may be a basis for the Debtors and Kroll, after consultation with the Committee and the Bank, to determine that such Potential Bidder is not or cannot be a Qualified Bidder.

**Initial Bid Deadline for All Bidders**

The deadline for all bidders to submit their initial bid for the Assets ("Initial Bid") is **July 27, 2022 at 5:00 p.m. (prevailing Pacific time)** (the "Bid Deadline"). An Initial Bid may be transmitted electronically and must be received on or before the Bid Deadline by Kroll, LNBYG, the Bank and the Committee and its advisors (collectively, the "Receiving Parties"). An Initial Bid received after the Bid Deadline shall not be considered unless the Debtors and Kroll, after consultation with the Committee and the Bank, for good cause, consent.

**Bid Requirements**

To be eligible to participate in the Auction, each Initial Bid and each Potential Bidder submitting an Initial Bid (each, a "Bidder") must be determined by the Debtors and Kroll, in

-6-

consultation with the Committee and the Bank, to have satisfied all of the conditions listed below (collectively, the "Bid Requirements"):

1. **Terms**. An Initial Bid must be accompanied by a clean and redlined version of the APA, with the redlined version of the APA to show all of the Potential Bidder's requested changes to the Template APA. The form template APA in Word format ("Template APA") can be obtained by any Potential Bidder from either Kroll or LNBYG, and a copy will be available in the online data room being maintained by Kroll. The APA must include binding, executed transaction documents and be signed by an authorized representative of the Bidder.

2. **No Contingencies**. An Initial Bid must include a statement that there are no conditions precedent to the Bidder's authority to enter into or consummate a definitive agreement, other than entry by the Bankruptcy Court of an order approving the sale of the Assets to the Bidder.

3. **Bid Requirements**. An Initial Bid must set forth a cash purchase price for the Assets. Without limiting the generality of the foregoing, an Initial Bid (i) may not contain representation or warranties, covenants, or termination rights materially more onerous in the aggregate than are set forth in the Template APA, as determined by the Debtors and Kroll, (ii) may not be conditioned upon obtaining financing, any internal, regulatory, or other third party approvals, or on the outcome or review of due diligence, (iii) may not provide for a closing date that will be later than August 12, 2022, unless both the Debtors and the winning bidder jointly agree to extend the Sale closing date at their sole and absolute discretion, and (iv) may not be conditioned upon the Bankruptcy Court order approving the sale becoming a "final order."

4.  ***Irrevocable***.  An Initial Bid must state that unless the Bidder withdraws its Initial Bid by Noon (prevailing Pacific time) on August 2, 2022, the offer made by the Bidder in its Initial Bid is binding and irrevocable until the conclusion of the Sale Hearing and such Initial Bid must continue to remain binding and irrevocable through the Sale Closing if the Initial Bid or any higher bid submitted by the Bidder at the Auction is accepted by the Debtors at the Auction as the Winning Bid (defined below) or the Winning Back-Up Bid (defined below) and approved by the Bankruptcy Court at the Sale Hearing.

5.  ***Identity of Bidder***.  An Initial Bid must fully disclose the identity of each entity or person that will be bidding for or purchasing the Assets, including all material equity holders (i.e., parties that own at least 10% of the equity of the Bidder) in the case of a Bidder that is an entity specially formed for the purpose of effectuating the contemplated transaction, or otherwise participating in connection with such Initial Bid, and the complete terms of any such participation, including any agreements, arrangements or understandings concerning collaborative or joint bid or any other combination concerning the proposed Initial Bid.  An Initial Bid must also fully disclose any connection with or participation by any "insider" of the Debtors or any relative or any affiliate of any "insider" of the Debtors.  An Initial Bid must also fully disclose any connection with or participation by any current creditor or equity holder of the Debtors, including any member of the Committee.

6.  ***Contact Information***.  An Initial Bid must include the names and contact information (including phone numbers and email addresses) of all authorized representatives of the Bidder who will be available to answer questions regarding the Initial Bid, including advisors and related parties.

-8-

7. **Deposit**. An Initial Bid must include a good-faith deposit in immediately available funds equal to ten percent (10%) of the amount of the Initial Bid (the "Deposit"). If a Bidder elects to increase the amount of its Initial Bid at the Auction, the Bidder will not be required to increase the amount of its Deposit. If a bid submitted at the Auction ("Bid"), including any Initial Bid, is determined to be the Winning Bid at the Auction and the Bidder who submitted such Winning Bid fails to timely close the Sale for any reason other than the Bankruptcy Court not approving the Winning Bid at the Sale Hearing, the Deposit shall become non-refundable and be forfeited to the Debtors. The same shall apply to any Winning Back-Up Bid in the event the Winning Bidder fails to timely close the Sale, the Winning Back-Up Bidder is notified in writing that it is now the Winning Bidder, and the Winning Back-Up Bidder fails to close its purchase within ten (10) days of having been notified that it is now the Winning Bidder, unless the Winning Bidder and the Debtors jointly agree to extend the sale closing date. All Deposits of all Qualified Bidders shall be held in a segregated trust account maintained by LNBYG and shall be returned (other than with respect to the Winning Bidder and the Winning Back-Up Bidder) promptly after the conclusion of the Auction. All Bidders shall have the right to withdraw their Initial Bid at any time up until Noon (prevailing Pacific time) on August 2, 2022, in which case the Bidder will receive a return of their Deposit and be prohibited from participating in the Auction.

8. **Financing Sources**. An Initial Bid must contain written evidence of available funds or a firm irrevocable commitment for financing sufficient to consummate the proposed Sale with appropriate contact information for such financing sources, with Kroll to determine whether such evidence of financing satisfies these Bidding Requirements and

enables the Bidder to participate in the Auction, with such determination to be in Kroll's sole and absolute discretion, after consultation with the Committee and the Bank.

9. **Designation of Assigned Contracts and Leases.** Subject to the ability of the Debtors to obtain an order of the Bankruptcy Court approving of the Debtors' assumption and assignment of any executory contract or unexpired lease to the Winning Bidder, an Initial Bid must identify all of the Debtors' executory contracts and unexpired leases with respect to which the Bidder seeks assignment from the Debtors, with the Winning Bidder having the right to amend such list at any time prior to the commencement of the Sale Hearing.

10. **Designation of Assumed Liabilities**. An Initial Bid must identify all liabilities that the Bidder proposes to assume.

11. **Termination Fees.** An Initial Bid must not entitle the Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment or reimbursement, and by submitting the Initial Bid, the Bidder waives the right to pursue a substantial contribution claim under 11 U.S.C. §503 related in any way to the submission of its Initial Bid or its participation in the Auction.

12. **Identities of the Receiving Parties**: All Initial Bids must be delivered by email to each of the following parties (collectively, the "Receiving Parties"):

(a) Kroll, Attn: Joshua Benn (Joshua.benn@kroll.com); Vijay Sampath (Vijay.sampath@kroll.com); Russell Norowitz (russell.norowitz@kroll.com); and Greg Klein (Greg.Klen@kroll.com); LNBYG - Attention: Ron Bender (RB@LNBYG.com) and Krikor J. Meshefejian (KJM@LNBYG.com); and Sheppard Mullin – Attention Ori Katz (OKatz@sheppardmullin.com) and Jennifer Nassiri (JNassiri@sheppardmullin.com); Reed Smith

-10-

– Attention: Christopher O. Rivas (CRivas@ReedSmith.com) and Marsha A. Houston (MHouston@ReedSmith.com).

### Qualified Bidders and Qualified Bids

Potential Bidders who have satisfied the Participation Requirements and Bid Requirements will be deemed "Qualified Bidders," and Initial Bids that meet all of the Bid Requirements described above will be deemed "Qualified Bids," in each case, only if the Debtors, Kroll, the Bank and the Committee conclude in the exercise of their business judgment, that such Initial Bid would be consummated if selected as the Winning Bid; provided, however, that, for avoidance of doubt, if any Qualified Bidder fails to comply with reasonable requests for additional information and due diligence access from the Debtors or Kroll, after consultation with the Committee and the Bank, to their satisfaction, the Debtors and Kroll, after consultation with the Committee and the Bank, shall have right, in their sole and absolute discretion, to disqualify any Qualified Bidder and Qualified Bid, and such Bidder shall not be entitled to attend or otherwise participate in the Auction.

### No Other Use of Credit Bids

Other than the Bank, there are no known liens against the Assets. Accordingly, other than the Bank should it wish to be a Bidder, no other party in interest or creditor may offer any type of credit bidding in connection with any Bid or the Sale.

### Notice of Qualified Bids

By 2:00 p.m. (prevailing Pacific time) on August 2, 2022, Kroll shall identify to all Qualified Bidders: (a) each and every Initial Bid that Kroll considers to be a Qualified Bid and (b) if more than one Qualified Bid has been timely received, the Qualified Bid that will constitute the Opening Bid at the Auction and the bidding order in which the Auction will be conducted.

**Auction**

If no Qualified Bids are received then the Auction will be deemed automatically cancelled unless the Debtors and Kroll, after consultation with the Committee and the Bank, determine otherwise, in their sole and absolute discretion. If only one Qualified Bid is received, there will be no Auction and the Qualified Bidder will be deemed the Winning Bidder. If more than one Qualified Bid is received, the Auction will proceed as scheduled with the Auction to commence at 10:00 a.m. (prevailing Pacific time) on August 3, 2022 at the law offices of Levene, Neale, Bender, Yoo & Brill L.L.P., 2818 La Cienega Avenue, Los Angeles, California [with zoom participation permitted]**.**

*Participation in and Attendance at Auction*

Only Kroll, the Debtors, and Qualified Bidders along with their representatives, counsel, and advisors, and the Committee and its counsel and advisors, may attend the Auction (such Auction to be in person or via Zoom, Webex or similar virtual means, as applicable), and only Qualified Bidders shall be permitted to submit any Bids at the Auction.

**No Collusion; Good Faith Bona Fide Offer**

Each Qualified Bidder participating in the Auction will be required to confirm on the record at the Auction that: (i) it has not engaged in any collusion with respect to the bidding; (ii) its Initial Bid and any higher bid submitted at the Auction is a good-faith *bona fide* offer; (iii) it intends to consummate the proposed transaction if selected as the Winning Bidder; and (iv) it acknowledges that, if chosen, it will serve as the Winning Back-Up Bidder.

**Opening Bid at the Auction**

The Qualified Bid determined by Kroll and the Debtors, after consultation with the Committee and the Bank, to constitute the highest and best Initial Bid will serve as the opening

-12-

bid (the "Opening Bid") at the Auction. Kroll will notify all Qualified Bidders in advance of the Auction which Initial Bid has been accepted as the Opening Bid at the Auction and the order in which the bidding at the Auction will proceed.

**Conducting the Auction**

Kroll and LNBYG, with input from the Committee and the Bank, will direct and preside over the Auction. At the start of the Auction, and after each Qualified Bidder acknowledges on the record that it has not engaged in any collusion with respect to the bidding, that its Initial Bid is a good faith bona fide offer, and that it intends to consummate the proposed transaction if selected as the Winning Bidder or the Winning Back-Up Bidder, Kroll and LNBYG, after consultation with the Committee and the Bank, will identify, confirm and describe the Opening Bid. The bidding will then ensue in the bidding order provided by Kroll to all Qualified Bidders in advance of the Auction. All bidding after the Opening Bid shall continue in bidding increments of at least $100,000 or figures that are wholly divisible by $100,000 unless the Debtors and Kroll, after consultation with the Committee and the Bank, determine otherwise. All bids will be made and received in one room (or otherwise in the presence via Zoom, Webex or similar virtual means of all parties), on an open basis, and all Qualified Bidders will be entitled to be present for all bidding, with the understanding that the identity of each Qualified Bidder will be fully disclosed to all Qualified Bidders before the Auction and the material terms of each Qualified Bid submitted prior to the Auction, and all successive bids made at the Auction, will be fully disclosed to all Qualified Bidders. All Qualified Bidders will be permitted to bid at the Auction based on what Kroll and LNBYG, after consultation with the Committee and the Bank, determine to be an appropriate amount of time to respond to each prior submitted Bid.

-13-

Prior to the Auction, Kroll will randomly assign to each Qualified Bidder a bidder number, except that the Qualified Bidder whose Initial Bid was accepted as the Opening Bid will be assigned bidder number 1. Once the Opening Bid has been described by Kroll and LNBYG, the bidding will then pass to Bidder number 2. Bidder number 2 will have the option of submitting an overbid to the Opening Bid of at least $100,000 or dropping out of the Auction. Once a Bidder drops out of the Auction, the Bidder will no longer be permitted to participate in the Auction. After Bidder number 2 either submits a qualifying overbid or drops out of the Auction, the bidding will then pass to Bidder number 3. This process will continue until only two Qualified Bidders are left, in which case the Qualified Bidder who submits the highest Qualified Bid will be deemed the Winning Bidder at the Auction, and the Qualified Bidder who submits the second highest Qualified Bid will be deemed the Winning Back-Up Bidder at the Auction.

Except as expressly provided in the Bidding Procedures Order or the provisions of these Bidding Procedures, the Debtors and Kroll shall have the right to conduct the Auction in the manner they reasonably determine, after consultation with the Committee and the Bank, in the exercise of their business judgment, to be in the best interests of the Debtors' bankruptcy estates. The Debtors and Kroll shall also have the right to deviate from these Bidding Procedures without the need for any further order of the Bankruptcy Court if they reasonably determine, after consultation with the Committee and the Bank, in the exercise of their business judgment, that doing so would be in the best interests of the Debtors' bankruptcy estates and is not inconsistent with any of the provisions of the Bankruptcy Code or any previously entered order of the Bankruptcy Court including the Bidding Procedures Order.

Kroll and LNBYG, in consultation with the Debtors, the Committee and the Bank, may (1) determine which Qualified Bid, if any, is the highest, best and otherwise financially superior offer

and (2) reject at any time any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or these Bidding Procedures, or (iii) contrary to the best interests of the Debtors or their bankruptcy estates; provided that, the highest, best, and otherwise financially superior offer shall be the Qualified Bid at the Auction reasonably expected to result in the highest amount of money being paid to the Debtors for their purchase of the Assets.

**Selection of the Winning Bid and Winning Back-Up Bid**

The Auction shall continue until there is one Qualified Bid that Kroll and LNBYG, in consultation with the Debtors, the Committee and the Bank, determine, subject to Bankruptcy Court approval at the Sale Hearing, to be the highest and best bid (the "Winning Bid"), and another Qualified Bid to be the second highest and best bid (the "Winning Back-Up Bid"), at which point the Auction will be deemed concluded. The Debtors will not consider any Bids submitted after the conclusion of the Auction.

Subject to the Bankruptcy Court approving the Winning Bid at the Sale Hearing and entering an order approving of the Debtors' free and clear sale of the Assets to the Winning Bidder in accordance with the APA submitted by the Winning Bidder (the "Sale Order"), the Winning Bidder shall be required to close the Sale by August 12, 2022 (unless the Debtors and the Winning Bidder jointly agree to an extension of this outside Sale closing date which will be in their sole and absolute discretion), or the Winning Bidder will be deemed to have forfeited its Deposit to the Debtors. Promptly following the closing of the Sale to the Winning Bidder, LNBYG shall return the Deposit of the Winning Back-Up Bidder to the Winning Back-Up Bidder.

If the Winning Bidder fails to close the Sale by August 12, 2022, unless the Debtors and the Winning Bidder mutually agree in their sole and absolute discretion to extend the closing date, Kroll shall so notify the Winning Back-Up Bidder. The Winning Back-Up Bidder will then have

ten (10) days following the date of having been notified by Kroll to close the Sale. If the Winning Back-Up Bidder fails to close the Sale within this time period, unless the Debtors and the Winning Back-Up Bidder mutually agree in their sole and absolute discretion to extend the closing date, the Winning Back-Up Bidder will be deemed to have forfeited its Deposit to the Debtors.

**Return of Deposits Following the Completion of the Auction**

Promptly following the completion of the Auction, LNBYG will return the Deposits of all Bidders except for the Deposits of the Winning Bidder and the Winning Back-Up Bidder.

**Sale Hearing**

The hearing for the Bankruptcy Court to approve the outcome of the Auction and the Debtors' sale of the Assets to the Winning Bidder and to the Winning Back-Up Bidder if the Winning Bidder fails to close timely (the "Sale Hearing") shall be held on August 4, 2022, at 11:00 a.m., or at such other date and time set by the Bankruptcy Court.

**Conduct of Sale Hearing**

Because of the COVID-19 pandemic, the Bankruptcy Court will conduct the Sale Hearing using ZoomGov audio and video technology. Participants and members of the public may participate in and/or observe the Sale Hearing using ZoomGov, free of charge. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet). The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password. Individuals may also connect to the Sale Hearing by telephone only. Individuals connecting to the Sale Hearing by telephone will also be prompted for the

Meeting ID and Password. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the Sale Hearing, and no pre-registration is required. The Zoom information will be provided to parties in interest prior to the Sale Hearing. More information on appearing before the Bankruptcy Court by ZoomGov is available in the "Notice of Video and Telephonic Appearance Procedures for Judge Clarkson Cases" on the Bankruptcy Court's website at _____ under the "Telephonic Instructions" section.

**Audio Recording**

The audio portion of the Sale Hearing will be recorded electronically by the Bankruptcy Court and constitute its official record. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF BIDDING PROCEDURES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 30, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender    rb@lnbyb.com**
- **Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com**
- **Michael I. Gottfried    mgottfried@elkinskalt.com, cavila@elkinskalt.com**
- **Jonathan Gottlieb    jdg@lnbyg.com**
- **Michael J Hauser    michael.hauser@usdoj.gov**
- **Marsha A Houston    mhouston@reedsmith.com, hvalencia@reedsmith.com**
- **Krikor J Meshefejian    kjm@lnbyg.com**
- **Ali M Mojdehi    amojdehi@btlaw.com, jgertz@btlaw.com;arego@btlaw.com;amattingly@btlaw.com**
- **Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com**
- **Lindsey L Smith    lls@lnbyg.com, lls@ecf.inforuptcy.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

**2**. **SERVED BY UNITED STATES MAIL**: On (*date*) **June 30, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 30, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 30, 2022 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**